UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE

HEARTS ON FIRE COMPANY, LLC,

Plaintiff,

v.

EIGHTSTAR DIAMOND COMPANY,

Defendant.

CIVIL ACTION NO.

Jury Trial Demanded

RECEIPT #
AMOUNT $
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

## COMPLAINT

Plaintiff Hearts On Fire Company, LLC ("HOF"), by its undersigned attorneys, sets forth

its Complaint against Defendant EightStar Diamond Company ("EightStar") as follows:

### INTRODUCTION

1.    This Complaint is brought to redress the willful and systematic violation of

HOF's trademark rights by a direct competitor, EightStar.  With full knowledge of HOF's rights

in the trademark slogans The World's Most Perfectly Cut Diamond™ and The Most Perfectly

Cut Diamond in the World™, EightStar has repeatedly used and/or encouraged retailers to use

on EightStar's behalf identical or highly confusingly similar designations.  EightStar's actions

are intended and calculated to exploit the good will that HOF has built into these trademarks

through years of extensive use and promotion.

### PARTIES

2.    HOF is a Massachusetts Limited Liability Company with a principal place of

business at 99 Summer Street, Boston, Massachusetts 02210.  HOF distributes gemstones

(namely, cut diamonds) and jewelry to authorized retailers and provides services relating to the

sale of jewelry to retailers and the public.

3.    Upon information and belief, EightStar is a California corporation with a principal place of business at 525 East Cotati Ave, Suite 115, Cotati, California 94931. EightStar is in the business of distributing cut diamonds and jewelry to authorized retailers.

## JURISDICTION AND VENUE

4.    Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively. In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because EightStar "resides" in this judicial district within the meaning of 28 U.S.C. § 1391(c) insofar as EightStar is subject to personal jurisdiction in this district. Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of the property that is the subject of this action is situated, within this district.

6.    This court has personal jurisdiction over EightStar pursuant to Mass. Gen. Laws ch. 223A, §§ 3(a), (b), (c), and (d) because this action arises: (a) from EightStar's transaction of business in Massachusetts; (b) from EightStar's conduct with respect to contracting to supply things in Massachusetts, among other places; (c) from EightStar causing tortious injury in Massachusetts by acts or omissions within Massachusetts; and/or (d) from EightStar causing tortious injury in Massachusetts by acts or omissions outside of Massachusetts while regularly doing or soliciting business, or engaging in a persistent course of conduct, or deriving substantial

2

revenue from goods used or consumed in Massachusetts.

       7.      The particular conduct triggering such jurisdiction includes, among other things:

              (a) EightStar's operation of a highly interactive web site through which it solicits and conducts business.

              (b)  The operation on EightStar's behalf, by EightStar retailers, of interactive web sites that are linked to, and designed with the purpose of encouraging consumers interested in diamonds to link to, EightStar's web site to promote the sale of EightStar diamonds.

              (c) EightStar's intentional use of HOF's trademarks on the Internet, among other media, to promote the sale of competing goods through each of their web sites.

       8.      By intentionally using HOF's trademark, EightStar's conduct is intended to cause harm to HOF, a company which is located in the Commonwealth of Massachusetts.

       9.      Through such conduct, EightStar has purposefully availed itself of the privileges of conducting business in the Commonwealth of Massachusetts, and, when engaging in such conduct, it was reasonably foreseeable that EightStar would be subjected to this Court's jurisdiction.

## FACTUAL BACKGROUND

      10.      HOF was originally founded in 1978 as Di-Star, Ltd.  HOF adopted its present name in 1996, when it commenced using the Hearts On Fire® mark in connection with the sale and advertising of diamonds and jewelry.

      11.      HOF is a leader in the distribution of branded diamonds—i.e., diamonds that are identified by source-designating trademarks, which are extensively promoted.

3

12.    HOF's diamonds are all cut to display a "hearts and arrows" pattern—that is, a pattern of eight symmetrical hearts, when viewed from the bottom under magnification, and a pattern of eight symmetrical arrows pointing to the outer edge of the diamond, when viewed from the top under magnification.  HOF's diamonds are known for their consistent high quality cut, as well as for their color and clarity.

13.    HOF sells to authorized retailers at numerous retail locations throughout the United States.

14.    HOF also promotes its diamonds and jewelry through a web site located at www.heartsonfire.com.

15.    In addition to the Hearts On Fire® house mark, HOF has a number of additional trademarks and service marks used to brand its goods and services.

