UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARTS ON FIRE COMPANY, LLC,

                      Plaintiff,

v.

EIGHTSTAR DIAMOND COMPANY,

                      Defendant.

CIVIL ACTION NO. 04-12258-JLT

Hearing Requested

## MOTION TO AMEND

Pursuant to Fed. R. Civ. P. 15(a), plaintiff Hearts On Fire Company, LLC ("HOF"), moves for leave to file the Amended Complaint attached as Exhibit 1. In support of this motion, HOF relies on the accompanying memorandum of law and states as follows:

1.      The original Complaint in this action sought relief against EightStar Diamond Company ("EightStar") for violating HOF's trademark rights, through, among other things, using identical or confusingly similar trademarks to HOF's trademarks in sales made through various retailers.

2.      One of those retailers is GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball"). Grimball was expressly identified in the original Complaint as a source of infringing materials being used on behalf of EightStar. Complaint ¶¶ 27, 28, 33, and 34.

3.      Shortly before the Complaint was filed, on or about October 14, 2004, counsel for HOF sent a letter to Grimball demanding that it cease and desist from using HOF's trademarks. Amended Complaint Ex. C.

4.     In response to HOF's demand letter, Grimball sent to HOF's counsel a letter dated October 16, 2004, representing that Grimball would cease and desist from engaging in the activities that were the subject of HOF's demand letter.  Amended Complaint Ex. D.

5.     Grimball then discontinued some, but not all, of the infringing conduct at issue.

6.     On October 22, 2004, HOF's counsel followed up with a telephone call to Grimball and received further verbal assurance that Grimball would discontinue all of the activities at issue as represented in Grimball's October 16, 2004 letter.  HOF's counsel confirmed this representation in a letter to Grimball dated October 22, 2004.  Amended Complaint Ex. E.

7.     Accordingly, when HOF filed the Complaint, Grimball was not named as a party.

8.     However, HOF has recently discovered that Grimball is continuing to engage in the very conduct that was the subject of HOF's demand letters and that was identified in the original Complaint against EightStar—namely, Grimball is continuing to publish HOF's trademark on Grimball's web site in order to advertise sales of EightStar's products.  Amended Complaint Ex. F.

9.     This motion was filed promptly after discovering Grimball's continued infringement and only 2 days after EightStar filed its Answer.

10.     Furthermore, the activities engaged in by Grimball are the same activities that were at issue in the original Complaint against EightStar.

11.     Accordingly, there is no undue delay and no prejudice to EightStar.

WHEREFORE, HOF respectfully requests that the Court allow HOF's motion to amend and accept for filing the Amended Complaint attached hereto as Exhibit 1.

### Request for Oral Argument

Pursuant to Local Rule 7.1(D), HOF respectfully believes that oral argument will assist the Court in this matter, and thereby requests a hearing on this motion.

> HEARTS ON FIRE COMPANY, LLC
>
> By its attorneys,
>
>
> /s/ Mark D. Robins
> _____
> Robert P. Sherman, Esq. (BBO #548540)
> Mark D. Robins, Esq. (BBO #559933)
> Stephen M. LaRose, Esq. (BBO #654507)
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA 02110
> (617) 345-1000

Dated:  December 8, 2004

### Certification of Compliance with Local Rule 7.1(A)(2)

I, Mark D. Robins, Esq., hereby certify that I have conferred with counsel in an attempt to resolve or narrow the matters contained in this motion.  After conferring, the parties are unable to resolve or narrow these particular matters.

> /s/ Mark D. Robins
> _____
> Mark D. Robins

**Certification of Compliance with Local Rule 15.1**

    I, Mark D. Robins, Esq., hereby certify that I served a copy of this Motion upon the proposed new party ten (10) days in advance of filing the Motion, together with a separate document stating the date on which this Motion will be filed.

    /s/ Mark D. Robins
    _____
    Mark D. Robins