UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>                Plaintiff,<br><br>                v.<br><br>EIGHTSTAR DIAMOND COMPANY and GRS JEWELERS, INC.,<br><br>                Defendants. | CIVIL ACTION NO. 04 12258-JLT |

## AMENDED COMPLAINT

Plaintiff Hearts On Fire Company, LLC ("HOF"), by its undersigned attorneys, sets forth its Amended Complaint against Defendants EightStar Diamond Company ("EightStar") and GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball") as follows:

### INTRODUCTION

1.    This Amended Complaint is brought to redress the willful and systematic violation of HOF's trademark rights by its direct competitor, EightStar, and by one of Eighstar's retailers, Grimball. With full knowledge of HOF's rights in the trademark slogans The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™, EightStar and Grimball have repeatedly used and/or encouraged retailers to use on EightStar's behalf identical or highly confusingly similar designations. EightStar's and Grimball's actions are intended and calculated to exploit the good will that HOF has built into these trademarks through years of extensive use and promotion.

BOS1443520.1

## PARTIES

2. HOF is a Massachusetts Limited Liability Company with a principal place of business at 99 Summer Street, Boston, Massachusetts 02210. HOF distributes gemstones (namely, cut diamonds) and jewelry to authorized retailers and provides services relating to the sale of jewelry to retailers and the public.

3. Upon information and belief, EightStar is a California corporation with a principal place of business at 525 East Cotati Ave, Suite 115, Cotati, California 94931. EightStar is in the business of distributing cut diamonds and jewelry to authorized retailers.

4. Upon information and belief, Grimball is a North Carolina corporation with a principal place of business at 79 S. Elliott Road, Chapel Hill, North Carolina 27514. Upon information and belief, Grimball is an authorized retailer of EightStar and/or is engaged in promotion on behalf of EightStar.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a), which confer original jurisdiction upon this Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks, respectively. In addition, supplemental jurisdiction over related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because EightStar and Grimball "reside" in this judicial district within the meaning of 28 U.S.C. § 1391(c) insofar as EightStar and Grimball are subject to personal jurisdiction in this district. Alternatively, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial

part of the property that is the subject of this action is situated, within this district.

7. This court has personal jurisdiction over EightStar and Grimball pursuant to Mass. Gen. Laws ch. 223A, §§ 3(a), (b), (c), and (d) because this action arises: (a) from EightStar's and Grimball's transaction of business in Massachusetts; (b) from EightStar's conduct with respect to contracting to supply things in Massachusetts, among other places; (c) from EightStar and Grimball causing tortious injury in Massachusetts by acts or omissions within Massachusetts; and/or (d) from EightStar and Grimball causing tortious injury in Massachusetts by acts or omissions outside of Massachusetts while regularly doing or soliciting business, or engaging in a persistent course of conduct, or deriving substantial revenue from goods used or consumed in Massachusetts.

8. The particular conduct triggering such jurisdiction includes, among other things:

(a) EightStar's operation of a highly interactive web site through which it solicits and conducts business.

(b) The operation on EightStar's behalf, by Grimball and other EightStar retailers, of interactive web sites that are linked to, and designed with the purpose of encouraging consumers interested in diamonds to link to, EightStar's web site to promote the sale of EightStar diamonds.

(d) EightStar's and Grimball's intentional use of HOF's trademarks on the Internet, among other media, to promote the sale of competing goods through each of their web sites.

9. By intentionally using HOF's trademark, after repeated notice of the infringement of HOF's trademark, EightStar's and Grimball's conduct is intended to cause harm to HOF, a company which is located in the Commonwealth of Massachusetts.

10. Through such intentional conduct, EightStar and Grimball have purposefully availed themselves of the privileges of conducting business in the Commonwealth of Massachusetts, and, when engaging in such conduct, it was reasonably foreseeable that EightStar and Grimball would be subjected to this Court's jurisdiction.

**FACTUAL BACKGROUND**

11. HOF was originally founded in 1978 as Di-Star, Ltd. HOF adopted its present name in 1996, when it commenced using the Hearts On Fire® mark in connection with the sale and advertising of diamonds and jewelry.

12. HOF is a leader in the distribution of branded diamonds—i.e., diamonds that are identified by source-designating trademarks, which are extensively promoted.

13. HOF's diamonds are all cut to display a "hearts and arrows" pattern—that is, a pattern of eight symmetrical hearts, when viewed from the bottom under magnification, and a pattern of eight symmetrical arrows pointing to the outer edge of the diamond, when viewed from the top under magnification. HOF's diamonds are known for their consistent high quality cut, as well as for their color and clarity.

14. HOF sells to authorized retailers at numerous retail locations throughout the United States.

15. HOF also promotes its diamonds and jewelry through a web site located at www.heartsonfire.com.

16. In addition to the Hearts On Fire® house mark, HOF has a number of additional trademarks and service marks used to brand its goods and services.

17. Since as early as January 1, 1997, HOF has used the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ in connection

4

with the distribution and sale of jewelry and diamonds. HOF has made substantially continuous and exclusive use of these two marks since January 1, 1997. These two marks are distinctive of HOF as the source of its goods and services.

