UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>                                      Plaintiff,<br><br>                      v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>                                      Defendant. | CIVIL ACTION NO. 04-12258-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND**

Plaintiff Hearts On Fire Company, LLC ("HOF") submits this memorandum of law in support of its motion to amend the Complaint to add GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball") as a part to the claims that have been asserted against defendant EightStar Diamond Company ("EightStar").

**INTRODUCTION**

In the original Complaint in this action, HOF brought claims against EightStar for violating HOF's trademark rights through EightStar's use of designations that are confusingly similar to HOF's trademarks THE WORLD'S MOST PERFECTLY CUT DIAMOND™ and THE MOST PERFECTLY CUT DIAMOND IN THE WORLD™. The original Complaint included allegations that EightStar was engaging in this infringing activity through retailers of EightStar's products, including through Grimball. Grimball was not included as a party to the original Complaint because, shortly before HOF filed the lawsuit, Grimball had represented to HOF that Grimball was discontinuing the activities at issue. However, HOF has recently

discovered that Grimball has not discontinued its infringing activities and, specifically, is continuing to conduct such activities on behalf of EightStar.  This motion to amend is timely, and the claims against Grimball and EightStar arise from a common nucleus of operative facts.  HOF should be permitted to add Grimball as a defendant.

## ARGUMENT

Under Rule 15(a), after a responsive pleading is filed, "a party may amend the party's pleading only be leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  Under Rule 21, "[p]arties may be . . . added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  The standards for amendments under these rules have been described as "very similar."  *City of Manchester v. Nat'l Gypsum Co.*, 637 F. Supp. 646, 656-57 (D.R.I. 1986).

The provision of Rule 15(a) that leave to amend shall be "freely given" in the interests of justice "encourages courts to look favorably on a party's request to amend. . . ."  *Id.* at 648.  Whether to allow an amendment is left to "the discretion of the trial court" and involves assessing such factors as "delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previously allowed amendments, futility, and most importantly, prejudice to the opposing party."  *Id.* (citations omitted).  "If no prejudice is found, leave to amend in most cases should be allowed."  *Id.* at 649.

When assessing an amendment to add a party under Rule 21, the "primary function" of that rule "is to avoid multiple litigation and promote liberal joinder of parties."  *Id.* at 657.  Such a motion should be allowed unless it "comes so late in the litigation that it will delay the case and . . . will unduly prejudice any parties to the action."  *Id.*

2

In the case at bar, the amendment comes merely two days after EightStar's answer. Furthermore, the original Complaint alleged the very same conduct at issue in the Amended Complaint (including identification of Grimball) and alleged that such conduct was being engaged in by Grimball on EightStar's behalf.  Specifically, Paragraph 1 of the original Complaint alleged that "EightStar has repeatedly . . . encouraged retailers to use on EightStar's behalf identical or highly confusingly similar designations" to HOF's trademarks.  Complaint ¶ 1.  Paragraph 33 of the original Complaint alleged that HOF sent a demand letter to Grimball concerning Grimball's use of designations confusingly similar to HOF's trademarks to promote EightStar's diamonds.  Complaint ¶ 33.  Paragraph 34 of the Complaint described Grimball's representation in response to HOF's demand letter that Grimball was discontinuing the activities in question—which was why Grimball was not named in the original Complaint.  Complaint ¶ 34.

HOF has recently discovered that Grimball is continuing the activities in question and has promptly moved to amend the Complaint to add Grimball as a party.  The Amended Complaint is nearly identical to the original Complaint.  Grimball has been on notice of HOF's accusations by virtue of the demand letters sent to Grimball.  Accordingly, there is no delay and no prejudice to either party.

## CONCLUSION

For all of the reasons set forth herein, HOF respectfully requests that the Court allow HOF's motion to amend and accept for filing the Amended Complaint attached to HOF's motion to amend as Exhibit 1.

        HEARTS ON FIRE COMPANY, LLC

        By its attorneys,

        /s/ Mark D. Robins
        _____
        Robert P. Sherman, Esq. (BBO #548540)
        Mark D. Robins, Esq. (BBO #559933)
        Stephen M. LaRose, Esq. (BBO #654507)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110
        (617) 345-1000

Dated: December 8, 2004