UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>　　　　　Defendant. | CIVIL ACTION NO. 04 12258-JLT<br><br>MAGISTRATE JUDGE ROBERT B. COLLINGS |

## MOTION FOR CHANGE IN VENUE

### I. RELIEF REQUESTED

Defendant EightStar Diamond Company ("EightStar") moves to transfer venue from the District of Massachusetts to the Northern District of California pursuant to 28 U.S.C. § 1404(a) and Rule 12(b)(3). On May 14, 2004, plaintiff brought claims concerning the same subject matter in San Francisco's district court against E.R. Sawyer Corp. ("E.R. Sawyer"), an EightStar dealer in Sonoma County and related party similarly situated to EightStar. The case resulted in a settlement that EightStar believes released claims plaintiff attempts to renew in this action. As plaintiff demonstrates herein, the interests of fairness and judicial convenience also weigh in favor of a transfer of this case to California and therefore against litigating issues nearly identical to those brought in California earlier this year. Accordingly, the defendant asks the Court, in the interests of justice, to transfer venue in this case to the District of Northern California, where plaintiff's earlier-filed case settled this summer.

## II. FACTUAL BACKGROUND

Plaintiff Hearts on Fire Company, LLC ("HOF") is one of the largest mass diamond merchants in the U.S. It aggressively promotes its own proprietary diamond cuts and dominates a significant portion of the market in which defendant competes. Defendant is a small business specializing in the sale of diamonds cut according to EightStar's proprietary, patented method, yielding EightStar's "signature cut" that EightStar claims produces the most brilliant diamonds in the world. See Affidavit of Dana von Sternberg ("Aff. of von Sternberg"), ¶3. The majority of EightStar's authorized dealers reside in the Western United States; specifically, there are twenty-one retailers in California. See Aff. of von Sternberg, ¶12. HOF has applied to register trademarks in the phrases "the world's most perfectly cut diamond," and "the most perfectly cut diamond in the world." See Complaint, ¶17. Plaintiff's complaint herein, parallel to its settled California action, is based on allegations that EightStar retailers (including the Defendant retailer in the California case) have improperly used phrases the same as or similar to its unregistered trademarks in commerce. In this case plaintiff appears to rely on generalized allegations that EightStar retailers have used unspecified phrases or marks similar to phrases or marks HOF believes it has a proprietary interest in, rather than asserting any specific allegations of infringement. EightStar, like many others in the jewelry industry, believes it is legally entitled to use such phrases which are merely descriptive, laudatory claims of superiority.

EightStar's principal place of business (headquarters) is in Sonoma County, California. See Aff. of von Sternberg, ¶2. Defendant's documents and physical evidence are located in Sonoma County, California. See Aff. of von Sternberg, ¶5. The majority of the witnesses reside in California, specifically Los Angeles County and Sonoma County. The alleged "bad acts," by E.R. Sawyer and The Jewelry Source, occurred in California. Plaintiff commenced an action

based on similar operative facts against E.R. Sawyer, and an order of dismissal was entered by the United States District Court for the Northern District of California on July 7, 2004. See Aff. of von Sternberg, ¶22.

### III. EVIDENCE RELIED UPON

EightStar relies on the Complaint, the Answer, the attached Affidavit of Dana von Sternberg and the attachments thereto, and the arguments set forth below.

### IV. ARGUMENT

The convenience of the parties, the convenience of the witnesses, and the interests of justice all weigh in favor of transferring this action to California. The transfer of actions is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Where venue is proper in the transferee district, a district court may transfer a case to "promote the convenience of the parties and witnesses and serve the interests of justice." Transamerica Corp. v. Trans-American Leasing Corp., 670 F. Supp. 1089, 1093 (D. Mass. 1987).

The Court should exercise its discretion in defendant's favor because EightStar has clearly made the two showings required under 28 U.S.C. §1404(a): (1) Venue must be proper in the district to which the case would be transferred, see Van Dusen v. Barrack, 376 U.S. 612, 616 (1964), and (2) considerations of convenience and the interests of justice weigh in favor of transfer. It is within the court's discretion to decide on motions of transfers. Atari v. United Parcel Service, Inc., 211 F. Supp. 2d 360, 362 (D. Mass. 2002); Codex Corp. v. Milagro Electronic Corp. et al., 553 F.2d 735, 737 (1st Cir. 1977). Whether venue should be transferred in any given case depends on the individualized, fact-specific circumstances of that case.

Stewart Organization v. Ricot, 487 U.S. 22, 29-30 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612 at 622).

Venue would be proper in Northern California as a substantial part of the events or omissions giving rise to the claims occurred and since defendant resides in the district. See Aff. of von Sternberg. This is illustrated by the fact that plaintiff previously filed essentially the same claims in that district. See Aff. of von Sternberg, ¶22

All but the first of the factors relevant to the interests of justice weigh in EightStar's favor. They are: (1) The plaintiff's choice of forum; (2) the convenience of the parties and witnesses (the most important according to International Comfort Products, Inc. v. Hanover House Indus., Inc., 739 F. Supp. 503, 507 (D. Ariz. 1989) (stating that this is the most critical factor)); (3) the availability of process to compel the attendance of unwilling witnesses; (4) the cost of obtaining the presence of willing witnesses; (5) the relative ease of access to sources of proof; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) where the relevant events took place. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947); see also Cianbro Corp. v. Curran Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

HOF, by filing a related action in California earlier in 2004, has demonstrated that the cost of litigating in a foreign forum is not a deterrent to it. EightStar, a much smaller corporation, may be unable to absorb the added expense of litigating away from its home. Here, as in 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994), this factor weighs heavily in favor of a transfer.

