UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 04-12258-JLT |
| v. | MAGISTRATE JUDGE ROBERT B. COLLINGS |
| EIGHTSTAR DIAMOND COMPANY, | |
| Defendant. | |

**AFFIDAVIT OF DANA VON STERNBERG IN SUPPORT OF DEFENDANT'S MOTION FOR CHANGE IN VENUE**

I, Dana von Sternberg, declare under oath as follows:

1.      I am the Vice President of EightStar Diamond Company ("EightStar"). I have personal knowledge of the facts contained in this affidavit and am competent to testify to the same.

2.      EightStar is a company incorporated under the laws of California. Its principal place of business is at 525 East Cotati Avenue, Suite 115, Cotati, California 94931, Sonoma County, California. I am a resident of the state of California.

3.      EightStar specializes in the sale of diamonds cut accordingly to its patented method, yielding a "signature cut." EightStar claims that the "signature cut" produces the most brilliant diamonds in the world.

4.      On October 26, 2004, Hearts on Fire Company, LLC ("HOF") filed a complaint against EightStar in the United States District Court for the District of Massachusetts alleging two counts of unfair competition, under 15 U.S.C. §1125(a) and at common law, and

- 1 -

SEADOCS:192286. 4

one count of unfair and deceptive acts and practices under Massachusetts General Laws, Chapter 93A.

5.    I expect most of the documents and physical evidence necessary to defend against the claims brought against EightStar in this litigation are located at EightStar's headquarters in Sonoma County, California.

6.    Likewise, the majority of the witnesses necessary to defend against the claims in this matter reside in California, specifically Los Angeles County and Sonoma County.

7.    E.R. Sawyer Corp. ("E.R. Sawyer"), one of the three retailers alleged by HOF to be a "bad actor," is located in Santa Rosa, Sonoma County, California.

8.    The Jewelry Source, the second of three retailers alleged by HOF to be a "bad actor," is located in El Segundo, Los Angeles County, California.

9.    GRS Jeweler, Inc. d/b/a/ Grimball Jewelers, the final retailer, is located in neither Massachusetts nor California but rather Chapel Hill, North Carolina.

10.    The alleged "bad acts" by E.R. Sawyer and The Jewelry Store occurred in California.

11.    EightStar's internet website, www.eightstar.com, does not permit "interactive" ordering by potential customers; that is, there is no way to submit an order or payment for products from the website.  There is not even an email address, only a place for an interested customer or retailer to enter its contact information.

12.    The great majority of EightStar's authorized dealers reside in the Western United States with twenty-one (21) in California.

13.    EightStar does not advertise in publications targeted at or specific to Massachusetts.

14.    EightStar has not telemarketed to customers in Massachusetts.

15.    EightStar has no employees in Massachusetts.

SEADOCS:192286. 4

16.    Only once, to my knowledge, has an EightStar representative traveled to Massachusetts for business purposes.

17.    EightStar does not have a regular place of business in Massachusetts.

18.    EightStar's total lifetime sales in Massachusetts is less than five percent of one year's total sales.

19.    EightStar does not own nor lease any real property in Massachusetts.

20.    EightStar does not maintain bank accounts or a mailing address within Massachusetts.

21.    EightStar has never availed itself to the courts of Massachusetts by bringing any suits there.

22.    HOF brought claims concerning the same subject matter against E.R. Sawyer, a related party similarly situated to EightStar, in the District of Northern California.  On July 7, 2004, the Court filed an Order and dismissed the claims with prejudice.  Attached hereto as Exhibit 1 is a true and correct copy of the Consent Judgment and Permanent Injunction, with the Settlement Agreement attached, recently printed from the Northern District of California's website.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

SIGNED at Rohnert Park, California, on December 22, 2004.


