UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>          Plaintiff,<br><br>      v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>          Defendant. | CIVIL ACTION NO. 04-12258-JLT |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**

  Plaintiff Hearts On Fire Company, LLC ("HOF") submits this memorandum of law in support of its motion to dismiss the counterclaims asserted by EightStar Diamond Company ("EightStar") for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), (6).

**INTRODUCTION**

  This action is brought by HOF to enforce its rights in two trademarks for which it has sought registration with the United States Patent and Trademark Office ("PTO"), The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond In The World™. In this action, HOF claims that EightStar has used designations to advertise its diamonds that are confusingly similar to HOF's trademarks. HOF sued under Section 43(a) of the Lanham Act—which allows actions to enforce marks not yet registered with the United States Patent and Trademark Office ("PTO"). 15 U.S.C. § 1125(a).

EightStar has answered the Complaint by denying that it has used or encouraged others to use any confusingly similar designation. In addition, however, and for reasons that would appear to reflect some belief that a tactical advantage will be achieved, EightStar has filed counterclaims seeking two declarations. First, EightStar seeks a declaration that HOF's marks cannot be registered by the PTO. Second, EightStar seeks a declaration that any use of the marks by EightStar or its retailers would not infringe HOF's rights.

This Court does not have subject matter jurisdiction to consider and adjudicate either of these claims, which must, therefore, be dismissed. The first declaration must fail because Congress has limited judicial jurisdiction over registrability of trademarks to final review of PTO decisions and to cancellation actions involving a registered mark. The second declaration must fail because EightStar has not alleged that it has taken concrete steps to use the marks in question; a requirement for establishing a justiciable controversy. Indeed, EightStar has denied such use. Both declarations must also fail because they are defenses that are incorrectly designated as counterclaims.

## BACKGROUND

HOF's Complaint alleges that "EightStar has repeatedly used and/or encouraged retailers to use on EightStar's behalf identical or highly confusingly similar designations" to HOF's trademark slogans The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™. Complaint ¶ 1. The Complaint was brought pursuant to Section 43(a) of the Lanham Act, the common law of unfair competition, and G.L. c. 93A, based on EightStar's violations of HOF's rights in these unregistered marks. Complaint Counts I-III.

In its Answer, EightStar has denied each allegation that it has used or encouraged others to use the marks or any confusingly similar designations. Complaint ¶¶ 1, 26, 27, 36-38, 43-48,

52-56, 61; Answer ¶¶ 1, 26, 27, 36-38, 43-48, 52-56, 61.  In addition to denying these allegations, EightStar has filed two counterclaims for declaratory relief—each of which is duplicative of its defenses.  In Count I, EightStar seeks a declaration of non-registrability with respect to HOF's applications before the PTO to register The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™.  EightStar alleges that HOF has applied to register these marks and acknowledges that "[n]either of the HOF claimed marks has yet registered on the United States Patent and Trademark Office's Principal Register."  Count I ¶¶ 2, 3.  The remainder of Count I asserts EightStar's contention that these slogans are not entitled to trademark protection and, hence, not entitled to registration.  Count I ¶¶ 4-9.

Count I also seeks a declaration that "use of  EightStar of the HOF claimed marks or similar phrases and marks do not constitute actionable unfair competition or trademark infringement as set forth in defendant's second claim for relief."  Count I ¶ 12.  Count II asserts that "HOF has no protectable interest in the HOF claimed marks and has likewise failed to allege any facts that support a claim of infringement against EightStar."  Count II ¶ 4.  Nowhere does EightStar allege that it is actually using the marks in question, that it is actually using any other designation that HOF has challenged, or that it has instigated such use by its retailers on its behalf.

## ARGUMENT

**I.     There is No Jurisdiction to Determine Registrability of a Mark Not Yet Registered by the PTO.**

EightStar's request for a declaration of non-registrability (Count I) must fail because there is no registered mark at issue.

The Lanham Act provides two—and only two—bases for judicial jurisdiction over registrability: (i) appeals from final PTO rulings on registrability; and (ii) counterclaims for cancellation of a registered mark. Neither basis applies here.

First, with respect to appeals from final PTO rulings on registrability, Section 17 of the Lanham Act allows a party dissatisfied with a PTO examiner's decision to approve an application for registration to file a proceeding with the PTO's Trademark Trial and Appeal Board. 15 U.S.C. § 1067. In the case of proceedings to oppose pending applications, only after the conclusion of the Trademark Trial and Appeal Board proceeding may a participant appeal to a federal district court pursuant to Section 21(b) of the Lanham Act: "Whenever a person authorized by subsection (a) of this section [specifying persons entitled to oppose registration before the PTO] is dissatisfied with the decision of the Director or Trademark Trial and Appeal Board, said person may . . . have remedy by a civil action. . . ." 15 U.S.C. § 1071(b). Section 21(b) does not apply for two reasons: first, EightStar did not participate in any opposition proceeding before the Trademark Trial and Appeal Board; and, second, there has been no decision by the Director or by the Trademark Trial and Appeal Board that can be appealed. Absent an appeal under Section 21(b), federal district courts have no subject matter jurisdiction over the question of whether the PTO should issue a final registration.

