UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO. 04-12258-JLT |

**PLAINTIFF HEARTS ON FIRE COMPANY, LLC'S OPPOSITION TO DEFENDANT'S
MOTION FOR CHANGE IN VENUE AND REQUEST FOR ORAL ARGUMENT**

　　　Plaintiff Hearts On Fire Company, LLC ("HOF") submits this opposition to Defendant EightStar Diamond Company's ("EightStar") motion to transfer venue to the Northern District of California.

**INTRODUCTION**

　　　HOF is one of the industry leading distributors of cut diamonds.  HOF is based in Massachusetts and has brought this action in Massachusetts, its forum state, to enforce its rights in two trademarks, The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond In The World™.  HOF alleges that EightStar has intentionally violated HOF's trademark rights and has also orchestrated a campaign by EightStar retailers located across the country to use HOF's trademarks on the Internet to promote EightStar's competing goods and to steer Internet users to EightStar's web site.  HOF has recently moved to add as a party one such retailer, a North Carolina entity, as a result of its continued infringement on EightStar's behalf

after the Complaint was filed. The harm to HOF in its forum state and the intent by EightStar to cause harm to HOF in Massachusetts as a result of these concerted activities is manifest.

In the face of the heavy presumption of convenience afforded to the forum chosen by HOF as the plaintiff, EightStar has moved to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a). In its motion, EightStar simply ignores—as if it is of no consequence—the presumption that HOF's chosen forum is convenient and sidesteps the evidentiary standards required to overcome that presumption. Instead, EightStar offers conclusory assertions about the convenience of California to unnamed witnesses, the relevance of whose testimony is also left unstated.

EightStar also purports to bring its motion under Rule 12(b)(3) governing proper venue, and EightStar's argument under § 1404(a) wanders into this area, as well as into the issue of personal jurisdiction. EightStar waived any defense under Rule 12(b)(3) by failing to raise such defense in its answer, and EightStar has not moved to dismiss for lack of personal jurisdiction; EightStar injects the issue of personal jurisdiction into this case simply as a distraction. In any event, EightStar's orchestrated campaign of intentionally infringing HOF's trademarks over the Internet is more than sufficient to establish venue and personal jurisdiction. EightStar's motion should be denied and this case should remain and be adjudicated in this district.

## BACKGROUND

HOF's Complaint alleges that EightStar has intentionally infringed HOF's trademarks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond In The World™, that EightStar has orchestrated a campaign of concerted action by its retailers to use HOF's trademarks on EightStar's behalf, and that the retailers are engaging in this conduct by using HOF's trademarks on their web sites to promote the sale of EightStar's diamonds and to

steer Internet users to EightStar's web site to misappropriate the good will of HOF, a Massachusetts company. Complaint ¶¶ 7-8, 21-38. EightStar acknowledges that its diamonds are sold across the country (including Massachusetts) and that its sales are promoted via the Internet. Von Sternberg Aff. ¶¶ 12, 18.

HOF has alleged three instances in which EightStar retailers are using identical or nearly identical copies of HOF's trademarks to promote EightStar and EightStar's competing goods. In each instance, HOF has taken action to enforce its rights against these retailers.

In the first such instance, based on the facts available to HOF at the time, HOF sued E.R. Sawyer Jewelers Corp. ("E.R. Sawyer"), an EightStar retailer, in the Northern District of California. EightStar was not a party to that lawsuit. E.R. Sawyer entered into a Consent Judgment and Permanent Injunction. Complaint ¶¶ 29-30.[1] The conduct that has subsequently taken place involves other retailers in other locations that are by no means convenient to the Northern District of California. Collectively, these events make clear that the conduct at issue is the intentional use of HOF's trademarks through multi-jurisdictional activities (the full extent of which remains to be discovered) to benefit EightStar by misappropriating the good will of HOF, a Massachusetts company.

Subsequent to the settlement with E.R. Sawyer, HOF sent a demand letter to another EightStar retailer, The Jewelry Source, which was using one of HOF's trademarks to promote EightStar merchandise. Complaint ¶ 31. EightStar has identified The Jewelery Source as being located in Los Angeles County. Von Sternberg Aff. ¶ 8. Accordingly, The Jewelry Source is not

---

[1] Curiously, EightStar purports to claim some protection from the settlement agreement that HOF entered into with E.R. Sawyer. EightStar was *not* a party to that settlement agreement (which released only known claims pre-dating the settlement agreement), and, while EightStar seeks protection from that settlement, presumably EightStar is not willing to submit to a contempt citation for conduct subsequent to the Consent Judgment and Permanent Injunction.

