UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>EIGHTSTAR DIAMOND COMPANY,  )<br>  )<br>Defendant.  ) | Civil Action No. 04 12258-JLT |

**DEFENDANT EIGHTSTAR DIAMOND COMPANY'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT**

**INTRODUCTION**

In its Motion to Amend/Motion to Add a New Party ("Motion to Amend"), Plaintiff Hearts on Fire Company, LLC ("HOF") seeks to add GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball") as a defendant. This Court lacks personal jurisdiction over the proposed new defendant, so HOF's motion should be denied as futile.

**FACTS**

On October 26, 2004, HOF sued California-based EightStar Diamond Company ("EightStar") in the District of Massachusetts, alleging that EightStar intentionally used slogans similar to two unregistered marks which HOF claims exclusive rights to use in commerce: THE MOST PERFECTLY CUT DIAMOND IN THE WORLD and THE WORLD'S MOST PERFECTLY CUT DIAMOND. HOF's claims for Unfair Competition under 15 U.S.C. §1125(a) and common law and for Unfair and Deceptive Acts and Practices

under Mass. Gen. Laws ch. 93A are grounded on the allegations that EightStar "encouraged its retailers" to use these unregistered trademarks or slogans or marks similar to them. (See Complaint). EightStar has vehemently denied that HOF holds the exclusive rights it claims, has asserted counterclaims against HOF seeking an early determination that HOF does not have the rights it claims, and has also moved this Court to transfer venue for this action to California.

HOF has now moved to amend its complaint to add Grimball as a new party. Grimball is one of those EightStar "retailers" whom HOF accuses of bad acts. EightStar believes that Grimball has accurately referred to EightStar diamonds in commerce as the best or most perfectly cut diamonds because Grimball believes that is true. HOF characterizes Grimball's statements as unfair competition/trademark infringement. In either event, because Grimball is a small, North Carolina-based jewelry retailer that operates only a simple, *non-interactive* website, this Court does not have jurisdiction over it.

HOF acknowledges in its amended complaint that Grimball's only retail store is located in Chapel Hill, North Carolina. (HOF's Amended Complaint, ¶ 5). HOF also alleges that Grimball has an *"interactive website"* that links to EightStar's website. (HOF's Amended Complaint, ¶8(b)). Significantly, HOF's Motion to Amend and its Amended Complaint are void of any allegations that Grimball transacts or solicits business in Massachusetts, or that Grimball has committed any acts in Massachusetts which resulted in tortious injury to HOF.

## ARGUMENT

This Court should deny HOF's Motion to Amend its complaint because it is futile. Allegations that a retail jewelry store operated exclusively in Chapel Hill, North Carolina,

which does not transact or solicit any business in the commonwealth of Massachusetts provides no basis for this Court to assert jurisdiction over the proposed defendant. Further, HOF's proposed claim against Grimball under Mass.Gen. Laws ch. 93A must fail because HOF has failed to allege that the unfair and deceptive acts occurred "primarily and substantially in the Commonwealth" as required by Mass. Gen. Laws ch. 93A.

### I. HOF'S CLAIMS AGAINST THE PROPOSED DEFENDANTS ARE FUTILE.

It is well settled that leave to amend a pleading may be denied when the proffered claim is futile. See Bhakta v. Baybank, 1994 WL 236590, *5 (Jan. 7, 1994 D. Mass.) (denial of motion to add 93A claim); Debrecini v. Bru- Jell Leasing Corp., 710 F. Supp. 15, 19 (D. Mass 1989) ("For a court to grant a motion to amend, only to turn around and dismiss the claims upon the filing of a properly interposed motion to dismiss, would be a waste of time for both the court and counsel.").

Where a proposed amendment leaves a court without jurisdiction over the proposed defendant or claims, it is futile and need not be permitted. See World Wide Minerals Ltd. v. Republic of Kazakhstan, 116 F. Supp. 2d 98 (D.D.C., 2000) (proposed amended complaint would not survive motion to dismiss, given absence of jurisdiction over defendants, and therefore proposed amendment was futile); see also Paramount Pictures Corp. v. Replay TV, 298 F. Supp. 2d 921 (C.D.Cal. 2004) (where a proposed amendment leaves a court without subject matter jurisdiction to hear the claims presented, it is futile and need not be permitted); Ricciardi v. Kone, Inc., 2003 WL 21145479 (E.D.N.Y. 2003) (proposed amendment to complaint would be "futile," as would warrant denial of leave to amend complaint, when amendment adds claim and party over which court lacks subject matter jurisdiction); Rounds v. Rea, 947 F. Supp. 78 (W.D.N.Y. 1996) (injured motorist not granted leave to amend

complaint against truck driver, leasing company which employed driver and owned truck, or company which shared principal with leasing company because they were nonresidents and were not subject to personal jurisdiction). As in these cases, HOF's amended claims are futile because they are subject to dismissal for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

### A. HOF'S CLAIMS AGAINST GRIMBALL WOULD NOT SURVIVE A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION.

HOF bears the burden of proof to establish personal jurisdiction over the proposed new defendant, Grimball. Chlebda v. H.E. Fortna and Bro., Inc., 609 F.2d 1022, 1024 (1st Cir. 1979) (where defendants challenge the court's jurisdiction, plaintiffs must offer affirmative proof to establish jurisdiction); see also Tatro v. Manor Care Inc., 416 Mass. 763, 767 (1994); Droukas v. Divers Training Academy, Inc., 375 Mass. 149, 151 (1978). Although HOF recites a litany of legal grounds on which the Court can assert personal jurisdiction over a defendant, it does not support these legal bases with any factual allegations relevant to Grimball.

