UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>　　　　　　　　　　　Defendant. | CIVIL ACTION NO. 04-12258-JLT |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO AMEND**

Plaintiff Hearts On Fire Company, LLC ("HOF") submits this reply brief in further support of its motion to amend the Complaint to add GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball") as a party to the claims that have been asserted against defendant EightStar Diamond Company ("EightStar").

**INTRODUCTION**

EightStar opposes HOF's motion to amend to add Grimball as a party to this case by asserting the extraordinary position that the amended complaint is purportedly futile. EightStar does not—and cannot—contend that the amended complaint is futile because it fails to state a claim upon which relief may be granted. Rather, EightStar contends that the amended complaint is futile because HOF cannot establish personal jurisdiction over Grimball, the party to be joined. Grimball itself has not moved to dismiss for lack of personal jurisdiction, and HOF has not been presented with the opportunity to present an opposition to such a motion, including with affidavits and other evidentiary materials and has not had an opportunity to take jurisdictional

BOS1456519.1

discovery. Rather, the peculiar vehicle by which EightStar raises this issue forces HOF to present its first argument on jurisdiction over Grimball in the form of a reply brief.

In short, an opposition by a current defendant to a motion to amend to add a new defendant is simply not the proper vehicle for addressing personal jurisdiction over the new defendant who is not yet present. Furthermore, EightStar ignores the legal standard for establishing futility of a proposed amended complaint, which requires accepting HOF's jurisdictional allegations as true. HOF has more than adequately pleaded personal jurisdiction over Grimball.

EightStar further claims that HOF's c. 93A claim against Grimball is futile on the ground that it does not allege that the unfair and deceptive acts occurred "primarily and substantially in the Commonwealth." EightStar has obviously failed to read the statute as it expressly states the defendant bears the burden of proof on this issue.

EightStar's arguments should be rejected, and HOF should be allowed to file its amended complaint.

## ARGUMENT

**I.     EightStar's Argument that the Court Lacks Personal Jurisdiction Over Grimball is not Properly Raised in an Opposition to a Motion to Add Grimball as a Party.**

In the context of HOF's motion to amend to add Grimball as a party, EightStar's argument that the Court lacks personal jurisdiction over Grimball presents the Court with the wrong issue raised by the wrong party at the wrong time.

Courts have repeatedly recognized that a motion to amend is not well suited to adjudicating personal jurisdiction—particularly, over a non-party to be joined. *See Mylan Pharmaceuticals, Inc. v. Kremers Urban Dev.*, C.A. No. 02-1628 GMS, 2003 U.S. Dist. LEXIS 20665, *11-*12 (D. Del. Nov. 14, 2003) (rejecting futility-based opposition to motion to amend

2

to add new party where ground for opposition was lack of personal jurisdiction); *Wolfson v. Lewis*, 168 F.R.D. 530, 534 (E.D. Pa. 1996) (same); *Munoz v. Sesame Place, Inc.*, 97 Civ. 5055(SAS), 1998 U.S. Dist. LEXIS 4026, *5-*7 (S.D.N.Y. March 30, 1998) (rejecting futility-based opposition to motion to amend where ground for opposition was based on lack of personal jurisdiction).

For example, in *Mylan Pharmaceuticals*, the plaintiff, Mylan, moved for leave to amend to add two new defendants, Dr. Seth and Dr. Stamm, just as HOF seeks to amend to add Grimball. There, the existing defendant, Kremers, opposed the motion to amend on the ground that the amended complaint was futile because the court lacked jurisdiction over the new defendants, just as EightStar has opposed HOF's motion to amend. As the *Mylan Pharmaceuticals* court observed:

> Kremers' challenge to this court's exercise of personal jurisdiction over Dr. Seth and Dr. Stamm is also not a proper basis for denying Mylan leave to amend the complaint under these circumstances. There is no requirement that a plaintiff allege the facts that support a finding of personal jurisdiction in a complaint. . . . In view of this consideration, along with the fact that the parties have not yet developed a record on the possible contacts Dr. Seth and Dr. Stamm may or may not have in the state of Delaware, denying Mylan leave to amend its complaint for lack of personal jurisdiction over these two defendants would be inappropriate.

*Mylan Pharmaceuticals*, 2003 U.S. Dist. LEXIS 20665, at *11-*12 (citation omitted).

Similarly, in *Wolfson*, where the court was presented with an opposition to a motion to amend predicated on lack of personal jurisdiction over the party to be joined, the court squarely rejected the argument as inconsistent with the futility standard by which amended complaints are judged and as not presented at the proper time:

> Defendants contend that this Court lacks personal jurisdiction over Jane Akre [the party to be joined], and thus the proposed amendment to add her as a defendant should be denied as

> futile. . . . It is not clear at this stage of the proceedings, however that permitting these additions would be futile.
>
> \*   \*   \*
>
> Without additional evidence . . . , the Court cannot adequately rule on this issue. Defendants' arguments are more timely presented in a motion to dismiss which sets forth the legal and factual reasons—and provides plaintiffs an opportunity to respond—why this Court might lack personal jurisdiction over Ms. Akre.

