UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO. 04-12258-JLT |

**REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS
COUNTERCLAIMS**

　　Plaintiff Hearts On Fire Company, LLC ("HOF") submits this reply brief in further support of its motion to dismiss EightStar Diamond Company's ("EightStar") counterclaims.

　　EightStar's argument that the Court has jurisdiction over its claim for a declaration of non-registrability has at least four errors of fundamental significance.

　　First, EightStar cannot overcome the obvious requirement in 15 U.S.C. § 1119 that there be an "action involving a registered mark" in order to assert jurisdiction over a counterclaim for non-registrability because, contrary to EightStar's assertion, there is no registered mark. In particular, EightStar is simply wrong in asserting that two of HOF's trademarks at issue have been registered on the Supplemental Register. As set forth in the accompanying Affidavit of Gailyc C. Sonia, HOF has never been issued registrations on the Supplemental Register or otherwise for any of the trademarks at issue in this action and EightStar's interpretation of the printouts it has submitted from the PTO's database is simply incorrect. Accordingly, EightStar's reliance on cases where the existence of at least one registered mark provided a basis for

BOS1457170.1

adjudicating registrability of additional unregistered marks is simply misplaced. Notably, EightStar fails to cite a single case in which a court asserted jurisdiction over registrability without the presence of a claim involving at least one registered mark, as required by the plain language of 15 U.S.C. § 1119. Here, there are no registered marks at issue—on the Principal Register *or* the Supplemental Register—and, accordingly, there is no conceivable basis for satisfying the statutory prerequisite for jurisdiction over registrability, namely that there be an "action involving a registered mark." 15 U.S.C. § 1119.

Second, even if the Court were to ignore EightStar's factual mistake about whether HOF has obtained registrations on the Supplemental Register, there is no basis for EightStar's argument that registration on the Supplemental Register can satisfy the jurisdictional prerequisite for determining registrability. Unlike the Principal Register which entitles trademarks to presumptive validity and affords a basis of bringing an action for infringement, registration on the Supplemental Register is available under 15 U.S.C. § 1091 for marks "capable of distinguishing applicant's goods and services and not registrable on the principal register"—i.e., marks that have not yet acquired distinctiveness. Because marks on the Supplemental Register have not acquired distinctiveness, they are simply not enforceable as trademarks. Registrations on the Supplemental Register are not evidence that the owner is entitled to enforce any rights. 15 U.S.C. § 1115(a). Not surprisingly, EightStar cannot cite a single case where registration on the Supplemental Register was a basis for establishing federal subject matter jurisdiction over registrability.

Third, EightStar is wrong in asserting that courts can rely on equitable grounds as a basis for overlooking statutory limitations on federal subject matter jurisdiction. None of the cases cited by EightStar do this. Tellingly, in all of these cases, there was a claim involving at least

one registered mark and, therefore, no deviation from the plain language of § 1119 in asserting jurisdiction over registrability. Just as there is no equitable exception to the amount in controversy requirement for diversity jurisdiction, there is no equitable exception to the statutory prerequisites to jurisdiction over registrability under the Lanham Act.

Fourth, EightStar is wrong in asserting that jurisdiction exists under 15 U.S.C. § 1121. That provision states: "The district and territorial courts of the United States shall have original jurisdiction . . . of all actions arising under this chapter. . . ." 15 U.S.C. § 1121(a). This section specifies which courts shall have jurisdiction over the actions established in other provisions of the Lanham Act, but it does not itself provide an independent basis for obtaining federal jurisdiction. Thus, this provision does not repeal the express requirement in 15 U.S.C. § 1119 that there be an "action involving a registered mark" in order for the court to determine registrability.

EightStar tries to bolster its argument that jurisdiction exists under 15 U.S.C. § 1121 by citing to *Continental Connector Corp. v. Continental Specialties Corp.*, 413 F. Supp. 1347 (D. Conn. 1976). However, EightStar inexplicably fails to mention that, in *Continental*, the plain language of 15 U.S.C. § 1119 was satisfied by the fact that the plaintiff had asserted claims for infringement of two registered marks, in addition to claims based on unregistered marks. *Id.* at 1348. Once the literal language of § 1119 was satisfied by the presence of two registered marks, the court went on to determine whether adjudicating the registrability of additional unregistered marks would exceed the grant of jurisdiction in 15 U.S.C. § 1121 and concluded that taking this additional step would not conflict with § 1121. *Id.* at 1349-51.[1] The *Continental* court's

---

[1] This additional step taken by the *Continental* court has been severely criticized. *See American Brahmental Ass'n v. American Simmental Ass'n*, 443 F. Supp. 163, 165 n.1 (W.D. Tex. 1977) ("This court believes, however, that . . . the decision in *Continental* is erroneous in its construction of § 1121.").

assertion of jurisdiction over registrability of certain marks where § 1119's terms were satisfied by the presence of other registered trademarks is a very different matter from using § 1121 as a basis to assert jurisdiction over registrability in a case like the one at bar where there is no registered trademark at issue and no basis for satisfying § 1119.

Similarly, EightStar's argument that the Court has jurisdiction over its claim for a declaration of non-infringement is no less flawed.

First, EightStar simply ignores the requirement that it must have an immediate intention and ability to use the marks in order for there to be a case or controversy.

Second, EightStar simply ignores the requirement in Fed. R. Civ. P. 8(c) that defenses mistakenly designated as counterclaims be treated as defenses. Here lies the heart of the matter. If EightStar intends to defend against HOF's claims by arguing that EightStar is not infringing by reason of the purported unenforceability of HOF's trademarks, then EightStar is free to defend the claim like any other litigant. The fact that EightStar is a defendant, however, does not automatically entitle it to special status as counterclaim plaintiff.

**CONCLUSION**

For all of the reasons set forth herein, HOF respectfully requests that the Court allow HOF's motion to dismiss EightStar's counterclaims.

               HEARTS ON FIRE COMPANY, LLC

               By its attorneys,

               /s/ Mark D. Robins
               _____
               Robert P. Sherman, Esq. (BBO #548540)
               Mark D. Robins, Esq. (BBO #559933)
               Stephen M. LaRose, Esq. (BBO #654507)
               NIXON PEABODY LLP
               100 Summer Street
               Boston, MA 02110
               (617) 345-1000

Dated: January 31, 2005