# Exhibit A

to DEFENDANT EIGHTSTAR DIAMOND COMPANY'S MOTION FOR LEAVE TO SUBMIT
SURREPLY TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS
*United States District Court District of Massachusetts  Cause No. 04-12258-JLT*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>                      Defendant. | CIVIL ACTION NO. 04 12258-JLT<br><br>MAGISTRATE JUDGE ROBERT B. COLLINGS |

## SURREPLY TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS

Defendant EightStar Diamond Company ("EightStar") submits this surreply to Hearts on Fire Company, LLC's ("HOF") Motion to Dismiss EightStar's Counterclaims.

Application Nos. 78/078,312 ("Application No. '312") (THE WORLD'S MOST PERFECTLY CUT DIAMOND in Class 35) and 78/078,313 ("Application No. '313) (THE MOST PERFECTLY CUT DIAMOND IN THE WORLD in Class 35) were recently published for opposition by the United States Patent and Trademark Office (PTO). In light of this publication and the statutory time constraints imposed upon EightStar, <u>time is of the essence</u>.

The PTO published Application No. 78/078,313 on February 1, 2005 and published Application No. 78/078,312 on February 8, 2005. To oppose these applications, under 15 U.S.C. § 1063 and 37 CFR § 2.80, EightStar must file a notice of opposition or a request for extension of time with the Trademark Trial and Appeal Board (TTAB) within thirty (30) days of publication. The time within which to oppose Application No. 313 will expire on **March 1, 2005** and the expiration for Application No. 312 is **March 8, 2005**.

To avoid prejudice, EightStar must either file a notice of opposition or request the thirty day time extension. If EightStar is forced into filing a notice of opposition, there will be two co-pending legal proceedings regarding the validity of the marks in different venues. In light of this new information, EightStar renews its request for this Court to suspend the TTAB proceedings while it determines the validity and enforceability of HOF's trademarks.

To litigate these claims contemporaneously in the PTO and in Federal Court will be inefficient and unnecessarily costly. Moreover, it is improper to litigate claims in the PTO when the PTO's decision could be litigated virtually *de novo* in the Federal Court (since additional cross-examination and presentation of additional testimony is permitted) pursuant to 15 U.S.C. § 1071(b).

As noted by the court in Continental Connector Corporation v. Continental Specialties Corporation, 413 F. Supp. 1347 (D. Conn. 1976):

> Interests of judicial economy are best served by eschewing the primary jurisdiction objection in cases, such as this one, where facts concerning the disputed registration are going to be litigated in connection with other claims properly within this Court's jurisdiction.

Id.

The same logic applies here. To adjudicate HOF's claims of unfair competition and unfair and deceptive acts, the Court must evaluate the validity and enforceability of HOF's common law trademarks. The same facts, evidence, and arguments necessary to determine HOF's claims (and EightStar's defenses) would be determinative of an opposition proceeding before the TTAB. The interests of judicial economy and expense to the parties are best served by limiting the litigation of these claims into a single forum. The Court has the power to hear the

issue of the registrability of all five HOF Perfect Diamond Marks, which will necessarily be litigated in connection with other Lanham act claims within this Court's jurisdiction.

Time is of the essence. EightStar anticipates requesting a thirty day extension to avoid unnecessarily spending attorney's fees and costs (TTAB requires $600 in filing fees to file two notices of opposition) on preparing and filing two notices of opposition. For all of the foregoing reasons, the Court should deny HOF's Motion to Dismiss EightStar's counterclaims and suspend the TTAB's review of HOF's marks pending a decision by this Court.

EIGHTSTAR DIAMOND COMPANY

By its attorneys,

MILLER NASH LLP


___/s/ Adele Conover_____
Adele Conover
Miller Nash LLP
601 Union Street
Seattle, WA 98101-2352
(206) 622-8484

Attorneys for Defendant
EightStar Diamond Company
Admitted *Pro Hac Vice*

Dated:  February 18, 2005
Doc ID: SEADOCS:196368.1