UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>Defendant. | CIVIL ACTION NO. 04-12258-JLT |

**PLAINTIFF HEARTS ON FIRE COMPANY, LLC'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SURREPLY TO PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

Plaintiff Hearts On Fire Company, LLC ("HOF") opposes Defendant EightStar Diamond Company's ("EightStar") highly unusual motion for leave to file a surreply to HOF's motion to dismiss EightStar's counterclaims for the following reasons.

*First*, EightStar does not—and cannot—demonstrate that it was unable to raise the issues in its surreply at the time EightStar filed its opposition to HOF's motion to dismiss. The purported reason for EightStar's surreply is that HOF's Trademark Application Nos. 78/078,312 and 78/078,313 have now been published by the United States Patent and Trademark Office ("PTO") for parties who wish to oppose their registration to file opposition proceedings with the Trademark Trial and Appeal Board. Yet, when EightStar first opposed HOF's motion to dismiss, EightStar was aware of and indeed disclosed that publication of these two applications was imminent. Specifically, EightStar attached to its opposition "status information" pages for each of the two applications, which included "PROSECUTION HISTORY" information. For

BOS1467479.1

the two applications at issue, the first entry under the "PROSECUTION HISTORY" heading states that a notice of publication was issued in January of 2005. Thus, EightStar could have raised at that time any arguments it wishes to make about the publication of these applications.

*Second*, EightStar's attempt to offer a surreply based on the status of HOF's trademark applications continues an unnecessary detour away from the question of whether EightStar's counterclaims properly plead claims over which this Court has subject matter jurisdiction. When EightStar opposed HOF's motion to dismiss these counterclaims, EightStar began this detour by introducing evidence concerning HOF's trademark applications and incorrectly claiming that certain of these applications have matured into registrations on the Supplemental Register. Based on these incorrect factual statements, EightStar used its opposition to present the Court with a legal argument built on a foundation of factual errors. Now, after forcing HOF to submit a reply making clear these fundamental errors, EightStar concedes its errors and moves in a different direction by raising new arguments about publication of HOF's applications. In short, having misfired in its opposition, EightStar merely seeks a second shot through a surreply.

Respectfully, EightStar's motion for leave to file a surreply should be denied.

HEARTS ON FIRE COMPANY, LLC

By its attorneys,

/s/ Mark D. Robins
_____
Robert P. Sherman, Esq. (BBO #548540)
Mark D. Robins, Esq. (BBO #559933)
Stephen M. LaRose, Esq. (BBO #654507)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: February 23, 2005