cease and desist from its use of the designation "the most perfectly cut diamonds in the world" and that Grimball confirm in writing by October 21, 2004 that Grimball would comply with HOF's demands. A true and accurate copy of that letter is attached as Exhibit C.

41.     On October 16, 2004, Grimball responded to HOF's counsel with written confirmation that Grimball was discontinuing use of the phrase "the most perfectly cut diamonds in the world." A true and accurate copy of that letter is attached as Exhibit D.

42.     Subsequent to sending its October 16, 2004 letter, Grimball removed the reference to "the most perfectly cut diamonds in the world" contained on its web site on the page located at www.grimballjewelers.com but did not remove the infringing material contained on its web site on the page located at www.grimballjewelers.com/links.html.

43.     On October 22, 2004, counsel for HOF contacted Grimball by telephone to inform Grimball that its website continued to contain infringing information. A person representing himself as Berkeley Grimball informed HOF's counsel that the infringing material on the page located at www.grimballjewelers.com/links.html would be removed by October 26, 2004. Counsel for HOF sent a letter to Berkeley Grimball that same day, October 22, 2004, confirming that telephone conversation and enclosing a copy of the web page continuing to display the infringing materials. A true and accurate copy of that letter is attached as Exhibit E.

44.     Despite Grimball's representation that it would cease and desist from its infringing conduct, as of the date of this Amended Complaint, Grimball is continuing to publish "the most perfectly cut diamonds in the world" on its web site to promote EightStar merchandise and to encourage Internet users to visit EightStar's web site. The infringing material continues to be displayed on the web page located at www.grimballjewelers.com/links.html, a true and accurate copy of which is attached as Exhibit F.

9

Likelihood of Confusion

45. EightStar, Grimball and EightStar's other retailers (on EightStar's behalf and at its instigation) are engaged in exact or nearly exact copying of HOF's well-known marks to promote competing goods through an identical means of promotion used by HOF and many of its retailers—namely, the Internet.

46. The exact or nearly exact copying of HOF's well-known marks—against the backdrop of EightStar's admitted chagrin with the fact that HOF beat EightStar to the market with highly distinctive branding for HOF's diamonds—shows EightStar's and Grimball's intent to misappropriate HOF's good will by deceiving the consuming public.

47. Eightstar's and Grimball's use of identical or nearly identical designations to HOF's marks in order to promote Eightstar's competitive goods are highly likely to cause confusion, mistake, and deception among the general public as to the origin of their goods and/or as to sponsorship by, affiliation with, and/or connection to HOF.

### COUNT I
**Unfair Competition**
**(15 U.S.C. § 1125(a))**

48. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

49. HOF engages in interstate activities designed to promote the goods and services sold, as well as the goodwill associated with its trademarks, throughout the United States.

50. The trademarks and service marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ are inherently distinctive and/or have acquired secondary meaning.

51. The trademarks and service marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ relating to HOF's diamond and jewelry

10

business, have been, and will continue to be, known throughout the United States as identifying and distinguishing HOF's business.

52. Without authorization or the consent of HOF, EightStar, Grimball and EightStar's other retailers (on EightStar's behalf and at EightStar's instigation) have used, and continue to use, marks confusingly similar to the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™. EightStar, Grimball and EightStar's other retailers sell, offer for sale, distribute, and/or advertise goods to retailers that directly compete with HOF's sales of its own genuine diamonds and jewelry, in or affecting interstate commerce and provide information about diamonds in or affecting interstate commerce.

53. EightStar, Grimball, and EightStar's other retailers use of the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ for their goods and services are likely to cause, and are causing, confusion, mistake, and deception among the general public as to the origin of the goods and services, or as to whether EightStar and Grimball are sponsored by, affiliated with, or otherwise connected with HOF in violation of 28 U.S.C. § 1125(a).

54. By using marks confusingly similar to the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such marks, for profit and without HOF's authorization, EightStar, Grimball and EightStar's other retailers are depriving HOF of its exclusive right to control, and benefit from, its trademarks. If permitted to continue, EightStar's and Grimball's actions will nullify HOF's right to the exclusive use of its marks, free from infringement, and will have a substantial and adverse effect on HOF's existing and projected future interstate business of marketing products and

services identified by its trademarks.

55. By paying or otherwise encouraging or permitting its retailers to use designations nearly identical to, or confusingly similar to, HOF's trademarks and service marks in connection with the promotion of EightStar's goods and in connection with links to EightStar's web site, EightStar is wrongfully using HOF's trademarks and service marks, intentionally inducing its retailers to violate HOF's rights in its marks, and/or contributing to such infringement by providing substantial assistance to the infringement of HOF's rights, with knowledge and/or reason to know of the violation of HOF's rights in its marks.

