UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>EIGHTSTAR DIAMOND COMPANY,<br><br>     Defendant. | CIVIL ACTION NO. 04 12258-JLT<br><br>MAGISTRATE JUDGE ROBERT B. COLLINGS |

**DEFENDANT EIGHTSTAR DIAMOND COMPANY'S
ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Defendant, EightStar Diamond Company ("EightStar"), answers Hearts on Fire Company, LLC's ("HOF") complaint as follows:

### I. INTRODUCTION

1. EightStar denies the allegations in paragraph 1 of the complaint.

### II. PARTIES

2. EightStar admits that HOF is a Massachusetts Limited Liability Company with its place of business in Boston. EightStar lacks sufficient knowledge or information regarding the balance of paragraph 2, and therefore denies the allegations.

3. EightStar denies that it sells jewelry and admits the balance of the allegations in paragraph 3 of the complaint.

4. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4, and therefore denies them.

### III. JURISDICTION AND VENUE

5. EightStar denies the allegations of paragraph 5 of the complaint.

6. EightStar denies the allegations of paragraph 6 of the complaint.

7. EightStar denies the allegations of paragraph 7 of the complaint.

8. EightStar denies the allegations of paragraph 8 (a), 8 (b), and 8 (d)[1] of the complaint.

9. EightStar denies the allegations of paragraph 9 of the complaint.

10. EightStar denies the allegations of paragraph 10 of the complaint.

### IV. FACTUAL BACKGROUND

11. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 11, and therefore denies them.

12. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 12, and therefore denies them.

13. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 13, and therefore denies them.

14. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 14, and therefore denies them.

---

[1] The subparts of paragraph 8 are erroneously labeled. Subpart c does not exist.

15. EightStar admits the allegations in paragraph 15 of the complaint.

16. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16, and therefore denies them.

17. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 17, and therefore denies them.

18. EightStar admits the allegations in paragraph 18 of the complaint with the exception that the incorrect application number is listed in the chart for THE WORLD'S MOST PERFECTLY CUT DIAMOND. The correct application number is 78/078,235 (rather than 325).

19. EightStar denies the allegations of paragraph 19 of the complaint.

20. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 20, and therefore denies them. However, EightStar affirmatively states that the HOF claimed marks are so highly laudatory and descriptive as to be incapable of acquiring distinctiveness as a trademark.

21. EightStar denies the allegations of paragraph 21 of the complaint. EightStar is not a wholesaler of jewelry, but rather only wholesales cut diamonds.

22. EightStar admits the allegations of paragraph 22 of the complaint with the exception that it denies that it sells jewelry.

23. EightStar denies that it has a highly interactive website as alleged in paragraph 23 of the complaint. The EightStar website, *www.EightStar.com*, is a generally passive website which does not accept orders or payments. EightStar's website is only

interactive to the extent that customers and retailers may send a request for information to EightStar.

24. EightStar denies the allegations of paragraph 24 of the complaint, as EightStar does not rely on web links to attract consumers to its web site.

25. EightStar is uncertain how plaintiff defines "publicly expressing chagrin," and denies the allegations of paragraph 25 of the complaint. EightStar has made public statements that it believes HOF's Marks are nothing more than laudatory and descriptive of a certain quality of diamond. Referring to a diamond as being the "world's most perfectly cut" or "the most perfectly cut diamond in the world" is descriptive puffery which any jeweler selling a similar quality-cut diamond should be entitled to claim.

26. EightStar denies the allegations of paragraph 26 of the complaint.

27. EightStar denies the allegations of paragraph 27 of the complaint.

28. EightStar admits that GRS Jewelers, Inc. d/b/a Grimball ("Grimball"), E.R. Sawyer Jewelers Corp., and The Jewelry Source are retailers which sell EightStar's products. EightStar denies the balance of the allegations of paragraph 28 of the complaint.

29. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 29, and therefore denies them.

