UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARTS ON FIRE COMPANY, LLC,

    Plaintiff,

v.

EIGHTSTAR DIAMOND COMPANY and GRS JEWELERS, INC.,

    Defendants.

CIVIL ACTION NO. 04 12258-JLT

### STIPULATION REGARDING CONFIDENTIALITY AND JOINT MOTION FOR PROTECTIVE ORDER

Hearts On Fire Company, LLC ("HOF") and EightStar Diamond Company ("EightStar") hereby stipulate to the entry of the following Protective Order:

1.    <u>PURPOSE</u>

It is the purpose of this Protective Order to allow the parties to have reasonable access to information from each other while protecting the confidentiality or trade secret status of certain business records and other information, including personnel records and agreements with third parties subject to confidentiality or non-disclosure restrictions, without frequent resort to determinations of discoverability by the Court. Another purpose of this Protective Order is to provide a mechanism for non-parties to this litigation to protect any of their trade secret or confidential information which the parties may consider to be relevant to the issues in this case and/or seek to obtain as Discovery Material.



2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: "Party" means HOF or EightStar, including officers and directors of such parties.

2.2 <u>Discovery Material</u>: "Discovery Material" means any information, document, or tangible thing, response to discovery requests, or subpoenas or subpoenas duces tecum, deposition testimony or transcript, including material which is voluntarily produced, and any other similar materials, or portions thereof.

2.3 <u>Confidential Information</u>: "Confidential Information" is defined herein as information (a) which has not been made public, and (b) which is either a trade secret within the meaning of the Uniform Trade Secrets Act or which concerns or relates to (i) sales, marketing, manufacturing, or product development strategies or tactics, (ii) financial performance, (iii) manufacturing or other costs of doing business, (iv) non-public information about employees and former employees, or (v) agreements with third parties and related documents subject to confidentiality or non-disclosure restrictions.

2.4 <u>Highly Confidential Information</u>: "Highly Confidential Information" is defined herein as Confidential Information produced in this litigation that is so sensitive in nature that the protections for "Confidential Information" are insufficient to protect the business interests of the Producing Party.

2.5 <u>Receiving Party</u>: "Receiving Party" means a Party to this action that receives Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: "Producing Party" means a Party to this action, and all directors, employees and agents of the Party, or a non-party served with a subpoena in connection with this action, that produces or otherwise makes available Discovery Material to a Receiving Party.

2.7     Protected Material: "Protected Material" means any Discovery Material, including material available through Initial Disclosures pursuant to Fed. R. Civ. P. 26(a), that contains Confidential Information or Highly Confidential Information and that is designated as Confidential or Highly Confidential pursuant to Section 3 below, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records regarding the contents of such Discovery Material.

2.8     Counsel: "Counsel" means Counsel of Record.

2.9     Counsel of Record: "Counsel of Record" means Nixon Peabody LLP and Gailyc C. Sonia, Esq. with respect to plaintiff Hearts On Fire Company, LLC; and Miller Nash LLP, the Law Offices of Dennis Byrne, Esq., and Quigley, O'Connor and Carnathan LLC with respect to defendant EightStar, and includes the lawyers of those law firms and any of their secretarial and other legal assistants and support personnel to whom it is necessary to disclose Protected Material for the purpose of this action.

2.10    Expert: "Expert" means an expert and/or independent consultant actually retained or employed to advise or to assist Counsel in the preparation and/or trial of this action.

3.    DESIGNATION OF PROTECTED MATERIAL

3.1     Designation of Confidential or Highly Confidential Information: Any portion of any document or oral testimony produced or given in this action that is asserted by the Producing Party to contain or constitute Protected Material shall be so designated by such Producing Party. Each such document or transcript of testimony shall be clearly and prominently marked on its face with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Each page of a document containing or constituting Protected Material shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". Any page not so marked shall not be subject to the terms of this

Order which apply to such material. Transcript pages containing or constituting Confidential Information shall be separately bound by the court reporter and marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page. If the Receiving Party wishes to show non-protected portions of a document or transcript containing Protected Material to a person or Party not described below in paragraphs 4.2 or 4.3, it shall first redact all pages marked as containing protected material. The procedure for designation of documents after production is set forth in paragraph 5.3 below. Challenges may be made to the propriety of a Confidential Information or Highly Confidential Information designation under the procedure set forth in paragraph 6 below.

3.2 Designation of Non-Paper Media: Any Confidential Information or Highly Confidential Information produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as Protected Material by labeling the outside of such non-paper media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL". In the event a non-producing party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must immediately stamp each page "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

4. ACCESS TO PROTECTED MATERIAL

4.1 General: A record shall be made of the names of the persons to whom disclosure of Protected Material is made (other than to Counsel). All Protected Material shall be held in the custody and control of Counsel of Record for the Receiving Party.

