**Exhibit 4**

Case Name: ☐Hearts on Fire Company, LLC v. Eightstar Diamond Company

Case Number: ☐1:04-cv-12258

RECEIVED
NOV 0 7 2005
MILLER NASH LLP

James L. Phillips
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Abaid, Kim entered on 10/31/2005 at 5:37 PM EST and filed on 10/31/2005
Case Name:     Hearts on Fire Company, LLC v. Eightstar Diamond Company
Case Number:   1:04-cv-12258
Filer:
Document Number:     38

Docket Text:
Judge Joseph L. Tauro : ORDER entered. CONSENT JUDGMENT and PERMANENT INJUNCTION(Abaid, Kim)

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=10/31/2005] [FileNumber=1183383-
0] [57828320f459e393aad4a4c13a033afe33f144210406adaf31af84b5b624e45e90
1fa54b0cc2d1afa53c5780d69f142de3b79aeddfe9607331733a79e1f94700]]

1:04-cv-12258 Notice will be electronically mailed to:

Nicholas P. Alexander     nalexander@morrisonmahoney.com

Sean T. Carnathan     scarnathan@qoclaw.com

Adele Conover     adele.conover@millernash.com

Valerie Dulaney     valerie.dulaney@millernash.com

Stephen M Larose     slarose@nixonpeabody.com

Mark D. Robins     mrobins@nixonpeabody.com

Robert P. Sherman     rsherman@nixonpeabody.com

1:04-cv-12258 Notice will not be electronically mailed to:

James L. Phillips
Miller Nash LLP
4400 Two Union Square
601 Union Street
Seattle, WA 98101-2352

Valerie du Laney
Miller Nash LLP
Suite 4400
601 Union Street
Seattle, WA 98101

DOCKETED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>EIGHTSTAR DIAMOND COMPANY and<br>GRS JEWELERS, INC.,<br><br>Defendants. | CIVIL ACTION NO. 04-12258-JLT |

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

In order to effectuate and implement the Settlement Agreement by and between the Plaintiff Hearts on Fire Company, LLC and one of the Defendants, GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball") (a copy of which is attached; hereinafter referred to as "Settlement Agreement"); and because the parties have submitted themselves to the Court's jurisdiction; and because the Court has found that entry of this Consent Judgment and Permanent Injunction is necessary and proper to consummate the settlement of this action;

NOW, THEREFORE, upon agreement of the parties, it is ORDERED, ADJUDICATED, and DECREED as follows:

1.  Grimball and its agents, servants, employees, successors, and assigns, are hereby ENJOINED, except as provided in Section 4 below, from any and all publication, use, display, public distribution, transmission to the public, or public dissemination (whether in person or through any medium now known or that may hereafter be created) of the following marks (the

BOS1517367.2

- 2 -

"Marks"): THE WORLD'S MOST PERFECTLY CUT DIAMOND® and THE MOST PERFECTLY CUT DIAMOND IN THE WORLD®, without regard for the use of capital or lower case letters, the use of plural or singular forms of any of the foregoing words, or the use of apostrophes or punctuation in connection with any of the foregoing words, including, without limitation, the phrase "The most perfectly cut diamonds in the world."

2. This Court shall retain continuing jurisdiction over the parties for the purpose of entering enforcement orders of this Consent Judgment and Permanent Injunction and enforcing the Settlement Agreement; provided, however, that this jurisdiction shall not be construed to require Grimball or any of its directors, officers, or employees to give testimony in this jurisdiction in connection with any of the claims or counterclaims between HOF and EightStar Diamond Company.

3. Except insofar as the parties have stipulated to the entry of injunctive relief in favor of HOF and against Grimball in this action, all claims are hereby dismissed with prejudice. Each party shall bear its own costs.

4. Nothing in this Order shall prohibit Grimball from referencing the Marks as those belonging to HOF in connection with any lawful comparative or competitive advertising.

HEARTS ON FIRE COMPANY LLC,

By its attorneys,

_____
Robert P. Sherman, Esq. (BBO#548540)
Mark D. Robins, Esq. (BBO#559933)
Stephen M. LaRose, Esq. (BBO#654507)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

BOS1517367.2

- 3 -

**Consented and Agreed to:**

GRS JEWELERS, INC. d/b/a Grimball & Stokes Jewelers

a/k/a Grimball Jewelers

By its attorneys,

_____
Nicholas P. Alexander (BBO #544173)
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Date: 9/27/05

SO ORDERED:

Dated: 10/31/05

_____
United States District Court
District of Massachusetts

BOS1517367.2

**EXHIBIT A**

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is made this 23rd day of September, 2005, by and between Hearts On Fire Company, LLC ("HOF"), a Massachusetts Limited Liability Company, with a principal place of business in Boston, Massachusetts, and GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers ("Grimball"), a North Carolina corporation with a principal place of business in Chapel Hill, North Carolina (individually, HOF and Grimball shall each be referred to as a "Party" and, collectively, they shall be referred to as the "Parties").

