# Exhibit 8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARTS ON FIRE COMPANY, LLC,

                    Plaintiff,

            v.                                        CIVIL ACTION NO. 04 12258-JLT

EIGHTSTAR DIAMOND COMPANY and GRS
JEWELERS, INC.,

                    Defendants.

## HEARTS ON FIRE COMPANY LLC'S RESPONSE TO DEFENDANT EIGHTSTAR'S AMENDED FIRST SET OF INTERROGATORIES

Plaintiff Hearts On Fire Company LLC ("HOF") responds to Defendant EightStar

Diamond Company's First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

The responses to each interrogatory are subject to the general objections set forth below.

These limitations and objections form a part of the answer to each interrogatory and are set forth

in this manner to avoid the duplication of restating them for each answer.  These general

objections may be specifically referred to in an answer to certain interrogatories for the purpose

of clarity.  However, the failure to specifically incorporate a general objection is not a waiver of

that objection.

1.      HOF objects generally to the interrogatories to the extent that they call for the

disclosure of (i) information protected by the attorney/client privilege or the work product

doctrine and/or (ii) information not otherwise discoverable under Fed. R. Civ. P. Rules 26 and

33.

BOS1528072.1

2.    HOF objects generally to the interrogatories to the extent that they seek information for an indefinite time period.

3.    HOF objects generally to the interrogatories to the extent that they are vague, overly broad, oppressive, and unduly burdensome.

4.    HOF objects generally to the interrogatories to the extent that they seek information which is not relevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.

5.    HOF objects generally to the interrogatories to the extent that they request disclosure of confidential and sensitive business information.

6.    HOF objects generally to the interrogatories to the extent that they seek information from persons or entities other than HOF.

7.    HOF undertakes to respond to the interrogatories only to the extent required by Fed. R. Civ. P. Rules 26 and 33, and the local rules of the U.S. District Court for the District of Massachusetts. HOF objects to the interrogatories and the definitions contained therein to the extent that they purport to impose any obligations that differ from, exceed, or conflict with those set forth in the Federal Rules of Civil Procedure, local rules or any other applicable rule.

8.    HOF is providing these answers and objections, and the information divulged therein, without waiver of, or prejudice to, its right at any later time to raise objections to (a) any further demand for discovery involving or relating to the matters raised in the interrogatories or (b) the relevance, materiality or admissibility of (i) the interrogatories or any part thereof, (ii) statements made in response to the interrogatories or any part thereof, (iii) any document identified in response to the interrogatories or any part thereof, or (iv) any information divulged in response to the interrogatories or any part thereof.

9.      Given that discovery is in its beginning stages, and that a number of EightStar's interrogatories request that HOF "state the basis" and request detailed information through "contention interrogatories", HOF reserves the right to supplement and/or change each of its responses below.

## INTERROGATORIES

INTERROGATORY NO. 1

State the basis for the contention that HOF's Marks are inherently distinctive and/or have acquired secondary meaning.

ANSWER TO NO. 1

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF states that through extensive and continuous sales, widespread promotion and advertising, and continuous use, HOF's Marks have come to be associated with HOF and identify HOF as the source of the goods and services offered in connection with these marks. Among other things, the distinctiveness of HOF's Marks is evidenced by the registration of four of them by the USPTO. Specifically, registration by the USPTO is prima facie evidence of the validity of a mark. HOF's Mark The Most Perfectly Cut Diamond in the World® is registered with the USPTO as Registration No. 2,956,854 in Class 14 for use with "gemstones, namely cut diamonds" with a first use in commerce in January of 1997. HOF's Mark The Most Perfectly Cut Diamond in the World® is also registered with the USPTO as Registration No. 2,956,853, in Class 35 for use with "retail store services in the field of diamonds; online retail store services in the field of diamonds; wholesale stores featuring diamonds" with a first use in commerce in January of 1997.

- 4 -

HOF's Mark The World's Most Perfectly Cut Diamond® is registered with the USPTO as Registration No. 2,956,851 in Class 14 for use with "gemstones, namely cut diamonds" with a first use in commerce in January of 1997. HOF's mark The World's Most Perfectly Cut Diamond® is also registered with the USPTO as Registration No. 2,956,852, in Class 35 for use with "wholesale distributorship services in the field of diamonds; wholesale stores featuring diamonds" with a first use in commerce in January of 1997.