16.    Since as early as January 1, 1997, HOF has used the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ in connection with the distribution and sale of jewelry and diamonds.  HOF has made substantially continuous and exclusive use of these two marks since January 1, 1997.  These two marks are distinctive of HOF as the source of its goods and services.

17.    HOF has filed applications with the United States Patent and Trademark Office ("USPTO") to register the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ in connection with the following goods and services:

4

| Application No. | Mark | Goods/Services |
|---|---|---|
| 78/078,325 | The World's Most Perfectly Cut Diamond™ | Gemstones, namely cut diamonds |
| 78/078,237 | The World's Most Perfectly Cut Diamond™ | Wholesale distributorship services in the field of diamonds; wholesale stores featuring diamonds |
| 78/078,312 | The World's Most Perfectly Cut Diamond™ | Retail store services in the field of diamonds; online retail store services in the field of diamonds |
| 78/078,314 | The Most Perfectly Cut Diamond in the World™ | Gemstones, namely cut diamonds |
| 78/078,313 | The Most Perfectly Cut Diamond in the World™ | Retail store services in the field of diamonds; online retail store services in the field of diamonds; wholesale stores featuring diamonds |

18.     Through extensive and continuous sales, promotion, and use, all of the trademarks and service marks described in paragraph 17 have come to be associated with HOF and identify HOF as the source of the goods and services offered in connection with these marks.

19.     In recognition of the distinctiveness of HOF's trademarks and service marks, the USPTO's examining attorneys approved each of the applications identified in paragraph 17 for publication on the *Official Gazette* in order for such marks to be registered.

EightStar's Misconduct

20.     On information and belief, EightStar is a wholesaler of cut diamonds and jewelry containing cut diamonds and, in particular, is a wholesaler of diamonds cut to display the "hearts and arrows" pattern.

21.     On information and belief, EightStar sells its diamonds and jewelry to retailers that sell to consumers and also sells its diamonds and jewelry directly to consumers.  EightStar

also promotes its diamonds and jewelry through its web site located at www.eightstar.com.

22.     EightStar's web site is a highly interactive site that offers to consumers instructions on purchasing EightStar's diamond and jewelry by clicking on an icon entitled "How to Buy an EightStar."

23.     To attract consumers to its web site, EightStar relies on links provided to that web site from the web sites of EightStar's retailers.

24.     EightStar has publicly expressed its chagrin over the fact that HOF entered the market with HOF's distinctive trademarks and service marks before EightStar could do so.

25.     EightStar has responded to HOF's successful prior introduction of branded diamonds through a range of misconduct.

26.     In apparent recognition of the value of HOF's trademarks and in an attempt to appropriate the good will associated with HOF's trademarks, in or about February of 2003, it was reported that EightStar claimed to have trademarked the confusingly similar phrase "The World's Most Perfectly Performing Diamond."

27.     Since that time, on information and belief, retailers for EightStar, including GRS Jewelers, Inc. d/b/a Grimball Jewelers ("Grimball"), E.R. Sawyer Jewelers Corp. ("E.R. Sawyer"), and The Jewelry Source, have engaged in concerted action—instigated and directed by EightStar—to misappropriate the good will HOF has built up in its trademarks. Each of these entities has used identical or nearly identical designations to HOF's trademarks and service marks—all to promote EightStar's merchandise and EightStar's web site. This activity follows EightStar's publicly expressed chagrin with HOF's success in establishing its trademarks and service marks in the marketplace.

28.     Specifically, HOF has uncovered multiple examples of EightStar retailers using

such designations as "The most perfectly cut diamonds in the world" and "the word's most perfectly cut diamond" specifically to promote EightStar merchandise and as links on the Internet to encourage Internet users to visit EightStar's web site. These retailers include Grimball, E.R. Sawyer, and The Jewelry Source.

29.    On May 14, 2004, HOF commenced an action against E.R. Sawyer based on its use of the designation "the word's most perfectly cut diamond" to promote EightStar's merchandise.