18. HOF has filed applications with the United States Patent and Trademark Office ("USPTO") to register the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ in connection with the following goods and services:

| **Application No.** | **Mark** | **Goods/Services** |
|---|---|---|
| 78/078,325 | The World's Most Perfectly Cut Diamond™ | Gemstones, namely cut diamonds |
| 78/078,237 | The World's Most Perfectly Cut Diamond™ | Wholesale distributorship services in the field of diamonds; wholesale stores featuring diamonds |
| 78/078,312 | The World's Most Perfectly Cut Diamond™ | Retail store services in the field of diamonds; online retail store services in the field of diamonds |
| 78/078,314 | The Most Perfectly Cut Diamond in the World™ | Gemstones, namely cut diamonds |
| 78/078,313 | The Most Perfectly Cut Diamond in the World™ | Retail store services in the field of diamonds; online retail store services in the field of diamonds; wholesale stores featuring diamonds |

19. Through extensive and continuous sales, promotion, and use, all of the trademarks and service marks described in paragraph 18 have come to be associated with HOF and identify HOF as the source of the goods and services offered in connection with these marks.

20. In recognition of the distinctiveness of HOF's trademarks and service marks, the USPTO's examining attorneys approved each of the applications identified in paragraph 18 for publication on the *Official Gazette* in order for such marks to be registered.

5

EightStar's Misconduct

21. On information and belief, EightStar is a wholesaler of cut diamonds and jewelry containing cut diamonds and, in particular, is a wholesaler of diamonds cut to display the "hearts and arrows" pattern.

22. On information and belief, EightStar sells its diamonds and jewelry to retailers that sell to consumers and also sells its diamonds and jewelry directly to consumers. EightStar also promotes its diamonds and jewelry through its web site located at www.eightstar.com.

23. EightStar's web site is a highly interactive site that offers to consumers instructions on purchasing EightStar's diamond and jewelry by clicking on an icon entitled "How to Buy an EightStar."

24. To attract consumers to its web site, EightStar relies on links provided to that web site from the web sites of EightStar's retailers.

25. EightStar has publicly expressed its chagrin over the fact that HOF entered the market with HOF's distinctive trademarks and service marks before EightStar could do so.

26. EightStar has responded to HOF's successful prior introduction of branded diamonds through a range of misconduct.

27. In apparent recognition of the value of HOF's trademarks and in an attempt to appropriate the good will associated with HOF's trademarks, in or about February of 2003, it was reported that EightStar claimed to have trademarked the confusingly similar phrase "The World's Most Perfectly Performing Diamond."

28. Since that time, on information and belief, retailers for EightStar, including Grimball, E.R. Sawyer Jewelers Corp. ("E.R. Sawyer"), and The Jewelry Source, have engaged in concerted action—instigated and directed by EightStar—to misappropriate the good will HOF

6

has built up in its trademarks. Each of these entities has used identical or nearly identical designations to HOF's trademarks and service marks—all to promote EightStar's merchandise and EightStar's web site. This activity follows EightStar's publicly expressed chagrin with HOF's success in establishing its trademarks and service marks in the marketplace.

29. Specifically, HOF has uncovered multiple examples of EightStar retailers using such designations as "The most perfectly cut diamonds in the world" and "the word's most perfectly cut diamond" specifically to promote EightStar merchandise and as links on the Internet to encourage Internet users to visit EightStar's web site. These retailers include Grimball, E.R. Sawyer, and The Jewelry Source.

30. On May 14, 2004, HOF commenced an action against E.R. Sawyer based on its use of the designation "the word's most perfectly cut diamond" to promote EightStar's merchandise.

31. On June 23, 2004, E.R. Sawyer entered into a Consent Judgment and Permanent Injunction prohibiting E.R. Sawyer from continuing to use "the word's most perfectly cut diamond" or any other confusingly similar designation to HOF's trademarks or service marks. This Consent Judgment and Permanent Injunction was entered as an Order of the United States District Court for the Northern District of California on July 7, 2004.

32. On July 22, 2004, HOF sent a letter to The Jewelry Source demanding that The Jewelry Source cease and desist from using the phrase "the world's most perfectly cut diamond," which The Jewelry Source was publishing on its web site to refer to EightStar diamonds.

33. On July 27, 2004, The Jewelry Source responded to HOF with written confirmation that it had ceased using the phrase "the world's most perfectly cut diamond."

34. In each of the foregoing instances, designations confusingly similar to HOF's

trademarks and service marks were being used to advertise and promote EightStar's products and to attract Internet users to EightStar's web site.

Grimball's Misconduct

35.     On information and belief, Grimball is a retailer of jewelry containing diamonds. Among those products sold by Grimball are EightStar diamonds.

36.     Grimball promotes its goods and services through a website located at www.grimballjewelers.com.

37.     To promote the EightStar diamonds and to encourage Internet users to visit EightStar's web site, Grimball has been publishing on its web site the designation "the most perfectly cut diamonds in the world" in connection with information about EightStar's diamonds and in connection with links to EightStar's web site.

38.     Grimball's web site has contained a link entitled "EightStar Diamonds" with the following phrase displayed below that link: "The most perfectly cut diamonds in the world. Only 2000 are cut each year." That page was located at www.grimballjewelers.com, a true and accurate copy of which is attached as Exhibit A. Internet users who clicked on that link were immediately directed to EightStar's website.

39.     Grimball's web site also contained a link entitled "Links." Upon choosing that link, customers were directed to a page on Grimball's web site with the EightStar company logo, a link to EightStar Diamonds' web site, and the following phrase: "The most perfectly cut diamonds in the world. Only 200 are cut each year." That page was located at www.grimball jewelers.com/links.html, a true and accurate copy of which is attached as Exhibit B. Customers choosing the link to EightStar Diamonds were immediately directed to EightStar's website.

40.     On October 14, 2004, counsel for HOF sent a letter to Grimball demanding that it

8