HOF's complaint invokes this Court's jurisdiction and venue by relying on an assertion that EightStar has an interactive website. It notably relies on conclusory allegations, not actual

interaction between the defendant and residents of the state. EightStar denies that its website can legally be characterized as "interactive." See Aff. of von Sternberg, ¶11; see also Grutkowski v. Steamboat Lake Guides & Outfitters, Inc., 1998 U.S. Dist. LEXIS 20255 at *10-11 (E.D. Penn. December 21, 1998); see also Blackburn v. Walker Oriental Rug Galleries, Inc., 999 F. Supp. 636, 639 (E.D. Pa. 1998) (rejecting notion that e-mail requests for information could provide basis for personal jurisdiction).

HOF is unlikely to be able to suggest that discovery to investigate specific jurisdiction or general jurisdiction based upon a claim besides EightStar's website might be productive. HOF has demonstrated that this case bears a minimal, tangential relationship to Massachusetts, if any. EightStar and nearly all the witnesses not employed by HOF are located near the proposed transferee district court, except one witness, who is located in neither Massachusetts nor California but rather North Carolina. See Aff. of von Sternberg, ¶¶ 6 & 9. Most of the documents and physical evidence that could be relevant to determining liability will likely be in California. See Aff. of von Sternberg, ¶5.

Moreover, all of the "bad acts" alleged to have been committed by E.R. Sawyer and The Jewelry Source occurred in California. See Aff. of von Sternberg, ¶¶ 7 & 8. E.R. Sawyer, a California company, also obtained the benefits of a settlement of claims related to those in this case in California. Therefore, most potential witnesses and deponents are located within driving distance from San Francisco. See Aff. of von Sternberg, ¶6. Because of the heavy demands of operating small jewelry businesses in the current economy, witnesses may be unavailable for trial in Boston. In any event, their presence is more easily obtained and less burdensome in California than across the country, in a different time zone.

HOF's complaint fails to allege a basis for venue in Massachusetts beyond EightStar's website, and also does not even allege that the website is important to the defendant's business. There is no indication that Massachusetts is an essential part of the conduct of EightStar's business, and it is not. EightStar does not advertise in publications targeted at or specific to Massachusetts, it has not telemarketed to customers in Massachusetts, and EightStar has no employees in Massachusetts. See Aff. of von Sternberg, ¶¶13-15. EightStar has attested that it has no regular place of business in Massachusetts, and that its total lifetime sales in Massachusetts is less than five percent of one year's total sales. See Aff. of von Sternberg, ¶¶17 & 18. Further, EightStar does not own or lease any real property in Massachusetts, it does not maintain bank accounts or a mailing address within Massachusetts, and EightStar has never availed itself to the courts of Massachusetts by bringing any suits there. See Aff. of von Sternberg, ¶¶19-21.

Because the quality and nature of defendant's business does not justify maintaining venue in plaintiff's choice of forum, EightStar does not expect the court to find that the small percentage of EightStar sales even constitute "continuous and systematic business within the forum state." See, e.g., Surgical Laser Tech., Inc. v. C.R. Bard, Inc., 921 F. Supp. 281, 284 (E.D. Pa. 1996) (holding that visits to Pennsylvania, a contract leading to sales in Pennsylvania, some employee presence in Pennsylvania, taxes paid in Pennsylvania, and clinical trials in Pennsylvania, were insufficient to establish general jurisdiction).

Finally, EightStar has reserved all rights to seek dismissal based on lack of personal jurisdiction. As EightStar's counterclaims herein demonstrate, it would rather have the case transferred than dismissed. A court can transfer a case even though it lacks personal jurisdiction.

See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962); United States v. Berkowitz, 328 F.2d 358, 361 (3d Cir. 1964). There are no other motions pending before the Court.

## V. CONCLUSION

EightStar resides in California and all of the alleged "bad acts" by E.R. Sawyer and The Jewelry Store occurred in California, therefore most of the potential witnesses and deponents are located in California. EightStar does not consider its website to be interactive so that it has an actual relationship between itself and residents of Massachusetts. Moreover, HOF commenced an action with factually similar claims against E.R. Sawyer in California earlier this year, proving that litigating in a foreign forum is not a deterrent to it whereas EightStar, a significantly smaller company, would likely be unable to absorb the costs of litigation away from its home.

Given the claims alleged in this case and the facts described above, the convenience of witnesses and the ends of justice are best met by transferring venue from the District Court of Massachusetts to the Northern District of California.

A proposed order is submitted herewith.

DATED this 23rd day of December, 2004.

MILLER NASH LLP

___/s/ Valerie du Laney___
Valerie du Laney
Miller Nash
601 Union Street
Seattle, WA 98101-2352
(206) 622-8484

Attorneys for Defendant EightStar Diamond Company
Admitted *Pro Hac Vice*