/s/ Dana von Sternberg
Dana von Sternberg

SEADOCS:192286. 4

STATE OF CALIFORNIA   )
                           )  SS.
COUNTY OF SONOMA    )

       I certify that I know or have satisfactory evidence that Dana von Sternberg is the person who appeared before me and said person acknowledged that Dana von Sternberg signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the Vice President of EightStar Diamond Company to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

       DATED:  December 22, 2004.

| Notary Seal |
|:---:|
| |

/s/ Larry L. Shearhart
_____ (Print Name)
Notary Public
My appointment expires:  October 31, 2005

-4-

# EXHIBIT 1

1    James R. Forbes (SB # 114863)
     Darcy M Pertcheck (SB # 191408)
2    NIXON PEABODY LLP
     Two Embarcadero Center, Suite 2700
3    San Francisco, CA 94111-3996
     Telephone: (415) 984-8200
4    Facsimile: (415) 984-8300

5    Mark Robins, Esq.
     Robert Sherman, Esq.
6    Stephen LaRose, Esq.
     NIXON PEABODY LLP
7    100 Summer Street
     Boston, MA 02110-2131
8    Telephone: (617) 345-1000
     Facsimile: (617) 345-1300
9

10   Attorneys for Plaintiff
     HEARTS ON FIRE COMPANY, LLC

11

12

13                UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16   HEARTS ON FIRE COMPANY, LLC,          No. C 04-01913 MEJ

17               Plaintiff,         **CONSENT JUDGMENT AND**
                                        **PERMANENT INJUNCTION**

18       vs.

19   E.R. SAWYER JEWELERS CORPORATION,     ORDER FOR CLERK OF COURT TO
                                                CLOSE FILE

20               Defendant.

21

22

23

24        In order to effectuate and implement the Settlement Agreement by and between the parties to

25 this action (a copy of which is attached as Exhibit A; hereinafter referred to as "Settlement

26 Agreement"); and the parties having submitted themselves to the Court's jurisdiction; and the Court

27 having found that entry of this Consent Judgment and Permanent Injunction is necessary and proper

28 to consummate the settlement of this action;

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**
**CASE NO.: C 041913**                                          S445871.1

NOW, THEREFORE, upon agreement of the parties, it is ORDERED, ADJUDICATED, and DECREED as follows:

1.    Defendant E.R. Sawyer Jewelers Corporation ("E.R. Sawyer") and its agents, servants, employees, attorneys, successors, assigns, and all persons acting in concert or participation with them, are hereby ENJOINED from any and all publication, use, display, distribution, transmission, or dissemination (whether in person or through any medium now know or that may hereafter be created) of any materials containing any or all of either or both of the marks DREAM or THE WORLD'S MOST PERFECTLY CUT DIAMOND, as well as any confusingly similar variants thereof, including, without limitation, the phrase "the world's most perfectly cut diamond" and the phrase "what every diamond dreams of being."

3.    Within ten business days of execution of this Settlement Agreement, E.R. Sawyer is ORDERED to destroy all materials in its possession, custody, or control containing the marks DREAM or THE WORLD'S MOST PERFECTLY CUT DIAMOND, or any confusingly similar variant thereof, including, without limitation the phrase "the world's most perfectly cut diamond" and the phrase "what every diamond dreams of being."  Within three business days thereafter, E.R. Sawyer shall furnish HOF with a certification of the destruction of all such materials in the form attached hereto as Exhibit B .

4.    This Court shall retain continuing jurisdiction over the parties for the purpose of entering enforcement orders and such other and further ancillary relief as may be proper in the circumstances.

5.    Except insofar as the parties have stipulated to the entry of injunctive relief in favor of HOF and against E.R. Sawyer in this action, all claims are hereby dismissed with prejudice.  Each party shall bear its own costs.

\\\

CONSENT JUDGMENT AND PERMANENT INJUNCTION          -2-                                    S445871.1
CASE NO.: C 041913

1  HEARTS ON FIRE COMPANY,

2  By its attorneys,

3  *[signature]*

4  James R. Forbes (SB#114863)
   Darcy M. Pertcheck (SB#191408)
5  NIXON PEABODY LLP
   Two Embarcadero Center
6  Suite 2700
7  San Francisco, California 94111-3996
   Telephone:  (415) 984-8200
8  Facsimile:  (415) 984-8300

9  Robert P. Sherman, Esq.
   Mark D. Robins, Esq.
10 Stephen M. LaRose, Esq.
11 NIXON PEABODY LLP
   100 Summer Street
12 Boston, Massachusetts 02110-2131
   Telephone:  (617) 345-1000
13 Facsimile:  (617) 345-1300