Second, with respect to cancellation counterclaims—the other basis for jurisdiction over registrability—Section 37 of the Lanham Act provides: "In any action involving *a registered mark* the court may determine the right to registration, order the cancellation of registrations . . . and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119 (emphasis added). This section does not apply because this case is not "an[] action involving a registered mark. . . ." 15 U.S.C. § 1119. None of HOF's trademark

4

applications have matured into final registrations. Rather, HOF has brought suit to enforce its rights in unregistered marks pursuant to Section 43(a), 15 U.S.C. § 1125(a).[1]

Of the various types of proceedings that Section 17 allows to be brought before the Trademark Trial and Appeal Board, an action to cancel a registered mark is the only one that may be brought alternatively in federal district court. The Lanham Act does not confer similar overlapping jurisdiction on federal courts for proceedings to oppose registration of a pending application. Accordingly, absent an appeal under Section 21(b) or a cancellation counterclaim in a proceeding involving a final registration under Section 37, there is no federal jurisdiction over the question of registrability. *See, e.g., Merrick v. Sharp & Dohme, Inc.*, 185 F.2d 713, 717 (7th Cir. 1950) ("The courts of the United States have no jurisdiction over registration proceedings except that appellate jurisdiction given to them by the Trade-Mark Act."), *cert. denied*, 340 U.S. 954 (1951); *Windsurfing Int'l Inc. v. AMF Inc.*, 828 F.2d 755, 758 (Fed. Cir. 1987) ("Under the Lanham Act, district courts have the power to cancel registrations, but only in an 'action involving a registered mark.'") (quoting 15 U.S.C. § 1119); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, No. 97-C-155-C, 1998 U.S. Dist. LEXIS 11919, *34 (W.D. Wis. June 24, 1998) ("[T]his court is without authority to determine the ultimate registerability of the parties' 'St. Louis Rams' marks or direct the PTO's disposition of the pending trademark applications."), *aff'd on other grounds*, 188 F.3d 427 (7th Cir. 1999), *cert. denied*, 528 U.S. 1188 (2000).

Nor can EightStar use declaratory judgment claims to circumvent these jurisdictional rules. *See, e.g., Johnny Blastoff*, 1998 U.S. Dist. LEXIS 11919, at *29-*35 (dismissing

---

[1] The fact that HOF has applied to register the marks at issue does not satisfy Section 37's requirement that a counterclaim for cancellation must challenge a registered mark. *See, e.g., GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 240 (S.D.N.Y. 2000) ("GMA first argues that Section 37 is inapplicable to its pending trademark application. I agree."). "Section 37 does not permit a court to cancel a pending trademark application." 1 JEROME GILSON, ET AL., TRADEMARK PROTECTION AND PRACTICE § 4.10[3], 4-101 (Rel. 53 2004).

declaratory judgment claims to determine registrability of marks whose final registration has not been determined by PTO, even though other claims in lawsuit would decide issues that would affect registrability). Accordingly EightStar's requested declaration of non-registrability in Count I must be dismissed.

**II.     EightStar Has Failed to Establish a Justiciable Controversy Because it Denies Use of the Marks at Issue and Does Not Allege any Definite and Concrete Plan to Use the Marks at Issue.**

The Court similarly lacks subject matter jurisdiction over EightStar's requested declaration of non-infringement (Counts I and II) because EightStar has not established the requisite justiciable controversy.

In order to establish a justiciable case or controversy that gives rise to federal subject matter jurisdiction, a declaratory judgment claimant must satisfy two prerequisites. The first—which is not at issue here—requires a real and reasonable apprehension of litigation. The second—which EightStar has failed to establish—is a requirement that the declaratory judgment claimant have engaged in a course of conduct bringing it into adversarial conflict with the other party. *See Windsurfing*, 828 F.2d at 757-58 (citations omitted); *accord McInnis-Misenor v. Me. Med. Ctr.*, 319 F.3d 63, 70 (1st Cir. 2003) (holding that fitness for judicial resolution prong of ripeness test for subject matter jurisdiction requires determination of "whether the claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all") (citations and internal quotation marks omitted).

"In the trademark context, the mere vague and unspecific desire to use a mark is too contingent to give rise to an actual controversy. . . . Rather, there must be a definite intent and apparent ability to commence use of the mark." *Golden Gulf Corp. v. Jordache Enters., Inc.*, 896 F. Supp. 337, 340 (S.D.N.Y. 1995) (citations and internal quotation marks omitted).

6

"Without actual use or the immediate intention to use the marks, there is no justiciable controversy." *Banff, Ltd. v. Federated Dep't Stores, Inc.*, 657 F. Supp. 336, 339 (S.D.N.Y. 1987) (citations omitted).