3

within the subpoena power of the Northern District of California, to which EightStar would have this action transferred.

Then, immediately before bringing this lawsuit, HOF discovered infringement by an EightStar retailer in North Carolina, GRS Jewelers, Inc. d/b/a Grimball Jewelers ("Grimball"). Initially, Grimball was not joined as a party to this lawsuit because HOF had obtained assurances from Grimball that it would cease its infringement. Complaint ¶¶ 33-34. When HOF subsequently learned that Grimball was continuing to use one of HOF's trademarks to promote EightStar merchandise on its web site and to link Internet users to EightStar's web site, HOF filed a motion to amend to add Grimball as a party. That motion remains pending. Adjudication of the facts regarding Grimball's infringement of HOF's trademark rights will involve witnesses and documents that are located in North Carolina.

Fundamentally, the multi-jurisdictional activities that are at the heart of this case are deliberately intended to injure HOF, a Massachusetts-based company. It is simply not plausible that multiple EightStar retailers coincidentally all independently decided to use identical or nearly identical copies of HOF's trademarks to promote EightStar and its merchandise without instigation or coordination by EightStar or that EightStar had no knowledge that Internet users were being steered to its web site through links making use of HOF's trademarks. This is particularly so where the activity follows EightStar's public comments about HOF's success in establishing its trademarks. Complaint ¶ 27. Furthermore, EightStar's web site actually tracks referrals from web sites such as that operated by Grimball. Sonia Aff. ¶¶ 16-17 & Exs. C-D.

Apart from jurisdictionally related defenses, defenses based on the E.R. Sawyer settlement agreement, and equitable defenses of laches and estoppel, EightStar has raised two affirmative defenses in which it challenged whether HOF's trademarks function as trademarks

4

and are protectable as such. Separate and Affirmative Defense ¶¶ 6-7. EightStar has also raised one affirmative defense based on its purported lack of authority to control its retailers. Separate and Affirmative Defenses ¶ 8.

Thus, this litigation will inevitably involve multi-jurisdictional discovery and witnesses who are remote from any forum in which the case is litigated. Discovery on the issues of use by EightStar's retailers of HOF's marks, and EightStar's involvement in those activities, is not likely to involve complex and document-intensive proof. By contrast, evidence of how HOF's trademarks have been used and of the distinctiveness and strength that they have acquired as trademarks is located primarily in Massachusetts, comprises numerous boxes of documents, and will require testimony from multiple HOF personnel in Massachusetts. Sonia Aff. ¶¶ 3-14.

## ARGUMENT

**I.     EightStar Has Failed to Overcome the Strong Presumption in Favor of the Plaintiff's Chosen Forum.**

Courts in the First Circuit have consistently held that there is a strong presumption in favor of the forum chosen by the plaintiff. *See, e.g., Systemation, Inc. v. Engel Indus., Inc.*, 992 F. Supp. 58, 63 (D. Mass. 1997) ("Unless the defendant carries its burden, the plaintiff's choice of forum is given considerable deference.") (citations omitted); *Shipley Co. v. Clark*, 728 F. Supp. 818, 823 (D. Mass. 1990) (Tauro, J.) ("The overriding principle in any transfer analysis . . . is that the plaintiff's choice of forum is entitled to great weight.") (citation omitted). "The plaintiff's choice of forum will be disturbed only rarely." *Champion Exposition Servs., Inc. v. Hi-Tech Elec., LLC*, 273 F. Supp. 2d 172180 (D. Mass. 2003) (citation omitted). This presumption is entitled to added weight where, as here, the plaintiff is a resident of its chosen forum. *See Emissive Energy Corp. v. Armament Sys. & Procedures, Inc.*, CA 03-528L, 2004 U.S. Dist. LEXIS 18437, *14 (D.R.I. Aug. 2, 2004) (citation omitted). Presumably because it

5

cannot muster any argument to counter this presumption in favor of the plaintiff's choice of forum, EightStar simply ignores the settled law establishing its fundamental impact on the transfer analysis.