HOF states that under Mass. Gen. Laws ch. 223A, §§ 3(a), (c) & (d) this Court has personal jurisdiction over Grimball: "(a) from . . . Grimball's transaction of business in Massachusetts. . .; (c) from . . . Grimball causing tortious injury in Massachusetts by acts or omissions within Massachusetts; and (d) from Grimball causing tortious injury in Massachusetts by acts of omissions outside of Massachusetts while regularly doing or soliciting business, or engaging in a persistent course of conduct, or deriving substantial revenue from goods used or consumed in Massachusetts." (Amended Complaint, ¶ 7).

However, HOF fails to provide even one factual allegation showing that: (a) Grimball transacts business in Massachusetts; (c) Grimball has caused tortious injury in Massachusetts

by acts or omissions in the Commonwealth; or (d) that Grimball regularly does or solicits business in a persistent course of conduct in Massachusetts. In fact, HOF's only factual allegation is that North Carolina-based Grimball hosts a website which provides a link to EightStar's website. (Amended Complaint, ¶ 8(b)). This allegation neither establishes a connection to the state of Massachusetts nor does it provide an independent grounds for personal jurisdiction. Put simply, HOF does not allege any basis for personal jurisdiction (as further set forth below) over Grimball, because no such basis exists. Accordingly this Court should deny HOF's motion to add Grimball as a party to this lawsuit.

### 1. Grimball's Website Does Not Give the Court Personal Jurisdiction.

"Neither the United States Supreme Court nor, it appears, any court within this [First] Circuit has held that a mere internet presence, without more, establishes personal jurisdiction." Comer v. Comer, 295 F. Supp. 2d 201, 209 (D. Mass. 2003). The Comer Court, refusing to find personal jurisdiction over the defendant, defined the website at issue as *passive*—"i.e., it only posts information for those who are interested—and, admittedly, makes no mention of any ties to Massachusetts." Id. at 210; see also, Callahan v. Harvest Bd. Int'l, Inc., 138 F. Supp. 2d 147, 158-59, 168 (D. Mass. 2001) (website that makes no mention of any ties between defendant and Massachusetts, is not interactive and does not solicit business in Massachusetts is an insufficient basis on which to establish jurisdiction). Here, as in Comer and Callahan, Grimball's website is purely informational. It provides no way to "transact business." Even though it permits a prospective customer to send an email to Grimball, under Comer, it is a *passive* website. Most importantly, again as in Comer and Callahan, the Grimball website makes no mention or reference to Massachusetts or the company's ability to do business in Massachusetts.

HOF alleges that Grimball's website is *interactive* because it provides links to EightStar's website. The mere presence of a link to another website (which also does not offer anything for sale) is not a basis for personal jurisdiction. In <u>Back Bay Farm, LLC v. Collucio</u>, the Court stated that even if a website were more than a "static advertisement (e.g. it has 'links' and an 'on-site calculator') [it] would be reluctant to . . . transform those interactive elements, by themselves, into the 'transacting of business.'" <u>Back Bay Farm, LLC</u>, 230 F. Supp. 2d 176, n. 10 (D. Mass 2002). The same logic should be applied here. Just because Grimball's website provides a link to a California company's website does not, alone, give Massachusetts the power to hail that party into its courts.

The case of <u>Hearst Corp. v. Goldberger</u>, 1997 WL 97097 (S.D.N.Y. 1997) also presents facts similar to those here. In that case, the New York court found that it lacked personal jurisdiction over a defendant whose forum state contact was limited to a website, which allegedly violated trademark law. The website advertised future services available in a business the defendant planned to create. In <u>Hearst</u>, the court had more justification than this Court to assert jurisdiction as the defendant had sent email messages to New York in conjunction with the website. The New York court discounted the email messages, finding them analogous to telephone or letter communications, and therefore "not sufficient to establish personal jurisdiction." <u>Id.</u> at *13. The court noted that:

> Upholding personal jurisdiction over Goldberger in the present case would, in effect, create national (or even worldwide) jurisdiction, so that every plaintiff could sue in plaintiff's home court every out-of-state defendant who established an Internet web site. The Court declines to reach such a far-reaching result in the absence of a Congressional enactment of Internet specific trademark infringement personal jurisdictional legislation. *Id.* at *20.

This Court has no jurisdiction over the proposed defendant, Grimball, and thus granting HOF's Motion to Amend would be an act of futility.

### B. HOF'S PROPOSED NEW CLAIM FOR UNFAIR AND DECEPTIVE ACTS AND PRACTICES WOULD NOT SURVIVE A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

HOF's new claim for Unfair and Deceptive Acts and Practices is futile because HOF fails to state claims upon which relief may be granted. HOF's proposed new claim against Grimball must fail because the alleged unfair and deceptive acts and practices occurred in North Carolina, thus, HOF cannot satisfy Chapter 93A's requirement that the alleged unfair or deceptive acts took place primarily and substantially in Massachusetts. Mass. Gen. Laws ch. 93A, § 11; see also Sonestal Int'l Hotels Corp. v. Central Florida Investments, Inc., 47 Mass. App. Ct. 154, 158 (1999) (affirming finding that the unfair acts took place in Florida).

### CONCLUSION

For all of the foregoing reasons, the Court should deny HOF's Motion to Amend on grounds of futility.

EIGHTSTAR DIAMOND COMPANY

By its attorneys,

MILLER NASH LLP


   /s/ Adele Conover
Adele Conover
Miller Nash LLP
601 Union Street
Seattle, WA 98101-2352
(206) 622-8484

Attorneys for Defendant
EightStar Diamond Company
Admitted *Pro Hac Vice*

Dated:  January 19, 2005