*Wolfson*, 168 F.R.D. at 534. EightStar's identical ploy should be rejected for the same reasons.

EightStar seeks to circumvent this reasoning by citing cases involving oppositions to motions to amend that were based on lack of ***subject matter jurisdiction*** over allegations in an amended complaint rather than lack of ***personal jurisdiction*** over a party yet to be joined. In addition, EightStar cites two cases that EightStar claims stand for the proposition that an amended complaint was deemed futile for lack of personal jurisdiction over a party to be joined—*World Wide Minerals Ltd. v. Republic of Kazakhstan*, 116 F. Supp. 2d 98 (D.D.C. 2000) and *Rounds v. Rea*, 947 F. Supp. 78 (W.D.N.Y. 1996). However, neither of these cases involves a challenge to personal jurisdiction of a party yet to be joined where the challenge is made by a current defendant such as EightStar. Rather, in *World Wide Minerals*, an ***existing defendant*** had previously moved to dismiss for lack of personal jurisdiction, and the court rejected proposed amended claims against the same defendant because the proposed amendments failed to cure the defects that had already been established through a proper jurisdictional challenge. *See World Wide Minerals*, 116 F. Supp. 2d at 101, 105. Even further afield is *Rounds*, where three ***existing defendants*** moved for ***summary judgment*** based on lack of personal jurisdiction and where the plaintiff separately and successfully moved to amend to substitute a misnamed party. *See Rounds*, 947 F. Supp. at 80-86.

4

In sum, an opposition to a motion to amend to add a defendant is simply not the time or place to address personal jurisdiction over the proposed defendant, and the existing defendant is not the proper party to raise that issue.[1]

## II.  HOF Has Adequately Pleaded Personal Jurisdiction Over Grimball.

Even if EightStar's argument with respect to personal jurisdiction were properly raised by EightStar at this time, HOF has more than adequately pleaded personal jurisdiction over Grimball.

The "futility" standard that EightStar invokes is exceedingly difficult to meet where, as here, the party claiming futility must do so based on the face of the amended complaint.

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). . . .  In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.

*Hatch v. Dep't for Children, Youth & Families*, 274 F.3d 12, 19 (1st Cir. 2001) (citations omitted).

Thus, in determining whether HOF's proposed amended complaint withstands a futility challenge, the allegations must be accepted as true and all reasonable inferences must be drawn in HOF's favor.  *See, e.g., McCusker v. Lakeview Rehabilitation Ctr., Inc.*, 2003 U.S. Dist. LEXIS 16340, *3 (D.N.H. Sept. 17, 2003) (applying Rule 12(b)(6) standard to "futility" challenge to amended complaint: "These criteria require the court to take the factual averments

---

[1] This is not the first instance in which EightStar has sought to inject personal jurisdiction into the case through a vehicle other than the prescribed method in Fed. R. Civ. P. 12(b)(2).  Specifically, EightStar spends much of its brief in support of its transfer motion arguing about personal jurisdiction over EightStar, even though EightStar has not asserted—because it cannot succeed in asserting—a motion to dismiss for lack of personal jurisdiction over it.

contained in the complaint as true, 'indulging every reasonably inference helpful to the plaintiff's cause.'") (quoting *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank*, 958 F.2d 15, 17 (1st Cir. 1989)). Rather than apply the established futility standard whereby the allegations of the complaint must be accepted as true, EightStar relies on cases where a proper party such as Grimball moves to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, in which case courts look to proof beyond the pleadings.

The allegations set forth in the Amended Complaint are more than sufficient to withstand the futility standard. The Amended Complaint alleges that Grimball has "intentionally us[ed] HOF's trademark, after repeated notice of the infringement" and thereby "intended to cause harm to HOF, a company which is located in the Commonwealth of Massachusetts." Amended Complaint ¶ 9. The Amended Complaint alleges that Grimball and EightStar "have engaged in concerted action" together with other EightStar retailers "to misappropriate the good will HOF has build up in its trademarks" by using "identical or nearly identical designations to HOF's trademarks and service marks—all to promote EightStar's merchandise and EightStar's web site." Amended Complaint ¶ 28. The Amended Complaint alleges that Grimball has engaged in this misconduct in the course of promoting its goods and services through its own web site, which uses infringing designations as links to refer users to EightStar's web site. Amended Complaint ¶¶ 36-39. The Amended Complaint alleges that Grimball persisted in this conduct despite warnings by letter and telephone from HOF's Massachusetts counsel. Amended Complaint ¶¶ 41-44. The Amended Complaint further alleges that Grimball's web site is "interactive" and is "linked to, and designed with the purpose of encouraging consumers interested in diamonds to link to, EightStar's web site to promote the sale of EightStar diamond"

in competition with HOF and that EightStar's web site is "a highly interactive web site through which it solicits and conducts business." Amended Complaint ¶ 8(a)-(b).