56. HOF has been, and continues to be, damaged by EightStar's and Grimball's activities and conduct. EightStar and Grimball have profited thereby and, unless their conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

57. By using marks confusingly similar to The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™, and by selling, offering for sale, distributing, and/or advertising goods and services to the general public in connection with such marks, EightStar and Grimball have intentionally and knowingly used HOF's trademarks. Accordingly, HOF is entitled to a judgment of three times its damages and Defendants' ill-gotten profits, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1117(a).

### COUNT II
### Unfair Competition
### (Common Law)

58. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

59. The trademarks and service marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ are inherently distinctive and/or have acquired secondary meaning.

60. The trademarks and service marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™ relating to HOF's diamond and jewelry business, have been, and will continue to be, known throughout the United States as identifying and distinguishing HOF's business.

61. Without authorization or consent of HOF, EightStar, Grimball and EightStar's other retailers (on EightStar's behalf and at EightStar's instigation) have used, and continue to use, designations confusingly similar to HOF's trademarks and service marks in connection with the sale, offering for sale, distribution, and advertising of goods and/or services to the general public in competition with HOF.

62. EightStar, Grimball and EightStar's other retailers' use of confusingly similar designations to HOF's marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services is likely to cause confusion, mistake, and deception among the general public as to the origin of EightStar's and Grimball's goods and services and/or as to sponsorship by, affiliation with, and/or connection to HOF.

63. EightStar and Grimball have willfully, intentionally, and knowingly used a designation confusingly similar to HOF's marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services not related to, affiliated, with, or sponsored by HOF.

64. By using a confusingly similar designation to HOF's marks, in connection with the sale, offering for sale, distribution, and/or advertising of goods and/or services to the general

13

public, EightStar and Grimball have wrongfully profited from the infringement of such marks. HOF has been, and continues to be, damaged by EightStar's and Grimball's conduct which has a substantial and adverse effect on HOF's goodwill and business identified by its trademarks. Furthermore, EightStar's and Grimball's actions will have the effect of nullifying HOF's right to the exclusive use of its marks, free from infringement. HOF, therefore seeks actual damages as well as disgorgement of EightStar's and Grimball's profits from the use of such marks.

65. EightStar and Grimball have profited thereby and, unless their conduct is enjoined, HOF's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, HOF also seeks injunctive relief to restrain EightStar's and Grimball's use of marks confusingly similar to marks of HOF.

## COUNT III
### Unfair and Deceptive Acts and Practices
### (Mass. Gen. Laws ch. 93A)

66. HOF specifically incorporates and references the allegations asserted in each of the preceding paragraphs, as if fully set forth herein.

67. HOF, EightStar and Grimball are engaged in the conduct of trade or commerce within the meaning of Mass. Gen. Laws ch. 93A.

68. The foregoing conduct by EightStar and Grimball constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

69. Through the unfair and deceptive acts and practices described herein, HOF has been, and continues to be, damaged by EightStar's and Grimball's activities and conduct. EightStar and Grimball have profited thereby and, unless their conduct is enjoined, HOF will continue to suffer irreparable injury that cannot adequately be calculated or compensated by

14

monetary damages. Accordingly, HOF seeks injunctive relief pursuant to Mass. Gen. Laws ch. 93A, § 11.

70. By using HOF's trademarks and service marks and/or confusingly similar designations in connection with the sale, offering for sale, and/or advertising of goods to the general public, EightStar and Grimball have intentionally and knowingly violated HOF's rights. Accordingly, HOF is entitled to a judgment of three times its damages, together with reasonable attorney's fees, pursuant to Mass. Gen. Laws ch. 93A, § 11.

**WHEREFORE**, HOF respectfully requests that this Court:

1. Issue a preliminary injunction and permanent injunction prohibiting EightStar and Grimball from using HOF's trademarks and service marks and any confusingly similar designations and requiring EightStar to discontinue its current infringing practices;

2. Enter judgment in favor of HOF on the counts asserted herein and award damages in an amount to be determined at trial, including damages in the amount of EightStar's and Grimball's profits from its willful infringement of HOF's marks, doubled or trebled where appropriate;

3. Award HOF the costs incurred in bringing this action, including attorneys' fees;

4. Order EightStar and Grimball to certify the destruction of all materials, and the removal of references on its web site, that refer to confusingly similar designations to the marks The World's Most Perfectly Cut Diamond™ and The Most Perfectly Cut Diamond in the World™; and

5. Award HOF such further relief as it deems just, proper and equitable.

15

## JURY DEMAND

HOF demands a trial by jury on all issues so triable.

HEARTS ON FIRE COMPANY, LLC

By its attorneys,

/s/ Mark D. Robins
_____
Robert P. Sherman, Esq. (BBO #548540)
Mark D. Robins, Esq. (BBO #559933)
Stephen M. LaRose, Esq. (BBO #654507)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: December 8, 2004