30. EightStar admits the allegations of paragraph 30 of the complaint.

31. EightStar admits the allegations of paragraph 31 of the complaint.

32. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32, and therefore denies them.

33. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33, and therefore denies them.

34. EightStar denies the allegations of paragraph 34 of the Complaint.

35. EightStar in response to paragraph 35 of the Complaint admits that Grimball sold EightStar diamonds.

36. EightStar in response to paragraph 36 of the Complaint admits that Grimball has a website located at, www.grimballjewelers.com.

37. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 37, and therefore denies them

38. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 38, and therefore denies them

39. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 39, and therefore denies them.

40. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 40, and therefore denies them.

41. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 41, and therefore denies them

42. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 42, and therefore denies them.

43. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 43, and therefore denies them

44. EightStar lacks sufficient knowledge or information to admit or deny the allegations in paragraph 44, and therefore denies them.

45. EightStar denies the allegations of paragraph 45 of the complaint.

46. EightStar denies the allegations of paragraph 46 of the complaint.

47. EightStar denies the allegations of paragraph 47 of the complaint.

## COUNT I
### Unfair Competition
### (15 U.S.C. § 1125(a)

48. EightStar specifically incorporates and references its response asserted in each of the preceding paragraphs, as if fully set forth herein.

49. EightStar denies the allegations of paragraph 49 of the complaint.

50. EightStar denies the allegations of paragraph 50 of the complaint.

51. EightStar denies the allegations of paragraph 51 of the complaint.

52. EightStar denies the allegations of paragraph 52 of the complaint.

53. EightStar denies the allegations of paragraph 53 of the complaint.

54. EightStar denies the allegations of paragraph 54 of the complaint.

55. EightStar denies the allegations of paragraph 55 of the complaint.

56. EightStar denies the allegations of paragraph 56 of the complaint.

57. EightStar denies the allegations of paragraph 57 of the complaint.

**COUNT II**
**Unfair Competition**
**(Common Law)**

58. EightStar specifically incorporates and references its response asserted in each of the preceding paragraphs, as if fully set forth herein.

59. EightStar denies the allegations of paragraph 59 of the complaint.

60. EightStar denies the allegations of paragraph 60 of the complaint.

61. EightStar denies the allegations of paragraph 61 of the complaint.

62. EightStar denies the allegations of paragraph 62 of the complaint.

63. EightStar denies the allegations of paragraph 63 of the complaint.

64. EightStar denies the allegations of paragraph 64 of the complaint.

65. EightStar denies the allegations of paragraph 65 of the complaint.

**COUNT III**
**Unfair and Deceptive Acts and Practices**
**(Mass. Gen. Laws ch. 93A)**

66. EightStar specifically incorporates and references its response asserted in each of the preceding paragraphs, as if fully set forth herein.

67. EightStar denies the allegations of paragraph 67 of the complaint.

68. EightStar denies the allegations of paragraph 68 of the complaint.

69. EightStar denies the allegations of paragraph 69 of the complaint.

530010-0017/042505/SEADOCS:201035.1

70. EightStar denies the allegations of paragraph 70 of the complaint.

## V. SEPARATE AND AFFIRMATIVE DEFENSES

1. HOF's complaint fails to allege facts, in whole or in part, to state a claim against EightStar upon which relief can be granted.

2. HOF has failed to state a claim of Unfair and Deceptive Acts and Practices under Mass. Gen. Laws ch. 93A as the alleged acts did not occur "primarily and substantially in the Commonwealth."

3. HOF fails to adequately establish personal jurisdiction over defendants in the District of Massachusetts and EightStar expressly reserves the right to move to dismiss on this ground.

4. HOF's claims against EightStar are barred, in whole or in part, by the doctrines of estoppel and/or laches.

5. HOF's claims against EightStar are barred, in whole or in part, generally by the doctrine of release and specifically by HOF's release of E.R. Sawyer.

6. The HOF claimed marks are generic, merely descriptive and/or deceptively misdescriptive as well as functional and are therefore nonregistrable under 15 U.S.C. 1052 (e)(1).