4.2 Access to Confidential Material: In the absence of written permission from the Producing Party, or an order of the Court, any material designated as "Confidential" that is produced in accordance with the provisions of Section 3 above shall be used solely for purposes of litigation between the parties hereto, and shall not be disclosed to or discussed with any

4

person other than (a) Counsel for the Receiving Party and court reporters taking testimony involving such Protected Material and their support personnel; (b) employees of the Receiving Party whose review of such information is required for the conduct of the above-entitled litigation; (c) Experts who have signed the certification attached as Appendix A; (d) an individual who can be shown on the face of the document or through the procedure set forth in paragraph 4.3 to have authored, prepared, reviewed or received the information; (e) the Court; and (f) stenographers at depositions. Nothing contained in this Order shall affect the right of the Producing Party to disclose to anyone Protected Material that it has designated.

    4.3    <u>Access to Highly Confidential Material</u>: Documents and information designated "Highly Confidential" shall not be disclosed by the attorney receiving such document or information except to: (a) Counsel for the Receiving Party, including stenographic, secretarial, paralegal, clerical, and other employees of Counsel for the respective Receiving Party; (b) any individual who can be shown to have authored, prepared, reviewed, or received the document or information in the document; or (c) the Court and related officials involved in this litigation, including judges (trial and appellate), magistrates, commissioners, mediators, referees, jurors, and other Court personnel, including court reporters (provided, however, that any material designated "Confidential" or "Highly Confidential" and filed with the Court is filed in accordance with the procedures for filing under seal described in paragraph 5.1 below). Except as expressly stated in this paragraph, any document or information marked "Highly Confidential" shall receive the same degree of protection as documents or information marked "Confidential."

    4.4    <u>Access to Protected Material by Individuals Who Have Previously Seen It</u>: Written permission shall not be required to show Protected Material to a person who wrote or

5

received the Protected Material. If it is not evident from the face of the document in question that the person wrote or received the Protected Material in question, counsel for the Producing Party and counsel for the Receiving Party shall in good faith attempt to determine whether the person in fact wrote or received the Protected Material.

  4.5 <u>Production of Protected Material Subject to Agreements With Third Parties</u>: If a Party possesses Protected Material that is the subject of a confidentiality or non-disclosure agreement with a third party and is responsive to a discovery request, then upon entry of this Protective Order, such Party shall promptly send such third party a copy of this Protective Order along with a request to produce that Protected Material designated as such pursuant to this Protective Order. The Party in possession of such Protected Material shall produce such Protected Material either upon permission of the third party or upon order of the Court.

5. HANDLING OF PROTECTED MATERIAL

  5.1 <u>Filing Protected Material with the Court</u>: In the event that a Party seeks to include or disclose any Protected Material, or the contents thereof, in, any pleading, motion, deposition transcript or other paper filed with the Clerk of this Court or otherwise seeks to file any Protected Material with the Clerk of the Court, the parties will seek guidance from the Court as to how such filing shall be conducted; and no such items shall be filed with the Court until the Court has given guidance as to how such items shall be filed.

  5.2 <u>Working Copies</u>: Nothing herein shall restrict a qualified recipient from: (a) making working copies, abstracts, digests and analyses of such information for use in connection with this action between the parties to the above entitled litigation or (b) converting or translating such information into machine-readable form for incorporation in a data retrieval system used in

connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

5.3     Inadvertent Disclosure of Protected Material: If a Party through inadvertence produces any Protected Material without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential or Highly Confidential, and should be treated as such in accordance with the provisions of this Protective Order. The Receiving Party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure, prior to the receipt of such notice of such information, to persons not authorized to receive such information shall not be deemed a violation of this Protective Order.

5.4     Examination and Testimony Regarding Protected Material:

(a)     A Party or present employee of a Party may be examined and may testify concerning all Protected Material produced by that Party;

(b)     A former employee of a Party may be examined and may testify concerning all Protected Material produced by a Party which pertains to the period or periods of his or her employment and prior thereto;

(c)     An independent contractor of a Party (other than a non-testifying litigation consultant) may be examined and may testify concerning all Protected Material produced by that Party which pertains directly to the period or periods of his or her work for the Party.

5.5     Designation of Transcript: Any transcript containing protected material not previously properly designated, shall be designated as containing such information within thirty

(30) days of receipt of the transcript by the Producing Party; absent such designation, the transcript shall not be subject to this Protective Order.

5.6     Disclosure of Protected Material in Transcripts to the Deponent: Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript.