WHEREAS, a dispute has arisen between HOF and Grimball as stated in the Amended Complaint styled Hearts On Fire Company, LLC v. EightStar Diamond Corp. and GRS Jewelers, Inc. (United States District Court for the District of Massachusetts, Civil Action No. 04-12258JLT) (the "Litigation");

WHEREAS, HOF and Grimball desire to resolve the Litigation, in accordance with the terms of this Settlement Agreement;

NOW THEREFORE, in consideration of the mutual covenants and undertakings herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. <u>Procedure and Payment.</u>

The Parties to this Settlement Agreement will execute two duplicate originals of this Settlement Agreement. The Parties will also simultaneously execute a Consent Judgment and Permanent Injunction ("Consent Judgment"), in the form attached hereto as Exhibit 1.

Upon execution of the duplicate originals of this Settlement Agreement and the Consent Judgment, HOF shall file the Consent Judgment with the court where the Litigation is pending. A copy of this Settlement Agreement as executed shall be attached to the Consent Judgment as filed.

Within seven business days following execution of this Settlement Agreement, Grimball shall provide HOF with a check payable to Hearts On Fire Company, LLC in the amount of $7,500.

2. <u>Release by HOF.</u>

Effective upon payment of the amount in Paragraph 1 and entry of the Consent Judgment, HOF, on behalf of itself and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, releases and forever discharges Grimball and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns from any and all claims, debts, demands, actions, causes of action, damages, liabilities, defenses, suits, dues, sum and sums of money, accounts, and controversies which HOF and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers,

BOS1517350.2

- 2 -

successors, and assigns ever had, now have, or claim to have against Grimball and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns (the "Released Parties"), that were alleged in the Litigation or are dismissed pursuant to the Consent Judgment, provided, however, that the foregoing release does not apply to the following: (i) any claim, cause of action, or remedy for breach of this Settlement Agreement; (ii) HOF's right to obtain entry of the Consent Judgment and to any rights afforded to HOF by the Consent Judgment; (iii) any claim, cause of action, or remedy available to HOF for any violation of the Consent Judgment which occurs on or after the date on which the Consent Judgment is entered; and (iv) any claim, cause of action, or remedy that HOF has against EightStar Diamond Company, but HOF shall not attempt to enforce against the Released Parties any judgment or other relief HOF obtains from or against EightStar Diamond Company.

3.  Release by Grimball.

Grimball, on behalf of itself and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, releases and forever discharges HOF and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns from any and all claims, debts, demands, actions, causes of action, damages, liabilities, defenses, suits, dues, sum and sums of money, accounts, and controversies which Grimball and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns ever had, now have, or claim to have against HOF and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, that were alleged in the Litigation or are dismissed pursuant to the Consent Judgment.

4.  Attorney's Fees.

In the event of any action to enforce this Settlement Agreement or the Consent Judgment, the Prevailing Party shall be entitled to recover attorneys' fees and costs incurred in connection with such action. In the event that no Complaint or pleading is filed, no attorney's fees will be awarded.

5.  Representations and Warranties.

Each Party to this Settlement Agreement represents and warrants to one another that:

(a)  Such Party has read and understood this Settlement Agreement;

(b)  Such Party has entered into this Settlement Agreement voluntarily;

(c)  Such Party has entered into this Settlement Agreement for reasons of its own, and not based upon the representation of any person, except as contained in this Settlement Agreement;

(d)  Such Party has agreed to waive its right to participate in discovery and does so while understanding that the discovery process may well have provided

- 3 -

additional, relevant information, including information which such party is currently unaware; and,

(e)  Such Party has had the right and opportunity to retain counsel.

6.  Document Production.

Grimball agrees to provide to HOF, within fourteen (14) days after this agreement is signed by each Party, all documents in its possession, custody, or control concerning Grimball's selection of the phrase "The most perfectly cut diamonds in the world" and all documents concerning Grimball's use of such phrase or of HOF's trademarks THE WORLD'S MOST PERFECTLY CUT DIAMOND and THE MOST PERFECTLY CUT DIAMOND IN THE WORLD. Such documents shall include, but shall not be limited to, all electronic files, emails, web pages, web site logs, advertising materials, surveys, polls and written correspondence. Upon producing such documents to HOF, Grimball hereby agrees to certify in writing that it has conducted a reasonably thorough and diligent search of its premises for items within its possession, custody, and control, and provided all documents responsive to this paragraph. A certification is attached herein as Exhibit 2 for these purposes.