In addition, HOF's applications for registration of its Marks were each reviewed by an examiner at the USPTO, and allowed for publication in the *Official Gazette* by the USPTO under Section 2(f) of the Lanham Act, exhibiting the examiners' determination that the Marks had acquired distinctiveness. Such Notices of Publication are included in HOF's production of Documents at Bates Label nos. H 000008 – H 003380.

As further support for the secondary meaning that the Marks have acquired, HOF's Marks have been extensively used throughout the United States. The Marks have been in substantially continuous and exclusive use for more than seven years, which exceeds the period of use deemed to be prima facie evidence of secondary meaning under the Lanham Act. Moreover, annual net sales under the Marks for each of the previous six (6) fiscal years exceeded $30 million, with net sales in excess of $77 million for the most recent fiscal year. All products included in these annual net sales figures are sold under either The Most Perfectly Cut Diamond in the World® or The World's Most Perfectly Cut Diamond® marks.

HOF's Marks have also been extensively promoted throughout the United States. HOF's expenditures on advertising and trade shows using the Marks were in excess of $15 million in 2004, $6.6 million in 2003, $10.7 million in 2002, and in excess of $1 million for each of the

preceding four (4) years. Exemplars of such advertising and promotion may be found in documents Bates labeled nos. H 004234 – H 054142 of HOF's production of documents.

In addition, the intentional copying and/or close mimicking of HOF's Marks by EightStar and its retailers, as set forth in documents H 054281 – 054282; H 054311; and H 054324 – 054340, and in information that has been published on EightStar's website, with full knowledge of HOF's trademark rights, is evidence of the secondary meaning acquired by the Marks.

## INTERROGATORY NO. 2

Identify all persons whom you may call as a non-expert witness and the basis for their testimony.

## ANSWER TO NO. 2

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Additionally, HOF objects to the extent that this request is vague, ambiguous and overly burdensome as it is beyond the requirements of the rules of civil procedure. In addition, HOF objects to this request as it is a compound interrogatory that amounts to more than one request and, as a result, EightStar has served a number of interrogatory requests that exceed that allowed by the rules of civil procedure and local rules. Subject to and without waiving its objections, HOF states that at this early stage of discovery it is not aware of all individuals whom it may call as a non-expert witness. Stating further, HOF refers to each of the individuals listed in Section A of its Initial Disclosures, served upon EightStar on May 6, 2005.

## INTERROGATORY NO. 3

State the basis for your contention in Paragraph 56 of the Complaint that "HOF has been, and continues to be, damaged by EightStar's and Grimball's activities and conduct. EightStar and Grimball have profited thereby and, unless their conduct is enjoined, HOF's reputation and

- 6 -

goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages."

ANSWER TO NO. 3

HOF hereby restates and incorporates its General Objections as if fully set forth herein. In addition, HOF objects to this request as it is a compound interrogatory that amounts to more than one request and, as a result, EightStar has served a number of interrogatory requests that exceed that allowed by the rules of civil procedure and local rules. Subject to and without waiving its objections, HOF states that discovery is in its beginning stages and therefore the extent of damages to HOF, and/or profit to EightStar, is still being discovered. Further, and without waiving its objections, HOF states that EightStar's conduct has caused a likelihood of confusion with regard to the goods and services provided by HOF and EightStar. As established under trademark law, this likelihood of confusion causes damage to HOF as well as harm to HOF's reputation and goodwill. EightStar's conduct is set forth in exhibits A through F attached to the Amended Complaint in this matter, and additionally in documents Bates labeled H 054281 – 054282; H 054311; and H 054324 - 054340 in HOF's production of documents. Further, as additional evidence of EightStar's conduct, HOF refers to Documents produced by EightStar, Bates labeled E000013 – E00014; E00032-E00041 and information that has been published on EightStar's website.

With regard to the basis that there is a likelihood of confusion, HOF states:

**a.    Similarity of the Marks**

As evidenced in exhibits A through F attached to the Amended Complaint in this matter, in documents Bates labeled H 054281 – 054282; H 054311; and H 054324 - 054340 in HOF's production of documents, in information that has been published on EightStar's website, and

further in documents produced by EightStar Bates labeled nos. E000013 – E00014, the marks used by EightStar and its retailers are identical and/or nearly identical to HOF's registered Marks.