30.    On June 23, 2004, E.R. Sawyer entered into a Consent Judgment and Permanent Injunction prohibiting E.R. Sawyer from continuing to use "the word's most perfectly cut diamond" or any other confusingly similar designation to HOF's trademarks or service marks. This Consent Judgment and Permanent Injunction was entered as an Order of the United States District Court for the Northern District of California on July 7, 2004.

31.    On July 22, 2004, HOF sent a letter to The Jewelry Source demanding that The Jewelry Source cease and desist from using the phrase "the world's most perfectly cut diamond," which The Jewelry Source was publishing on its web site to refer to EightStar diamonds.

32.    On July 27, 2004, E.R. Sawyer responded to HOF with written confirmation that it had ceased using the phrase "the world's most perfectly cut diamond."

33.    On October 14, 2004, counsel for HOF sent a letter to Grimball demanding that it cease and desist from its use of the designation "the most perfectly cut diamonds in the world" in connection with the promotion of EightStar diamonds and in connection with efforts to encourage Internet users to click on links on Grimball's web site that would take them to EightStar's web site.

34.    On October 16, 2004, Grimball responded to HOF's counsel with written

confirmation that Grimball was discontinuing use of the phrase "the most perfectly cut diamonds in the world."

35.    In each of the foregoing instances, designations confusingly similar to HOF's trademarks and service marks were being used to advertise and promote EightStar's products and to attract Internet users to EightStar's web site.

Likelihood of Confusion

36.    EightStar and its retailers (on EightStar's behalf and at its instigation) are engaged in exact or nearly exact copying of HOF's well-known marks to promote competing goods through an identical means of promotion used by HOF and many of its retailers—namely, the Internet.

37.    The exact or nearly exact copying of HOF's well-known marks—against the backdrop of EightStar's admitted chagrin with the fact that HOF beat EightStar to the market with highly distinctive branding for HOF's diamonds—shows EightStar's intent to misappropriate HOF's good will by deceiving the consuming public.

38.    Eightstar's use of identical or nearly identical designations to HOF's marks in order to promote Eightstar's competitive goods are highly likely to cause confusion, mistake, and deception among the general public as to the origin of their goods  and/or as to sponsorship by, affiliation with, and/or connection to HOF.

**COUNT I**
**Unfair Competition**
**(15 U.S.C. § 1125(a))**

39.    HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

40.    HOF engages in interstate activities designed to promote the goods and services sold, as well as the goodwill associated with its trademarks, throughout the United States.

41.    The trademarks and service marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ are inherently distinctive and/or have acquired secondary meaning.

42.    The trademarks and service marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ relating to HOF's diamond and jewelry business, have been, and will continue to be, known throughout the United States as identifying and distinguishing HOF's business.

43.    Without authorization or the consent of HOF, EightStar and its retailers (on EightStar's behalf and at EightStar's instigation) have used, and continue to use, marks confusingly similar to the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™. EightStar and its retailers sell, offer for sale, distribute, and/or advertise goods to retailers that directly compete with HOF's sales of its own genuine diamonds and jewelry, in or affecting interstate commerce and provide information about diamonds in or affecting interstate commerce.

44.    EightStar's and its retailers' use of the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ for their goods and services are likely to cause, and are causing, confusion, mistake, and deception among the general public as to the origin of the goods and services, or as to whether EightStar is sponsored by, affiliated with, or otherwise connected with HOF in violation of 28 U.S.C. § 1125(a).

45.    By using marks confusingly similar to the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such marks, for profit and without HOF's authorization, EightStar and its retailers are depriving

9

HOF of its exclusive right to control, and benefit from, its trademarks. If permitted to continue, EightStar's actions will nullify HOF's right to the exclusive use of its marks, free from infringement, and will have a substantial and adverse effect on HOF's existing and projected future interstate business of marketing products and services identified by its trademarks.

46.     By paying or otherwise encouraging or permitting its retailers to use designations nearly identical to, or confusingly similar to, HOF's trademarks and service marks in connection with the promotion of EightStar's goods and in connection with links to EightStar's web site, EightStar is wrongfully using HOF's trademarks and service marks, intentionally inducing its retailers to violate HOF's rights in its marks, and/or contributing to such infringement by providing substantial assistance to the infringement of HOF's rights, with knowledge and/or reason to know of the violation of HOF's rights in its marks.