14 Dated:  June 23, 2004

15

16 **Consented and agreed to:**

17 E.R. SAWYER JEWELERS CORPORATION

18

19 By: *[signature]* _____

20    Doug Van Dyke
      E.R. Sawyer Jewelers Corporation
21    638 4th Street
      Santa Rosa, California 95404

22

23 Date:  June 23, 2004

24

25 SO ORDERED:   The Clerk of Court shall close the file.

26 Dated:  July 7, 2004      _____

27                                     Unite
                                       North
28

CONSENT JUDGMENT AND PERMANENT INJUNCTION      -3-
CASE NO.: C 041913                                                    S445871.1

*[seal: UNITED STATES DISTRICT COURT — IT IS SO ORDERED — Magistrate Judge Maria-Elena James — NORTHERN DISTRICT OF CALIFORNIA]*

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** is made this *v͂/* day of June, 2004, by and between Hearts On Fire Company ("HOF"), a Massachusetts Limited Liability Company, with a principal place of business in Boston, Massachusetts, and E.R. Sawyers Jewelers Corporation ("E.R. Sawyer"), a California corporation with a principal place of business in Santa Rosa, California.

**WHEREAS**, a dispute has arisen between HOF and E.R. Sawyer arising out of E.R. Sawyer's use of certain trademarks on E.R. Sawyer's web site as outlined in the Complaint in an action styled *Hearts On Fire Company v. E.R. Sawyer Jewelers Corporation* (United States District Court for the Northern District of California, Civil Action No. 04-1913) (the "Litigation");

**WHEREAS**, HOF and E.R. Sawyer desire to resolve the Litigation in accordance with the terms of this Settlement Agreement;

**NOW THEREFORE**, in consideration of the mutual covenants and undertakings herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.      The parties to this Settlement Agreement will execute two duplicate originals of this Settlement Agreement.  The parties will also simultaneously execute a Consent Judgment and Permanent Injunction ("Consent Judgment"), in the form attached hereto as Exhibit 1.

2.      Upon execution of the duplicate originals of this Settlement Agreement and the Consent Judgment, HOF shall file the Consent Judgment with the court where the Litigation is pending.  A copy of this Settlement Agreement as executed shall be attached to the Consent Judgment as filed.

3.      Effective upon entry of the Consent Judgment, each party, on behalf of itself and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, releases and forever discharges the other party and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns from any and all known claims, debts, demands, actions, causes of action, damages, liabilities, defenses, suits, dues, sum and sums of money, accounts, and controversies of every kind, nature and description whatsoever, whether asserted or unasserted, which the releasing parties ever had, now has, or claims to have against any of the released parties by reason of any matter, cause, or thing whatsoever from the beginning of time until the date of this Settlement Agreement, including, but not limited to, any and all claims, causes of action, and defenses which were raised or could have been raised in the Litigation, *provided, however,* that the foregoing release does not apply to the following:  (i) any claim or cause of action for breach of this Settlement Agreement; (ii) HOF's right to obtain entry of the Consent Judgment and to any rights afforded to HOF by the Consent Judgment; and (iii) any claim, cause of action, or remedy available to HOF for any

violation of the Consent Judgment which occurs on or after the date on which the Consent Judgment is entered.

4.    In the event of any action to enforce this Settlement Agreement or the Consent Judgment, the prevailing party shall be entitled to recover attorneys' fees and costs incurred in connection with such action.

5.    The parties to this Settlement Agreement understand that once this Settlement Agreement is signed by each of them, each party to this Settlement Agreement is barred from proceeding against any other party to this Settlement Agreement based on any of the matters released herein.

6.    Each party to this Settlement Agreement represents and warrants to one another that:

    (a)    Such party has read and understood this Settlement Agreement;

    (b)    Such party has entered into this Settlement Agreement voluntarily;

    (c)    Such party has entered into this Settlement Agreement for reasons of its own, and not based upon the representation of any person, except as contained in this Settlement Agreement.