Although HOF sued EightStar for using and encouraging others to use designations confusingly similar to HOF's trademarks, EightStar has denied each allegation by HOF that it has used or assisted others in using any of the marks at issue or any confusingly similar designations.  Complaint ¶¶ 1, 26, 27, 36-38, 43-48, 52-56, 61; Answer ¶¶ 1, 26, 27, 36-38, 43-48, 52-56, 61.[2]  Nowhere in its counterclaims does EightStar allege that it used or instigated others to use any mark at issue or any designation challenged by HOF as confusingly similar.

Courts have consistently held that a party such as EightStar cannot establish a justiciable case or controversy where it has not alleged that it actually uses a mark or designation claimed to violate the other party's rights or has taken concrete and definite steps to implement such use. *See, e.g., Mueller Co. v. United States Pipe & Foundry Co.*, 71 U.S.P.Q.2d 1849, 1853 (D.N.H. 2004) ("U.S. Pipe has failed to allege facts sufficient to show conduct on its part evincing a definite intent and apparent ability to use the redesigned hydrant.  Its counterclaim for a declaratory judgment that the redesigned hydrant will not infringe any of the plaintiffs' trademark rights is therefore unripe for review at this point."); *Windsurfing*, 828 F.2d at 758 (holding that allegations that declaratory judgment claimant was "interested in using" and had

---

[2]  Although a party may plead alternative theories under Rule 8(e)(2), that rule is by its own terms subject to Rule 11.  Thus, "a pleader may assert contradictory statements of fact only when legitimately in doubt about the facts in question."  *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996); *accord Soto-Negron v. Taber Partners I*, 339 F.3d 35, 38 (1st Cir. 2003) ("We need not . . . accept as true all facts in the complaint:  We exempt, of course, those 'facts' which have since been conclusively contradicted by plaintiffs' concessions or otherwise.") (citations and internal quotation marks omitted).  EightStar cannot be legitimately in doubt as to whether it has used the marks at issue or encouraged others to do so on its behalf.  *See, e.g, In re Livent, Inc. Noteholders Secs. Litig.*, 151 F. Supp. 2d 371, 407 (S.D.N.Y. 2001) ("Rule 8(e)(2) could not coherently contemplate that plaintiffs pressing a claim of fraud would be allowed to make a factual assertion in one paragraph of the complaint declaring that they were not aware of some material information, and in another part of the same claim concede that they relied detrimentally upon that same factual representation as the basis for recovery.").  In any event, EightStar has not even pleaded any such use in the alternative.  It has simply denied the allegations of use and sought a declaration that any use would be permissible.

"desire" to use other party's mark was insufficient evidence of "any course of conduct, or indeed, any conduct at all, that has brought it into adversarial conflict with [the other party] respecting [the other party's] trademarks").

### III. EightStar's "Counterclaims" Must Be Dismissed Because They are Improperly Labeled Defenses.

Finally, each of EightStar's counterclaims must be dismissed because they are improperly labeled defenses, dressed up as affirmative claims for relief.

Under Rule 8(c), a defense designated as a counterclaim must be denied counterclaim status. Fed. R. Civ. P. 8(c) ("When a party mistakenly designated a defense as a counterclaim . . . , the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."). Furthermore, where that "counterclaim" merely seeks a declaration of rights to be established in litigating the substantive claims, any need for declaratory relief is mooted.

Accordingly, courts have repeatedly held that a defendant such as EightStar cannot establish jurisdiction under the Declaratory Judgment Act by asserting a counterclaim for declaratory relief that merely mirrors its defenses to the substantive claims against it. *See, e.g., Marvel Comics Ltd. v. Defiant*, 837 F. Supp. 546, 550 (S.D.N.Y. 1993) ("The test that is generally applied to determine whether declaratory relief should be granted is whether it is relatively certain that coercive litigation will eventually ensue between the parties if a declaration is refused. . . . Here, the impending trial on the issues of trademark infringement and unfair competition will effectively fulfill any real practical need of the parties for guidance in their future conduct.") (citations and internal quotation marks omitted); *Rayman v. Peoples Savs. Corp.*, 735 F. Supp. 842, 853 (N.D. Ill. 1990) ("Regardless of the label attached to it by Flanagans, Counterclaim III—seeking no affirmative relief as against Rayman other than an adjudication that the sale of Crest was illegal—is really an affirmative defense to the

enforcement of Flanagans' guaranties.  It adds nothing to the pleadings Flanagans have already put before this Court.  This Court will simply disregard that duplicative count. . . .").

## CONCLUSION

For the reasons set forth above, EightStar's counterclaims should be dismissed with prejudice.

        HEARTS ON FIRE COMPANY, LLC

        By its attorneys,

        /s/ Mark D. Robins
        _____
        Robert P. Sherman, Esq. (BBO #548540)
        Mark D. Robins, Esq. (BBO #559933)
        Stephen M. LaRose, Esq. (BBO #654507)
        NIXON PEABODY LLP
        100 Summer Street
        Boston, MA 02110
        (617) 345-1000

Dated:  January 10, 2005