Because the forum chosen by the plaintiff is presumptively convenient, courts have repeatedly held that a party moving to transfer under § 1404(a) has the burden to come forward with evidence that overcomes this presumption. *See, e.g., Systemation*, 992 F. Supp. at 63; *Shipley*, 728 F. Supp. at 823. In determining whether EightStar has met this burden, "the Court must balance several factors, including the convenience of the parties and witnesses, the availability of documents and the interests of justice." *Workgroup Technology Corp. v. MGM Grand Hotel, LLC*, 246 F. Supp. 2d 102, 116 (D. Mass. 2003) (citation omitted).

> [The plaintiff] should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistence, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative or legal problems.

*Reebok Int'l Ltd. v. Dunkadelic, Inc.*, No. 03-CV-11471-GAO, 2004 U.S. Dist. LEXIS 3167, *8 (D. Mass. March 2, 2004) (quoting *Nowak v. Tak How Invs. Ltd.*, 94 F.3d 708, 720 (1st Cir. 1996)).

When a party such as EightStar attempts to meet this heavy burden, it cannot rely on generalized allegations. Rather, EightStar must produce details such as the names of specific witnesses from specific locations with the subject areas of their anticipated testimony and a precise description of what types of physical evidence can be found in what locations and why such evidence cannot readily be presented in the plaintiff's chosen forum. *See, e.g., Brian Jackson Co. v. Eximias Pharmaceutical Corp.*, 248 F. Supp. 2d 31, 38 (D. Mass. 2003) ("When a

6

party seeks the transfer on account of the convenience of witnesses under § 1404(a), he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.") (citation omitted); *Systemation*, 992 F. Supp. at 63 ("A defendant's general allegations as to the location of books and records and the inconvenience to witnesses is not sufficient; more precise allegations are required.") (citations omitted); *Shipley*, 728 F. Supp. at 823-24 ("[W]hen a party seeks a transfer on account of the convenience of witnesses . . . , he must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover.") (citations omitted).

When viewed in light of the proper legal standard, EightStar's showing falls decidedly short. Not only did HOF bring suit in the forum of its residency, but EightStar's defenses are focused on whether HOF's trademarks are properly protectable as such. The evidence supporting the strength and distinctiveness acquired by HOF's marks and their use as trademarks resides in Boston. Specifically, this evidence consumes numerous boxes of documents. Similarly, HOF's key witnesses on this subject are located in Boston. Sonia Aff. ¶¶ 3-14. By contrast, with respect to evidence in the files of EightStar or other witnesses, EightStar "has not made a particular showing as to the actual number or relative importance of those documents or that they are particularly bulky or difficult to transport, . . . nor has [EightStar] submitted proof that it is somehow a greater imposition for [EightStar] to bring its evidence to [Massachusetts] than for [HOF] to bring its evidence to [California]." *Emissive*, 2004 U.S. Dist. LEXIS 18437, at *21 (citations omitted).

Similarly, EightStar has failed entirely to meet its burden of identifying specific witnesses from specific locations who will testify on specific subjects and for whom testifying in this jurisdiction will be inconvenient for specific reasons. *See, e.g., Shipley*, 728 F. Supp. at 824

("Here, defendants merely allege that all of the essential evidence and witnesses are located in or near Michigan. . . . Such a bald assertion is insufficient."). The fact that it would be more convenient for EightStar to litigate in its home forum is not a reason to transfer the case. *See, e.g., Brian Jackson*, 248 F. Supp. 2d at 38 ("Inconvenience to the defendant is not sufficient to grant § 1404(a) relief, where the transfer would merely shift the convenience to the other party.") (citations omitted); *Emissive*, 2004 U.S. Dist. LEXIS 18437, at *17 ("Where each party and its business are located in a different state, the factor of convenience for the parties is not likely to be decisive. . . . This is because tearing either party away from its enterprises for a remote trial would cause that party inconvenience and expense.") (citations omitted).[2]