These allegations and the inferences to be drawn from them readily establish personal jurisdiction over Grimball. In applying the so-called "effects" test established by the Supreme Court in *Calder v. Jones*, the First Circuit has long recognized that intentional torts designed to injure the plaintiff are, without more, sufficient contact with the plaintiff's forum state to establish personal jurisdiction. *See Hugel v. McNell*, 886 F.2d 1, 4 (1st Cir. 1989) ("The knowledge that the major impact of the injury would be felt in the forum State constitutes a purposeful contact or substantial connection whereby the intentional tortfeasor could reasonably be expected to be haled into the forum State's courts to defend his actions.") (citing *Calder v. Jones*, 465 U.S. 783, 789-90 (1984)). Here, the effect of Grimball's intentional infringement of HOF's trademark rights is injury to HOF in the jurisdiction where it is located.

Thus, courts have repeatedly recognized that intentional trademark infringement over the Internet—particularly, when the infringement occurs on an interactive web site—will establish sufficient contacts under the long-arm statute and due process to assert personal jurisdiction. *See, e.g., Venture Tape Corp. v. McGills Glass Warehouse*, 292 F. Supp. 2d 230, 232-33 (D. Mass. 2003) (finding tortious injury in Commonwealth by act outside of Commonwealth provision of long-arm statute and due process satisfied by defendant's use of plaintiff's trademark on interactive web site available to Massachusetts residents); *Hasbro, Inc. v. Clue Computing, Inc.*, 994 F. Supp. 34, 43-45 (D. Mass. 1997) (finding tortious injury in Commonwealth by act outside of Commonwealth provision of long-arm statute and due process satisfied by defendant's use of plaintiff's trademark on defendant's web site); *Northern Light Technology, Inc. v. Northern Lights Club*, 97 F. Supp. 2d 96, 105-108 (D. Mass. 2000) (finding

tortious injury in Commonwealth by act inside Commonwealth and tortious injury in Commonwealth by act outside Commonwealth, as well as due process, satisfied by defendant's use of plaintiff's trademark on defendant's web site); *see also Anderson v. Century Prods. Co.*, 943 F. Supp. 137, 144 (D.N.H. 1996) ("[T]he situs of the tortious injury arising from interference with intellectual property is the place of plaintiff's residence.") (citation omitted).

The *Venture Tape* decision is particularly instructive. Much like the case at bar, *Venture Tape* involved a claim that the defendant infringed the plaintiff's trademark on the defendant's web site. In that case, "there [was] no indication that [the defendant] targeted Massachusetts in any way, and no evidence . . . regarding sales to Massachusetts residents." *Venture Tape*, 292 F. Supp. 2d at 233. Nonetheless, the court found that "there is indeed 'something more' to suggest that [the defendant] should anticipate being haled into court in Massachusetts: the fact that the target of the alleged trademark infringement was a Massachusetts company." *Id.* Similarly, in the case at bar, HOF has alleged that Grimball has used HOF's trademark to deliberately target HOF, a Massachusetts company. As explained by the *Venture Tape* court:

> 'Where the case involves torts that create causes of action in a forum state (even torts caused by acts done elsewhere) . . . the threshold of purposeful availment is lower. . . . [T]he defendant's purpose may be said to be the targeting of the forum state and its residents.' . . . In *Calder v. Jones*, the Supreme Court held that those responsible for a National Enquirer article about a California-based celebrity should 'anticipate being haled into court there to answer for the truth of their statements.' *Calder*, 465 U.S. at 790. Like a gunman firing across a state line . . . , or an out-of-state journalist writing a libelous story about a Massachusetts resident, [the defendant] allegedly directed harmful acts at a Massachusetts entity. Thus, while the mere existence of an interactive website might not be enough to establish personal jurisdiction of [the defendant] in a randomly chosen East Coast state, [the defendant's] alleged misuse of trademarks belonging to a Massachusetts company is enough to constitute minimum contacts for the purposes of establishing jurisdiction.