7. Third parties are entitled to use the generic, descriptive, and functional slogan "the world's most perfectly cut diamond" as the phrase is a common, laudatory advertisement which is merely descriptive puffing.

8. In the alternative to the preceding paragraph, if this Court finds that HOF's marks are valid and/or protectable, defendants assert that their use of such marks and marks confusingly similar thereto is permitted under the fair use defense. Defendants use of any such marks accurately describes defendants' products. Further, to the extent that defendants used any such marks, such use was in a non-trademark manner and not as a source identifier. Finally, any such use by EightStar of any HOF mark or a confusingly similar term was in good faith.

9. HOF's claims against EightStar are barred as EightStar has no authority to control the actions of its retailers, nor has HOF alleged an agency relationship between EightStar and its retailers.

## EIGHTSTAR'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

Defendant EightStar alleges for its counterclaim as follows:

### I. PARTIES AND JURISDICTION

1. Upon information and belief, counterclaim defendant, HOF is a Massachusetts Limited Liability Company with a principal place of business at 99 Summer Street, Boston, Massachusetts 02210.

2. This counterclaim arises under the laws of the United States. Accordingly, this court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This court has personal jurisdiction over counterclaim defendant HOF in that HOF has personally availed itself of this Court's jurisdiction through filing its complaint.

4. HOF has failed to allege that its causes of action arose from EightStar's forum-related activities or that HOF has continuous and systematic contacts with Massachusetts,

EightStar's preliminary investigation reveals grounds for, and EightStar reserves all right to seek dismissal based on personal jurisdiction.

5.   EightStar intends, promptly upon conferring with opposing counsel pursuant to L.R.7.1(a)(2), to follow this Answer and Counterclaims with a Motion to Change Venue under 28 U.S.C. 1404(a) which, based on the interest of justice, seeks an order transferring venue of this case to the Northern District of California.  Venue over EightStar's counterclaims is proper in the judicial district which hears HOF's claims in this action under 28 U.S.C. § 1391(b)(1).

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Noninfringement and Nonregistrability
### (28 U.S.C. §2201)

1. Based on the facts set forth in HOF's complaint, an actual controversy has arisen and now exists between plaintiff HOF and defendant EightStar regarding the issue of whether or not use by EightStar and certain of its retailers of certain unregistered trademarks (or similar marks) including:

(a)   THE WORLD'S MOST PERFECTLY CUT DIAMOND; and

(b)   THE MOST PERFECTLY CUT DIAMOND IN THE WORLD

(together, the "HOF claimed marks") constitutes an unlawful practice in violation of the laws of unfair competition under 15 U.S.C. 1125(a), Common Law, and Mass. Gen. Laws. Ch. 93A.

2.   HOF has applied to register HOF's claimed marks as federal trademarks. Attachments 1 and 2 are true and correct copies of the U.S. Patent and Trademark Office's current records for these "HOF applications," the 78/078,313 and 78/078,314 applications to register THE MOST PERFECTLY CUT DIAMOND IN THE WORLD and the 78/078,312 and

78/078,235 and 78/078,237 applications to register THE WORLD'S MOST PERFECTLY CUT DIAMOND.

      3.     Neither of the HOF claimed marks has yet registered on the United States Patent and Trademark Office's Principal Register. *See* Attachments 1 and 2.

      4.     The HOF claimed marks inherently cannot function as trademarks because they constitute mere puffery. Mere puffery is epitomized by laudatory terms like the HOF claimed marks - generalized claims of superiority unsupported by objective evidence, such as "THE BEST" or "THE ULTIMATE." The HOF claimed marks, and closely similar marks and phrases, constitute mere puffery that should be freely available to all competitors to the extent they accurately refer to their products or services.

      5.     HOF's Marks are misdescriptive, generic, and unregistrable as there are numerous diamonds on the market of similar quality of HOF's diamonds which should be equally entitled to advertise themselves as "the world's most perfectly cut diamond."