5.7     Request for Production in Unrelated Legal Proceedings: In the event any Receiving Party having possession, custody or control of any Protected Material receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-Party to this action, then, before producing such information, such Receiving Party shall (a) promptly notify by mail the Counsel of Record of the Producing Party claiming such Confidential or Highly Confidential treatment of the document sought by such subpoena or other process or order, (b) promptly furnish these Counsel of Record with a copy of said subpoena or other process or order, and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose interests may be affected, including, without limitation, by taking all feasible steps to afford the Producing Party a reasonable period of time to object or seek judicial relief in advance of the production sought. The Producing Party asserting the Confidential or Highly Confidential treatment shall have the burden of defending against such subpoena, process or order. The Receiving Party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Producing Party asserting the Confidential or Highly Confidential treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

5.8     Production by Party of Protected Material of a Third Party: Where a Party is in possession of confidential documents of a third party or confidential agreements with a third

party, which agreements may contain confidentiality and/or non-disclosure restrictions, the party agrees that it will promptly notify such third party and seek such third party's consent prior to disclosure.

6. DESIGNATION NOT DETERMINATIVE OF STATUS

There is no obligation to challenge the propriety of a Confidential or Highly Confidential designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. All challenges to the propriety of a designation of protected material shall first be made to the Producing Party in writing by letter or other document identifying with specificity the material challenged. Within seven (7) days of such a challenge, the designating party shall substantiate the basis for such designation in writing, or forever waive the protections of this Protective Order with respect to the challenged information. Such challenges shall be resolved in good faith on an informal basis if possible. If the dispute cannot be resolved, the party challenging the designation may seek appropriate relief from this Court. The burden of persuasion or proof shall be on the party claiming confidentiality.

7. RIGHT TO FURTHER RELIEF

Nothing in this Protective Order shall abridge the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this Protective Order.

8. AMENDMENT

This Protective Order may not be amended without agreement of Counsel for all Parties in the form of a written stipulation filed with the Court, or by an order of the Court after a duly noticed motion to each Party.

9. <u>RIGHT TO ASSERT OTHER OBJECTIONS</u>

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, immunity, relevance, overbreadth, burdensomeness or other grounds for not producing Discovery Material called for, and access to such Discovery Material shall be only as otherwise provided by the discovery rules and other applicable law.

10. <u>FINAL DISPOSITION</u>

Within sixty (60) days after final termination of this action including appeal, or within thirty (30) days after the time for appeals has expired, each Party shall assemble all Protected Material furnished and designated by any other Party, and such materials provided to Experts, and shall either (i) return such Protected Material to the Producing Party, or (ii) destroy the Protected Material and provide a certificate of destruction. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

11. TERMINATION AND SURVIVAL OF OBLIGATIONS

No restriction imposed by this Protective Order may be terminated, except by a written stipulation executed by Counsel of Record for each Producing Party, or by an order of this Court for good cause shown. The termination of this action shall not automatically terminate the obligations specified in this Protective Order.

| HEARTS ON FIRE COMPANY, LLC | EIGHTSTAR DIAMOND COMPANY |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Stephen LaRose | /s/ Adele Conover |
| Robert P. Sherman (BBO #548540)<br>Mark D. Robins (BBO #559933)<br>Stephen M. LaRose (BBO #654507)<br>NIXON PEABODY LLP<br>100 Summer Street<br>Boston, MA 02110<br>617-345-1000 | Valerie Dulaney (Admitted Pro Hac Vice)<br>Adele Conover, (Admitted Pro Hac Vice)<br>MILLER & NASH LLP<br>4400 2 Union Square<br>601 Union Street<br>Seattle, WA 98101<br>(206) 622-8484 |

Dated: September 27, 2005

SO ORDERED,

*/s/ Joseph L. Tauro*

The Hon. Joseph L. Tauro
United States District Court Judge

10/3/05

## APPENDIX A

## CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(i) I have read the Protective Order entered in the action entitled <u>Hearts on Fire Company, LLC v. EightStar Diamond Company</u>, presently pending in the United States District Court for the District of Massachusetts;

(ii) I understand the terms of the Protective Order;

(iii) I agree, upon threat of penalty of contempt and other civil remedies, to be bound by its terms;

(iv) I understand that I am to maintain all copies of any Protected Material that I receive in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, and that all copies are to remain in my custody only until I have completed my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from any of the continuing obligations imposed upon me by said Protective Order. I further agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order; and

(v) I irrevocably submit my person to the jurisdiction of the United States District Court for the District of Massachusetts for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____

_____
Signature

_____
Name

_____
Present Employer

_____
Title/Occupation

_____
Address

_____
City　　　　　　State　　　　　ZIP

_____
Telephone Number