7.  Entire Agreement.

This Settlement Agreement, including Exhibits 1 and 2 hereto, constitutes the entire agreement among the Parties concerning resolution of the issues identified in the Complaint and those which are being released herein and it is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by each of the Parties to this Settlement Agreement. Each of the Parties to this Settlement Agreement hereby covenants, acknowledges, and agrees that no claim will be made at any time or place that this Settlement Agreement has been orally altered or modified in any respect.

8.  No Admission of Liability.

This Settlement Agreement is not an admission by either Party of any liability whatsoever, but is a compromise of a disputed claim.

9.  Confidentiality; Advertising and Marketing.

The Parties agree to maintain the Confidentiality of the Settlement Agreement and not to publish, disclose, release, or share the information contained herein with third-parties, except to the extent required by law, including in connection with such Party's discovery obligations in any judicial or administrative proceeding, provided such Party takes reasonably available measures to limit further disclosure by any recipient(s) of such documents. Nothing in this Paragraph shall prevent either Party from offering this Settlement Agreement into evidence in any judicial or administrative proceeding, provided such Party takes reasonable efforts to file the Settlement Agreement under seal to the extent permitted by the judicial or administrative tribunal. Furthermore, nothing in this Paragraph shall prevent either Party from disclosing this Settlement Agreement in connection with any audit of such Party. The Parties specifically agree to refrain from referencing the claims brought against Grimball in Litigation, and/or the issues

BOS15173502

- 4 -

addressed in this Settlement Agreement and/or in the Consent Judgment in advertising, marketing, promotional, public relations, or sales materials, even if intended as a parody.

10.   Authority to Enter in Agreement.

Any individual executing this Settlement Agreement on behalf of any Party to this Settlement Agreement represents and warrants that such individual is duly authorized to enter into this Settlement Agreement on behalf of that Party and that this Settlement Agreement binds that Party.

11.   No Assignment.

Each of the Parties to this Settlement Agreement warrants that there has been no assignment, transfer, or other disposition of any of the claims that were asserted or could have been asserted in the Litigation or that are the subject of the releases set forth herein, and each of the Parties warrants that it is entitled to give a full and complete release of all such matters.

12.   Successors and Assigns.

This Settlement Agreement shall inure to the benefit of, and be binding upon, the Parties to this Settlement Agreement and their successors and assigns.

13.   Severability.

In the event that any individual provision of this Settlement Agreement is held to be unenforceable, the other provisions of this Settlement Agreement shall remain in full force and effect.

14.   Choice of Law; Venue; Personal Jurisdiction.

This Settlement Agreement, and any dispute arising out of, or relating to, this Settlement Agreement, shall be governed by the laws of the Commonwealth of Massachusetts. The Parties agree to submit to the continuing exclusive jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing or resolving any dispute arising out of, or relating to, this Settlement Agreement and the Consent Judgment. In doing so, Grimball does not consent to the jurisdiction of the United States District Court for the District of Massachusetts for any other purpose, including in connection with subpoenas for testimony in depositions in connection with any of the claims or counterclaims between HOF and Eightstar Diamond Company. Each Party consents to personal jurisdiction and venue in the state or federal courts in Massachusetts in connection with any dispute governed by this Paragraph.

BOS1517350.2

- 5 -

Entered as an instrument under seal:

HEARTS ON FIRE COMPANY, LLC,

By: Gailyn C. Sonia
Title: General Counsel
Dated: 9.23.05


GRS JEWELERS, INC. d/b/a Grimball & Stokes Jewelers
a/k/a Grimball Jewelers

By:
Title: Owner/Pres
Dated: 9/16/05

BOS1517350.2

**Exhibit 1**

BOS1517350.2

- 7 -

### Exhibit 2

### Certification on Diligent Search for Documents

I, _Grimball_, hereby certify under penalty of perjury, as follows:

1.  I am _Pres._ for Grimball Jewelers Corporation ("Grimball").

2.  I have responsibility for Grimball's actions to comply with the Settlement Agreement between Grimball and Hearts On Fire Company, LLC ("HOF"), as well as the Consent Judgment and Permanent Injunction to which Grimball agreed to be bound in Civil Action No. 04-12258-JLT in the United States District Court for the District of Massachusetts.

3.  I have conducted a search for all documents in Grimball's possession, custody and control concerning Grimball's selection of the phrase "The most perfectly cut diamonds in the world" and all documents concerning Grimball's use of such phrase or Grimball's use of HOF's trademarks THE WORLD'S MOST PERFECTLY CUT DIAMOND® and THE MOST PERFECTLY CUT DIAMOND IN THE WORLD®. As part of this search, I have looked for all electronic files, emails, web pages, web site logs, advertising materials, surveys, polls, and written correspondence.

4.  All documents located in my search that fall within the description in Paragraph 3 above are enclosed herewith. Provided, however, that documents constituting communications with legal counsel have not been produced, nor have copies of correspondence from or on behalf of HOF been produced.

Signed under penalties of perjury this _16_ day of September, 2005.

_____

BOS1517350.2