**b.      Similarity of the Goods**

Both HOF and EighStar sell similar goods, namely gemstones and jewelry, and more specifically round diamonds cut in the "hearts and arrows" pattern.  Both HOF and EightStar sell diamonds in a wide range of sizes, namely .25 ct and up.  Both HOF and EightStar sell diamonds that have achieved the coveted AGS Triple 0 Rating.

**c.      Similarity of Channels of Trade, Advertising, and Potential Customers**

The parties' channels of trade and advertising overlap because HOF uses retailers much like the  EightStar to sell HOF's goods and to advertise HOF's marks.  HOF has over 400 authorized retailers throughout the United States.  Indeed, HOF has agreements with 42 reatilers in the state of California where several of EightStar's retailers -- as well as EighStar itself -- are located, and 15 retailers in the state of North Carolina where EightStar's retailer Grimball is located.  Both parties sell through high-end independent jewelry retailers.

HOF advertises its goods using the Marks in a variety of magazines and catalogues of national circulation that reach consumers of wedding related products as well as those interested in diamond jewelry.  On information and belief, EightStar advertises its goods in similar publications.

Finally, both HOF and EightStar serve the identical type of customers  -- purchasers of diamond jewelry.   It should be noted that consumer sophistication about diamonds can vary widely, and confusion is high among average consumers of diamond jewelry, who often are first time buyers with little knowledge or experience in the diamond business.  Many buyers in this

BOS1528072.1

- 8 -

market are first-time purchasers who may not have prior experience with diamonds, and products as closely similar as those sold by both HOF and EightStar can increase consumer confusion. For example, approximately 50% of HOF's target market for diamond sales is the bridal market, namely men, many of whom have no prior experience buying diamonds.

### d.    Intent of Alleged Infringer

Because at least three of EightStar's retailers, including Grimball, E.R. Sawyer and The Jewelry Source, and possibly others, used identical or nearly identical copies of HOF's Marks on their websites to advertise EightStar's goods and link to EightStar's web page, it is beyond peradventure that EightStar was aware of HOF's marks and that it intentionally assisted, induced and coordinated its retailers' use of the Marks.  Such use and intent is evidenced in exhibits A – F of HOF's Amended Complaint, in the information that has been published on EightStar's website, as well as in documents Bates labeled H 054281 – 054282; H 054311; and H 054324 - 054340 in HOF's production.  Moreover, as referenced above in responding to Interrogatory No. 9, EightStar was aware of the ongoing use of the Marks, and where a defendant has continued to use a plaintiff's mark after receiving notice of infringement, courts will presume an intent to deceive the public.  On that point, HOF incorporates by reference its response to Interrogatory No. 9.  Additionally, EightStar's intent is further evidenced in EightStar's production of documents at E00013 – E000014; E00032 – E00041.

<u>INTERROGATORY NO. 4</u>

State the factual and legal basis for your first affirmative defense that Eightstar has failed to state a claim in each of its two Counterclaims.

ANSWER TO NO. 4

HOF hereby restates and incorporates its General Objections as if fully set forth herein. In addition, HOF objects to this request as it is a compound interrogatory that amounts to more than one request and, as a result, EightStar has served a number of interrogatory requests that exceed that allowed by the rules of civil procedure and local rules. Subject to and without waiving its objections, HOF incorporates by reference its pleadings filed in connection with its Motion to Dismiss EightStar's Counterclaims. Further, and without waiving any objections, HOF states that EightStar's Counterclaims fail to state a claim because they do not assert a case or controversy as required by the Declaratory Judgment statute, because EightStar has not alleged facts sufficient to establish that HOF's Marks are not registrable, and because EightStar cannot prove facts sufficient to establish that HOF's Marks are not registrable. Finally, HOF incorporates by reference its response to Interrogatory No. 1.

INTERROGATORY NO. 5

State the basis for your contention in Paragraph 23 of the Complaint, that Eightstar's web site is "highly interactive."

ANSWER TO NO. 5

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF incorporates by reference the January 11, 2005 affidavit of Gailyc C. Sonia, specifically paragraphs 15 - 22.