47.     HOF has been, and continues to be, damaged by EightStar's activities and conduct. EightStar has profited thereby and, unless its conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

48.     By using marks confusingly similar to The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such marks, EightStar has intentionally and knowingly used HOF's trademarks. Accordingly, HOF is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1117(a).

## COUNT II
## Unfair Competition
## (Common Law)

49.    HOF specifically incorporates and references the allegations asserted in each of
the preceding paragraphs, as if fully set forth herein.

50.    The trademarks and service marks The World's Most Perfectly Cut Diamond™
and The Most Perfectly Cut Diamond in the World™ are inherently distinctive and/or have
acquired secondary meaning.

51.    The trademarks and service marks The World's Most Perfectly Cut Diamond™
and The Most Perfectly Cut Diamond in the World™ relating to HOF's diamond and jewelry
business, have been, and will continue to be, known throughout the United States as identifying
and distinguishing HOF's business.

52.    Without authorization or consent of HOF, EightStar and its retailers (on
EightStar's behalf and at EightStar's instigation) have used, and continue to use, designations
confusingly similar to HOF's trademarks and service marks in connection with the sale, offering
for sale, distribution, and advertising of goods and/or services to the general public in
competition with HOF.

53.    EightStar's and its retailers' use of confusingly similar designations to HOF's
marks in connection with the sale, offering for sale, distribution, and/or advertising of goods
and/or services is likely to cause confusion, mistake, and deception among the general public as
to the origin of EightStar's goods and services and/or as to sponsorship by, affiliation with,
and/or connection to HOF.

54.    EightStar has willfully, intentionally, and knowingly used a designation
confusingly similar to HOF's marks in connection with the sale, offering for sale, distribution,

and/or advertising of goods and/or services not related to, affiliated, with, or sponsored by HOF.

55.    By using a confusingly similar designation to HOF's marks, in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services to the general public, EightStar has wrongfully profited from its infringement of such marks. HOF has been, and continues to be, damaged by EightStar's conduct which has a substantial and adverse effect on HOF's goodwill and business identified by its trademarks. Furthermore, EightStar's actions will have the effect of nullifying HOF's right to the exclusive use of its marks, free from infringement. HOF, therefore seeks actual damages as well as disgorgement of EightStar's profits from the use of such marks.

56.    EightStar has profited thereby and, unless its conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF also seeks injunctive relief to restrain EightStar's use of marks confusingly similar to marks of HOF.

### COUNT III
### Unfair and Deceptive Acts and Practices
### (Mass. Gen. Laws ch. 93A)

57.    HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

58.    HOF and EightStar is engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

59.    The foregoing conduct by EightStar constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

60.    Through the unfair and deceptive acts and practices described herein, HOF has been, and continues to be, damaged by EightStar's activities and conduct. EightStar and has

12

profited thereby and, unless their conduct is enjoined, HOF will continue to suffer irreparable injury that cannot adequately be calculated or compensated by monetary damages. Accordingly, HOF seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

61.    By using HOF's trademarks and service marks and/or confusingly similar designations in connection with the sale, offering for sale, and/or advertising of goods to the general public, EightStar has intentionally and knowingly violated HOF's rights. Accordingly, HOF is entitled to a judgment of three times its damages, together with reasonable attorney's fees, pursuant to Mass. Gen. Laws ch. 93A, § 11.

**WHEREFORE**, HOF respectfully requests that this Court:

1.    Issue a preliminary injunction and permanent injunction prohibiting EightStar from using HOF's trademarks and service marks and any confusingly similar designations and requiring EightStar to discontinue its current infringing practices;

2.    Enter judgment in favor of HOF on the counts asserted herein and award damages in an amount to be determined at trial, including damages in the amount of EightStar's profits from its willful infringement of HOF's marks, doubled or trebled where appropriate;

3.    Award HOF the costs incurred in bringing this action, including attorneys' fees;

4.    Order EightStar to certify the destruction of all materials, and the removal of references on its web site, that refer to confusingly similar designations to the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™; and

5.    Award HOF such further relief as it deems just, proper and equitable.

13

## JURY DEMAND

HOF demands a trial by jury on all issues so triable.

HEARTS ON FIRE COMPANY, LLC

By its attorneys,

Robert P. Sherman, Esq. (BBO #548540)
Mark D. Robins, Esq. (BBO #559933)
Stephen M. LaRose, Esq. (BBO #654507)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated:  October 26, 2004