7.    This Settlement Agreement, including Exhibit 1 hereto, constitutes the entire agreement among the parties concerning resolution of this Litigation and it is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by each of the parties to this Settlement Agreement. Each of the parties to this Settlement Agreement hereby covenants, acknowledges, and agrees that no claim will be made at any time or place that this Settlement Agreement has been orally altered or modified in any respect.

8.    Any individual executing this Settlement Agreement on behalf of any party to this Settlement Agreement represents and warrants that such individual is duly authorized to enter into this Settlement Agreement on behalf of that party and that this Settlement Agreement binds that party.

9.    Each of the parties to this Settlement Agreement warrants that there has been no assignment, transfer, or other disposition of any of the claims that were asserted or could have been asserted in the Litigation or that are the subject of the releases set forth herein, and each of the parties warrants that it is entitled to give a full and complete release of all such matters.

10.    This Settlement Agreement shall inure to the benefit of, and be binding upon, the parties to this Settlement Agreement and their successors and assigns.

11.     In the event that any provision of this Settlement Agreement is held to be unenforceable, the other provisions of this Settlement Agreement shall remain in full force and effect.

12.     This Settlement Agreement, and any dispute arising out of, or relating to, this Settlement Agreement, shall be governed by the laws of the Commonwealth of Massachusetts. The parties agree to submit to the continuing jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing or resolving any dispute arising out of, or relating to, the Consent Judgment. The United States District Court for the Northern District of California shall have exclusive jurisdiction and venue over all such disputes or enforcement issues. Any other dispute arising out of, or relating to, this Agreement shall be adjudicated exclusively in any state or federal court of competent subject matter jurisdiction within the State of California. Each party consents to personal jurisdiction and venue in the state or federal courts in California in connection with any dispute governed by this Paragraph 12.

Entered as an instrument under seal:

HEARTS ON FIRE COMPANY

By:     _Gayle C. Sonia_
Title:  _Counsel_
Dated:  _6/28/2004_


E.R. SAWYER JEWELERS CORPORATION

By:     _Douglas Van Dyke_
Title:  _President_
Dated:  _6/23/2004_

## Exhibit B

### Certification

I, _Douglas Van Dyke_ , hereby certify under penalty of perjury, as follows:

1.    I am _President._ for E.R. Sawyer Jewelers Corporation ("E.R. Sawyer").

2.    I have responsibility for E.R. Sawyer's actions to comply with the Settlement Agreement between E.R. Sawyer and Hearts On Fire Company ("HOF"), as well as the Consent Judgment and Permanent Injunction to which E.R. Sawyer agreed to be bound in Civil Action No. C 04 1913 in the United States District Court for the Northern District of California.

3.    E.R. Sawyer has conducted a search for all materials bearing the mark THE WORLD'S MOST PERFECTLY CUT DIAMOND and/or any confusingly similar designations, including, without limitation, the phrase "the worlds most perfectly cut diamond." As of the date of signing this certification, all such materials in the possession, custody, or control of E.R. Sawyer have been destroyed.

4.    I have personal knowledge of the statements made in this certification.

Signed under penalties of perjury this _23_ day of _June_ , 2004.

**PROOF OF SERVICE**

**CASE NAME:** Hearts on Fire v. E.R. Sawyer Jewelers Corp.
**COURT:**    USDC - Northern District
**CASE NO.:**   C 041913
**NP FILE:**    812897.127252

    I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Two Embarcadero Center, Suite 2700, San Francisco, CA 94111-3996. On this date, I served the following document(s):

**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X  : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, California, for mailing to the office of the addressee following ordinary business practices.

    : By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

    : By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

    : By Facsimile — From facsimile number  at A.M./P.M., I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

Addressee(s)

Craig M. Stainbrook
JOHNSON & STAINBROOK, L.L.P.
3558 Round Barn Blvd., Suite 203
Santa Rosa, CA  95403
Tel: (707) 578-9333
Fax: (707) 578-3133

    I declare under penalty of perjury that the foregoing is true and correct. Executed on June 30, 2004, at San Francisco, California.

_____
CAROL C. DOWLING

-1-

S445883.1