      Furthermore, EightStar ignores the multi-jurisdictional nature of the activities at issue. EightStar sells to retailers in numerous states. Only three of those retailers have been identified in the Complaint, but the Complaint alleges that EightStar has engaged in a systematic course of instigating infringement of HOF's rights by its retailers. One of the three identified retailers is located in North Carolina—far from the forum to which EightStar would have the action transferred, and HOF has moved to add that North Carolina retailer to this action. Another is located in Los Angeles County—outside the subpoena power of the Northern District of California. Where, as here, a complaint involves witnesses scattered over multiple jurisdictions, this factor will not overcome the plaintiff's choice of forum. *See, e.g., Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 93 (D.D.C. 1998) ("The fourth factor [i.e., convenience of the parties] is inconclusive because although only one party is convenient to the forum . . . , the others are scattered throughout the country and no more convenient forum is readily apparent."); *Shaw Group, Inc. v. Natkin & Co.*, 907 F. Supp. 201, 205 (M.D. La. 1995) ("The convenience of the

---

[2]    It should be noted that EightStar's convenience argument is further undermined by a fact that its counsel is in
*(Footnote continued on next page)*

witnesses favors neither Louisiana nor Tennessee, as witnesses are scattered across the country."); *Van Ommeren Bulk Shipping, B.V. v. Tagship, Inc.*, 821 F. Supp. 848, 850 (D. Conn. 1993) ("The court finds that there is no reasonably convenient forum for a major portion of the witnesses likely to be called in this case.  The myriad locations of the witnesses do not favor either Connecticut or Florida. . . .  [T]he court will defer to the right of the plaintiff to choose its forum."); *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F. Supp. 993, 997 (S.D.N.Y. 1990) ("The myriad locations of the witnesses do not favor either forum.").

EightStar also claims that it would be subject to disproportionate financial hardship from litigating in Massachusetts.  However, EightStar merely asserts in its brief that there are "heavy demands of operating small jewelry businesses in the current economy" but offers no evidence in support of either this contention or any other claimed disproportionate hardship.  EightStar is substantial enough to sell its goods throughout the country, including in Massachusetts.  Even if this circumstance were supported by competent proof, it is not sufficient to override the other factors.  Indeed, this Court refused to transfer even where the "defendants represented that their company is in financial straits." *Shipley*, 728 F. Supp. at 824 n.17.  In addition, it has been recognized in this jurisdiction that the "burden in maintaining a business while litigating this action should be tempered by modern means of communication that allow a party to litigate in one state while remaining for the majority of the time in his own state." *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F. Supp. 34, 47 (D. Mass. 1997).

Accordingly, EightStar has failed to sustain its heavy burden under § 1404(a).

---

*(Footnote continued from previous page)*
    Washington state—not the jurisdiction to which EightStar would have this case transferred.

**II.     EightStar Waived Any Proper Venue Defense, and, in any Event, Venue is Proper in Light of EightStar's Orchestration of a Campaign of Infringing the Trademarks of a Massachusetts Company Over the Internet.**

EightStar purports to bring its motion under Rule 12(b)(3) in addition to § 1404(a), and much of EightStar's argument under § 1404(a) wanders into issues of both proper venue and personal jurisdiction. EightStar has not moved to dismiss for lack of personal jurisdiction, and it waived any venue defense by not asserting that defense in its Answer. In any event, venue in this district is proper, and EightStar's discussion of these issues is simply an attempt to direct attention from EightStar's complete failure to address the proper standard of proof for moving to transfer under § 1404(a).

Rule 12(h) unequivocally requires a defendant to raise any defense based on improper venue in its initial responsive pleading or in a motion prior to its initial responsive pleading: "Every defense, in law or fact, to a claim for a relief in any pleading . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may . . . be made by motion: . . . (3) improper venue . . . . A motion making any of these defenses shall be made before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(h). EightStar's Answer raised no defense pursuant to Rule 12(b)(3). EightStar's transfer motion was filed after its Answer. *Cf. Emissive*, 2004 U.S. Dist. LEXIS 18437, at *19 ("Although it seems to imply otherwise, Armament has not disputed that it is subject to personal jurisdiction in Rhode Island. Neither this motion [under § 1404(a)] nor any other filed by Armament raises a claim based on Federal Rule of Civil Procedure 12(b)(2). . . . Such a defense is considered waived if not raised in an initial responsive pleading.") (citations omitted).