8

*Venture Tape*, 292 F. Supp. 2d at 233 (citations and internal quotation marks omitted).[2]

This analysis particularly holds true where, as here, HOF has alleged that Grimball persisted in its infringing conduct after receiving a warning letter notifying Grimball that it was infringing the trademark rights of HOF, a Massachusetts company. *See, e.g., IO Group, Inc. v. Pivotal, Inc.*, No. C 03-5286 MHP, 2004 U.S. Dist. LEXIS 6673, *18 (N.D. Cal. Apr. 19, 2004) (applying *Calder* effects test to find jurisdiction over out of state defendant based on copyright infringement taking place on defendant's web site where infringement persisted after receipt of warning letter).

Rather than follow this established body of law, EightStar simply ignores HOF's allegations of intentional trademark infringement and, thereby, attempts to circumvent the legal consequences of such allegations under decisions such as *Venture Tape*. The one trademark case cited by EightStar, *Hearst Corp. v. Goldberger*, 96 Civ. 36020 (PKL) (AJP), 1997 U.S. Dist. LEXIS 2065 (S.D.N.Y. Feb. 26, 1997), turned on the different standards of New York's long arm statute. In addition, in stark contrast to HOF's allegations as to Grimball's intent to harm HOF by using a nearly identical mark to promote competing goods (which must be accepted for purposes of EightStar's futility challenge), *Hearst* involved a proper motion to dismiss challenging personal jurisdiction and an express finding that there was "no evidence in the record as to [the defendant's] intent" in adopting a name that was similar to the plaintiff's mark but not used in competition with the plaintiff. *Id.* at *48 n.16.

EightStar also fails to accept HOF's allegations regarding the interactivity of the web sites at issue and refers the Court to a non-trademark case where the court refused to take judicial

---

[2]   Although this passage refers to the constitutional due process inquiry, "because the Massachusetts Supreme Judicial Court has interpreted the state's long-arm statute as coextensive with the limits of due process, it is
*(Footnote continued on next page)*

notice of a web site to establish personal jurisdiction, *Callahan v. Harvest Bd. Int'l, Inc.*, 138 F. Supp. 2d 147, 159 (D. Mass. 2001), and another non-trademark case where the court stated in dicta that certain "interactive elements" of a web site would not, without more, be sufficient to establish personal jurisdiction, *Back Bay Farm, LLC v. Collucio*, 230 F. Supp. 2d 176, 185 n.10 (D. Mass. 2002).  In none of EightStar's cases were there comparable allegations of intentional trademark infringement designed to injure the plaintiff in its home state.

Thus, when the allegations set forth in the amended complaint, and the inferences drawn from them, are accepted as true, as EightStar must do in making its futility challenge, it is readily apparent that HOF has sufficiently pleaded personal jurisdiction over Grimball.

### III.   There is No Requirement that HOF Plead that Unfair or Deceptive Acts or Practices Have Occurred Primarily and Substantially Within the Commonwealth.

Finally, EightStar claims that HOF's c. 93A claim against Grimball is futile because HOF purportedly cannot establish that Grimball's unfair and deceptive acts and practices occurred primarily and substantially within the Commonwealth.  EightStar has obviously not read the statute.

Chapter 93A specifically states:  "the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth." G.L. c. 93A, § 11.  Thus, "as the First Circuit has directed, a section eleven cause of action, attacked via a motion to dismiss, should survive a 'primarily and substantially' challenge so long as the complaint alleges that the plaintiff is located, and claims an injury, in Massachusetts." *Back Bay Farm*, 230 F. Supp. 2d at 188 (quoting *Amcel Corp. v. Int'l Exec. Sales, Inc.*, 170 F.3d 32, 36 (1st Cir. 1999).  HOF has alleged that it is located in Massachusetts

---

*(Footnote continued from previous page)*
   possible to sidestep the statutory inquiry and proceed directly to the constitutional analysis." *Freedom*
*(Footnote continued on next page)*

and claims an injury here.  *See also Roche v. Royal Bank of Canada*, 109 F.3d 820, 829 (1st Cir. 1997) ("§ 11 provides an exemption from 93A liability, available as a defense, rather than a jurisdictional prerequisite to suit") (citations omitted).

## CONCLUSION

For all of the reasons set forth herein, HOF respectfully requests that the Court allow HOF's motion to amend and accept for filing the Amended Complaint attached to HOF's motion to amend as Exhibit 1.

> HEARTS ON FIRE COMPANY, LLC
>
> By its attorneys,
>
> /s/ Mark D. Robins
> _____
> Robert P. Sherman, Esq. (BBO #548540)
> Mark D. Robins, Esq. (BBO #559933)
> Stephen M. LaRose, Esq. (BBO #654507)
> NIXON PEABODY LLP
> 100 Summer Street
> Boston, MA 02110
> (617) 345-1000

Dated:  January 31, 2005

---

*(Footnote continued from previous page)*
*Wireless, Inc. v. Boston Communications Group, Inc.*, 218 F. Supp. 2d 19, 23 (D. Mass. 2002).