      6.     HOF's Marks are so highly laudatory and descriptive as to be incapable of acquiring distinctiveness as a trademark.

      7.     HOF has sought registration of the HOF claimed marks pursuant to Section 2(f) of the Lanham Act claiming that the marks have become distinctive, as used on or in connection with HOF's goods in commerce, by means of substantially exclusive and continuous use in commerce for the five years before the date on which the claim of distinctiveness was made. *See* Attachments 1 and 2.

      8.     HOF is not entitled to registration of the HOF claimed marks as they are so highly laudatory or descriptive as to be incapable of acquiring distinctiveness pursuant to 15

U.S.C. 1052 (e)(1), which states: "No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it… [c]onsists of a mark which... when used on or in connection with the goods of the applicant is merely descriptive or deceptively misdescriptive of them."

9. Based on the allegations set forth above, HOF is not entitled to registration of the HOF claimed marks subject of the HOF applications, and therefore, registrations should not issue in connection with these applications pursuant to the Trademark Act.

10. If the HOF applications result in registrations, the registrant will maintain the unjustified benefit of the *prima facie* right to exclusive use of the marks to the exclusion of the defendant and others in the diamond industry. Damage and injury to the defendant and the market will continue to result.

11. Under these circumstances, a judicial declaration is necessary and appropriate at this time in order that EightStar may determine its rights and duties under the Federal Trademark laws and the facts of this case.

12. Based on the foregoing, EightStar is entitled to a declaration pursuant to 28 U.S.C. 2201 that the HOF claimed marks are nonregistrable under 15 U.S.C. 1052 (e)(1) and a further declaration that use of EightStar of the HOF claimed marks or similar phrases and marks do not constitute actionable unfair competition or trademark infringement as set forth in defendant's second claim for relief.

## II. SECOND CLAIM FOR RELIEF
### Declaratory Judgment of Noninfringement
### (28 U.S.C. §2201)

1. EightStar incorporates by reference the allegations set forth in the preceding paragraphs of its counterclaim.

2. In this action, HOF brings claims that EightStar and its retailers have used the HOF claimed marks or similar marks or phrases.

3. The HOF claimed marks are not registered trademarks. *See* Attachments 1 and 2.

4. EightStar is entitled to a declaration that HOF, as the claimant to rights in unregistered and unenforceable trademarks, is not entitled to relief under the unfair competition laws as HOF has no protectable interest in the HOF claimed Marks and has likewise failed to allege any facts that support a claim of infringement against EightStar.

5. Under these circumstances, a judicial declaration is necessary and appropriate at this time in order that EightStar may determine its rights and duties under the Federal Trademark laws and the facts of this case. As such, EightStar seeks a declaration pursuant to 28 U.S.C. 2201 that any alleged use of the HOF claimed marks or marks or phrases similar thereto by EightStar and/or its retailers does not constitute infringement of the HOF claimed marks.

### III. RESERVATION OF RIGHTS TO AMEND

Nothing herein shall be deemed to waive or impair, and EightStar reserves all rights, to assert at any time all additional affirmative defenses, claims and counterclaims and requests for pretrial or permanent injunctive relief whether based on the laws of antitrust or unfair competition or the evidence in this case.

### IV. PRAYER FOR RELIEF

Wherefore, Defendant EightStar Diamond Company requests this Court:

      1.      Enter judgment in favor of EightStar on its Declaratory Judgment Counterclaims and decree that the HOF claimed marks are nonregistrable and not infringed.

      2.      Award EightStar such further relief as it deems just, proper and equitable.

DATED this 25th day April, 2005.

      EIGHTSTAR DIAMOND COMPANY

      By its attorneys,

      MILLER NASH LLP

      /s/ Adele Conover
      Adele Conover
      Miller Nash LLP
      601 Union Street
      Seattle, WA 98101-2352
      (206) 622-8484

      Attorneys for Defendant
      EightStar Diamond Company
      Admitted *Pro Hac Vice*