INTERROGATORY NO. 6

Identify all persons who have knowledge of the facts upon which you base your contention that EightStar publicly expressed "chagrin over the fact that HOF entered the market

with HOF's distinctive trademarks and service marks before EightStar could do so" and please provide your definition of the word "chagrin."

ANSWER TO NO. 6

HOF hereby restates and incorporates its General Objections as if fully set forth herein. HOF further objects to the extent that this request seeks information specifically within EightStar's knowledge, and outside of HOF's knowledge. Subject to and without waiving its objections, HOF identifies all persons who received the document referenced as Bates label nos. H 054330 – H 054333 in HOF's production of documents, as well as all persons who received documents designated as E00032 – E00041 in EightStar's production. Further, HOF identifies Richard Von Sternberg. HOF states that it defines the term chagrin as: disappointment, regret or anger.

INTERROGATORY NO. 7

State the basis for your contention in Paragraph 26 of the Complaint that "Eightstar has responded to HOF's successfully prior introduction of branded diamonds through a range of misconduct."

ANSWER TO NO. 7

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF incorporates by reference its responses to Interrogatory Nos. 3 and 6.

INTERROGATORY NO. 8

Identify all persons who have knowledge of the facts upon which you base your contention that "it was reported that EightStar claimed to have trademarked the confusingly similar phrase "The World's Most Perfectly Performing Diamond."

ANSWER TO NO. 8

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF identifies all persons who authored the news article designated as Bates label nos. H 054330 – H 054333 in HOF's production of documents. HOF also identifies all persons who contributed to that article and all persons who received and/or reviewed that article.

INTERROGATORY NO. 9

State the basis for your contention that Eightstar has instigated and/or directed Grimball, E.R. Sawyer Jewelers Corp. and/or the Jewelry Source to misappropriate the good will of HOF's Marks.

ANSWER TO NO. 9

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF incorporates by reference the conduct and documents referred to in its responses to Interrogatory Nos. 3, and 6.   Further, HOF states that EightStar had notice that its retailers (including but not limited to E.R. Sawyer, The Jewelry Source and Grimball) were using HOF's Marks or confusingly similar Marks to advertise EightStar's goods and to link to EightStar's web page, and EightStar failed to prevent such use of the Marks.  EightStar was on notice of such use at least as early as December 9, 2003 when it acknowledged that its retailers received subpoenas concerning the USPTO opposition proceedings, and received additional notice as early as December 6, 2004 when it acknowledged that a lawsuit to enforce HOF's Marks had been filed by HOF against EightStar's retailer, E.R. Sawyer.  Moreover, even upon E.R. Sawyer's consent to an injunction precluding it from using the Marks, EightStar still did prevent its retailers, namely Grimball but possibly others, from

- 12 -

using HOF's Marks to link to EightStar's web page and advertise EightStar goods. Further still, upon HOF filing suit against EightStar for infringement, EightStar did not stop Grimball from using HOF's Mark to link to EightStar's web page.

Furthermore, throughout the time period in which EightStar was knowledgeable of the use of HOF's Marks by EightStar retailers, EightStar sent communications, including but not limited to EightStar's Documents Bates labeled as E000013 – E00014; E00032-E00041, in which it encouraged the continued use of HOF's Marks.

<u>INTERROGATORY NO. 10</u>

Identify all persons who have knowledge of the facts upon which you base your contention that EightStar has instigated and/or directed Grimball, E.R. Sawyer Jewelers Corp. and/or the Jewelry Source to misappropriate the good will of HOF's Marks.

<u>ANSWER TO NO. 10</u>

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Additionally, HOF objects to the extent that this request seeks information specifically within EightStar's knowledge, and outside of HOF's knowledge. Further, HOF objects to this request to the extent that it is vague, ambiguous and overbroad. In addition, HOF objects to this request as it is a compound interrogatory that amounts to more than one request and, as a result, EightStar has served a number of interrogatory requests that exceed that allowed by the rules of civil procedure and local rules. Subject to and without waiving its objections, HOF incorporates by reference its response to Interrogatory No. 9. Without waiving its objections, HOF further identifies all persons that received the communications contained in documents designated in EightStar's production as E00013 – E000014; E00032 – E00041; as well as all persons receiving or reviewing documents Bates labeled H 054330 – H 054339.