Assuming *arguendo* that EightStar had not waived a defense based on proper venue, it is clear that venue is proper on two grounds. First, venue may be asserted over a corporate

defendant in the plaintiff's forum of residence if there is personal jurisdiction over the defendant in that forum. 28 U.S.C. § 1391(b)(1), (c). EightStar has chosen not to move to dismiss for lack of personal jurisdiction at this time. However, EightStar claims that its web site is not sufficiently interactive to justify the assertion of personal jurisdiction over it. In making this claim, EightStar mischaracterizes the nature of the conduct taking place over the Internet and the nature of the web sites in question. The conduct at issue is EightStar's intentional use of the trademarks of HOF, a Massachusetts company, including the orchestration of use on its retailers' web sites to promote EightStar's goods and to steer Internet users to EightStar's web site. Courts have recognized that such intentionally tortious conduct over the Internet is inherently likely to give rise to personal jurisdiction in the forum state of the plaintiff.[3] Furthermore, contrary to EightStar's assertions about non-interactivity, Grimball's web site contains a mechanism to submit e-mails to Grimball, and EightStar's web site contains a similar mechanism whereby users can submit messages and contact information (including e-mail addresses for future exchanges) to EightStar, as well as other features that enable users to download a variety of information. Sonia Aff. ¶¶ 15-25 & Exs. A-J. Contrary to EightStar's assertion, in this jurisdiction, such messaging features have been held to be interactivity that favors treating the web site as a jurisdictional contact.[4]

---

[3]   *See, e.g., Venture Tape Corp. v. McGills Glass Warehouse*, 292 F. Supp. 2d 230, 233 (D. Mass. 2003) ("Like a gunman firing across a state line . . . , or an out-of-state journalist writing a libelous story about a Massachusetts resident, McGills allegedly directed harmful acts at a Massachusetts entity. Thus, while the mere existence of an interactive website might not be enough to establish personal jurisdiction of McGills in a randomly chosen East Coast state, McGills' alleged misuse of trademarks belonging to a Massachusetts company is enough to constitute minimum contacts for the purposes of establishing jurisdiction."); *see also Hugel v. McNell*, 886 F.2d 1, 4 (1st Cir. 1989) ("The knowledge that the major impact of the injury would be felt in the forum State constitutes a purposeful contact or substantial connection whereby the intentional tortfeasor could reasonably expect to be haled into the forum State's courts to defend his actions.") (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)).

[4]   *See Hasbro*, 994 F. Supp. at 45 (finding jurisdiction over out of state defendant that used plaintiff's trademark on defendant's web site: "Additionally, Clue Computing's Web site is interactive, encouraging and enabling anyone who wishes, including Massachusetts residents, to send email to the company."); *Venture Tape*, 292 F.

*(Footnote continued on next page)*

Second, quite apart from personal jurisdiction as a basis for venue, the allegations that EightStar intentionally infringed HOF's trademarks through the use of interactive web sites are more than sufficient to establish venue on the basis that this action was brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part property that is the subject of the action is situated. . . ." 28 U.S.C. § 1391(b)(2). *See IA, Inc. v. Thermacell Technologies, Inc.*, 983 F. Supp. 697, 701 (E.D. Mich. 1997) ("The alleged misrepresentations that underlie the Lanham Act claim appear on an interactive web site in Michigan, which is also where the plaintiff's products are located.").

Accordingly, even if EightStar had not waived a proper venue defense under Rule 12(b)(3)—which it has—the defense is unavailing.

---

*(Footnote continued from previous page)*
Supp. 2d at 231 ("The site is interactive in that users located anywhere in the country (or, indeed, the world) may use it to place orders, to e-mail the company, or to subscribe to its mailing list.").

## CONCLUSION

For the reasons set forth above, EightStar's motion to change venue should be denied.

## REQUEST FOR ORAL ARGUMENT

HOF believes that oral argument may assist the Court and requests the opportunity to be heard in connection with EightStar's motion to change venue.

>HEARTS ON FIRE COMPANY, LLC
>
>By its attorneys,
>
>
>/s/ Mark D. Robins
>_____
>Robert P. Sherman, Esq. (BBO #548540)
>Mark D. Robins, Esq. (BBO #559933)
>Stephen M. LaRose, Esq. (BBO #654507)
>NIXON PEABODY LLP
>100 Summer Street
>Boston, MA 02110
>(617) 345-1000

Dated: January 11, 2005