- 13 -

INTERROGATORY NO. 11

Describe each instance that you contend EightStar, on its own and not through the actions of a retailer, misappropriated any of HOF's marks.

ANSWER TO NO. 11

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous and overbroad. Further, HOF objects to this request on the basis that EightStar misstates the claims brought against it because EightStar misappropriated the Marks through its concerted action with its retailers, in which it induced, encouraged, directed and/or assisted such retailers to use the Marks, and mislead the retailers that they could properly use the Marks. Furthermore, these coordinated efforts of EightStar allowed it to receive the benefits of sales of its merchandise through those retailers using the Marks. Subject to and without waiving its objections, HOF incorporates by reference its response to Interrogatory Nos. 3, 6, and 9.

INTERROGATORY NO. 12

State the date(s) of occurrence of each instance that you contend EightStar, on its own and not through the actions of a retailer, misappropriated any of HOF's marks.

ANSWER TO NO. 12

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF incorporates by reference its response to Interrogatory No. 11.

INTERROGATORY NO.13

State the basis for the allegations that EightStar, Grimball, E.R. Sawyer, or The Jewelry Source have caused or was likely to cause confusion with HOF's Marks including, but not

limited to, identifying each event upon which any person or entity has been confused, mistaken or deceived in any way as to the identity or source of HOF diamonds.

ANSWER TO NO. 13

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF incorporates by reference its response to Interrogatory Nos. 3, 6, and 9.

INTERROGATORY NO. 14

For each of HOF's Marks, describe in detail the channels of commerce in which the marks have been used, including without limitation by identifying the geographical extent of plaintiffs' promotion and sale of HOF's goods and services under the Marks, the dates of first advertising using each of the HOF Marks, first offer for sale under each of the HOF Marks, first sale under each of the HOF Marks, and the last advertising and last sale in each such geographical area.

ANSWER TO NO. 14

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. In addition, HOF objects to this request to the extent that it is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, HOF objects to this request as it is a compound interrogatory that amounts to more than one request and, as a result, EightStar has served a number of interrogatory requests that exceed that allowed by the rules of civil procedure and local rules. Subject to and without waiving its objections, HOF incorporates by reference its response to Interrogatory No. 3. Further, HOF states that the promotion of HOF's marks has included

extensive advertising and publicity in magazines and catalogues of national circulation that reach consumers of wedding related products, as well as participants in the jewelry industry. Additionally, HOF products, as well as articles about HOF and its products, have been featured in magazines and publications of national circulation that reach consumers of wedding related products, as well as participants in the jewelry industry. The promotion of HOF's marks has also included extensive publicity and product placement in connection with major entertainment events of national significance. Exemplars of such advertising and promotion may be found in documents Bates labeled nos. H 004234 -- H 054142 of HOF's production of documents. All of these promotional opportunities involve instances in which one of the two Marks, The Most Perfectly Cut Diamond in the World®, or The World's Most Perfectly Cut Diamond®, are used and/or displayed.

INTERROGATORY NO. 15

State the basis that HOF disclaimed a portion of the HOF Marks.

ANSWER TO NO. 15

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, overly broad and unintelligible. Subject to and without waiving its objections, HOF states that the disclaimers filed with the U.S. Patent and Trademark Office speak for themselves. In addition, and again, without waiving its objections, HOF states that a portion of the Marks were disclaimed in accordance with a provision of the Settlement Agreement with the Jewelers' Vigilance Committee. The specific terms of that agreement are subject to confidentiality provisions by which HOF is currently unable to disclose any further information on this matter.

<u>INTERROGATORY NO. 16</u>

Does HOF contend that EightStar infringed any of the HOF marks, and if so, state the basis for this contention.

<u>ANSWER TO NO. 16</u>

HOF hereby restates and incorporates its General Objections as if fully set forth herein. In addition, HOF objects to this request as it is a compound interrogatory that amounts to more than one request and, as a result, EightStar has served a number of interrogatory requests that exceed that allowed by the rules of civil procedure and local rules.  Subject to and without waiving its objections, HOF states that EightStar has infringed upon HOF's Marks, and as a basis incorporates by reference its responses to Interrogatory Nos. 3, 6, and 9.

<u>INTERROGATORY NO. 17</u>

Please state with particularity HOF's basis, statutory or otherwise, for requesting its attorneys' fees in this matter.

<u>ANSWER TO NO. 17</u>

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, overly broad. Subject to and without waiving its objections, HOF states that the intentional and repeated conduct of EightStar, pursuant to 15 U.S.C. § 1117(a) and M.G.L. c. 93A, § 11, provides the basis for HOF's request for attorney's fees in this matter.  As a basis for EightStar's intent, HOF incorporates by reference its responses to Interrogatory Nos. 3, 6, 9, as well as the fact that EightStar initiated opposition proceedings at the USPTO concerning HOF's Marks by filing an extension of time to oppose the Marks.

INTERROGATORY NO. 18

If your response to Request for Admission No. 1 is not an unqualified admission, state all facts upon which you base your denial, in whole or in part, to Request for Admission No. 1.

ANSWER TO NO. 18

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Subject to and without waiving its objections, HOF states that its response to Admission No.1 was an unqualified admission.

INTERROGATORY NO. 19

If your response to Request for Admission No. 3 is not an unqualified admission, state all facts upon which you base your denial, in whole or in part, to Request for Admission No. 3.

ANSWER TO NO. 19

HOF hereby restates and incorporates its General Objections as if fully set forth herein. HOF further objects by incorporating by reference its objections to its Response to Admission No. 3.

INTERROGATORY NO. 20

Identify each retailer of EightStar diamonds who you contend ever engaged in any activity that constituted a misappropriation of any of HOF's marks.

ANSWER TO NO. 20

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, overly broad and unduly burdensome. In addition, HOF objects to this request to the extent that it is not relevant to the subject matter of this action and not reasonably calculated to lead to the discovery of

admissible evidence.  Subject to and without waiving its objections, HOF states that discovery has just begun, however at this stage of the litigation it can identify the following retailers of EightStar:  E.R. Sawyer Jewelry Corporation, The Jewelry Source, and GRS Jewelers, Inc. d/b/a Grimball & Stokes Jewelers a/k/a Grimball Jewelers.

INTERROGATORY NO. 21

State the basis for your contention that EightStar has engaged in unfair and deceptive practices.

ANSWER TO NO. 21

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, and overly broad. Subject to and without waiving its objections, HOF incorporates by reference its responses to Interrogatories No. 3, 6, and 9.

INTERROGATORY NO. 22

Describe all conduct by EightStar that you contend constitutes an unfair or deceptive practice.

ANSWER TO NO. 22

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, overly broad, unduly burdensome and duplicative of Interrogatory No. 21.  Subject to and without waiving its objections, HOF incorporates by reference its responses to Interrogatories No. 3, 6, and 9.

INTERROGATORY NO. 23

State the date(s) of each instance of an unfair or deceptive practice by EightStar.

ANSWER TO NO. 23

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous, and overly broad. Subject to and without waiving its objections, HOF incorporates by reference its responses to Interrogatories No. 3, 6, and 9.

INTERROGATORY NO. 24

Describe each instance that you contend constituted a misappropriation of any of HOF's marks by a retailer of EightStar diamonds.

ANSWER TO NO. 24

HOF hereby restates and incorporates its General Objections as if fully set forth herein. Further, HOF objects to this request to the extent that it is vague, ambiguous and overbroad. Subject to and without waiving its objections, HOF incorporates by reference its responses to Interrogatory No. 3, 6, 9.

INTERROGATORY NO. 25

State the date(s) of each instance that you contend constituted a misappropriation of any of HOF's marks by a retailer of EightStar diamonds.

-20-

<u>ANSWER TO NO. 25</u>

HOF hereby restates and incorporates its General Objections as if fully set forth herein.

Further, HOF objects to this request to the extent that it is vague, ambiguous and overbroad.

Subject to and without waiving its objections, HOF incorporates by reference its responses to

Interrogatory No. 3, 6, 9.

Respectfully Submitted,

HEARTS ON FIRE COMPANY, LLC

I, Gailyc C. Sonia, of Hearts On Fire Company
LLC, hereby declare under the penalties of perjury
that the foregoing Responses to Interrogatories are
true and accurate.

As to objections,

Robert P. Sherman, Esq. (BBO #548540)
Mark D. Robins, Esq. (BBO #559933)
Stephen M. LaRose, Esq. (BBO #654507)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
617-345-1000

September 16, 2005