UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HEARTS ON FIRE COMPANY, LLC,

    Plaintiff,

v.

EIGHTSTAR DIAMOND COMPANY and
GRS JEWELERS, INC.,

    Defendants.

CIVIL ACTION NO. 04 12258-JLT

## AFFIDAVIT OF GLEN ROTHMAN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

I, Glen Rothman, hereby depose and state as follows:

1. I am the CEO and founder of Hearts On Fire Company, LLC ("HOF"). I make the following statements based upon my personal knowledge and my review of records kept in the ordinary course of HOF's business.

2. HOF was originally founded in 1978 as Di-Star, Ltd. HOF adopted its present name in 1996, when it commenced using the Hearts On Fire® mark in connection with the sale and advertising of diamonds and jewelry.

3. HOF is a leader in the distribution of branded diamonds—i.e., diamonds that are identified by source-designating trademarks, which are extensively promoted.

4. HOF's diamonds are cut to display a "hearts and arrows" pattern—that is, a pattern of eight symmetrical hearts, when viewed from the bottom under magnification, and a pattern of eight symmetrical arrows pointing to the outer edge of the diamond, when viewed from the top under magnification.

~BOST1:412542.v1 |3/30/06
358833-1

5.  HOF sells to authorized retailers at numerous locations throughout the United States.

6.  EightStar Diamond Company ("EightStar") and HOF are direct competitors and operate in the same markets. They both sell diamonds that are cut to display the "hearts and arrows" pattern to retailers that sell to consumers at various locations across the United States.

7.  Since January 1, 1997, HOF has used the marks "The World's Most Perfectly Cut Diamond" and "The Most Perfectly Cut Diamond in the World" in connection with the distribution and the sale of jewelry and diamonds.

8.  HOF filed five applications with the United States Patent and Trademark Office ("USPTO") in August 2001 to register the marks "The World's Most Perfectly Cut Diamond" and "The Most Perfectly Cut Diamond in the World" in connection with certain goods and services.

9.  The USPTO's examining attorneys approved each of the applications for publication in the Official Gazette in order for the marks to be registered.

10. On May 31, 2005, HOF's marks, "The World's Most Perfectly Cut Diamond" and "The Most Perfectly Cut Diamond in the World," were registered in International Registry 14 as numbers 2,956,851 and 2,956,854 respectively. Attached as <u>Exhibit A</u> is a true and accurate copy of "The World's Most Perfectly Cut Diamond" registration assignment information. Attached as <u>Exhibit B</u> is a true and accurate copy of "The Most Perfectly Cut Diamond in the World" registration assignment information.

11. HOF learned in early April 2004 that an EightStar dealer, E.R. Sawyer, was using HOF's trademark "The World's Most Perfectly Cut Diamond" to link customers to EightStar diamond merchandise on its web site. After sending E.R. Sawyer a cease and desist letter, HOF

commenced an action against E.R. Sawyer on May 14, 2004 to stop E.R. Sawyer from using HOF's marks. Attached as <u>Exhibit C</u> is a true and accurate copy of the cease and desist letter.

12. Shortly thereafter, E.R. Sawyer entered into a Consent Judgment and Permanent Injunction prohibiting E.R. Sawyer from continuing to use "The World's Most Perfectly Cut Diamond" or any other confusingly similar designation to HOF's trademarks or service marks. Within just a month after the Consent Judgment and Permanent Injunction was entered in the E.R. Sawyer case, HOF learned in July 2004 that yet another EightStar retailer, The Jewelry Source, was using the phrase "the world's most perfectly cut diamond" on its web site to promote EightStar diamonds. The Jewelry Source's web site stated that "[a]t the Jewelry Source, you'll find the world's most perfectly cut diamond: The EightStar (tm)."

13. On July 22, 2004, HOF sent a letter to The Jewelry Source demanding that it cease and desist from using the phrase "The World's Most Perfectly Cut Diamond." Attached as <u>Exhibit D</u> is a true and accurate copy of a letter from HOF to The Jewelry Source dated July 22, 2004.

14. On July 27, 2004, The Jewelry Source responded to HOF with written confirmation that it had ceased using the phrase "The World's Most Perfectly Cut Diamond." Attached as <u>Exhibit E</u> is a true and accurate copy of a letter from The Jewelry Source to HOF dated July 27, 2004.

15. Four months after HOF resolved The Jewelry Source's infringing use of HOF's marks and five months after the preliminary injunction was entered in the E.R. Sawyer case, HOF learned that a third EightStar retailer, Grimball Jewelers, was also infringing upon HOF's marks and publishing on its web site the designation "[t]he most perfectly cut diamonds in the world" to describe EightStar's diamonds.

16. Grimball's web site contained a link entitled "EightStar Diamonds" with this phrase displayed below that link: "The most perfectly cut diamonds in the world. Only 2000 are cut each year." Grimball's web site also contained a link entitled "Links." Upon choosing that link, customers were directed to a page on Grimball's web site with the EightStar company logo, a link to EightStar Diamonds' web site, and the following phrase: "The most perfectly cut diamonds in the world. Only 2000 are cut each year." Customers choosing the link to EightStar Diamonds were immediately directed to EightStar's website.

17. On October 14, 2004, HOF sent a letter through its outside counsel to Grimball demanding that it cease and desist from its use of the designation "The most perfectly cut diamonds in the world" and that Grimball confirm in writing by October 21, 2004 that Grimball would comply with HOF's demands. Attached as <u>Exhibit F</u> is a true and accurate copy of the letter from HOF to Grimball dated October 14, 2004 and a true and accurate copy of a print out from the Grimball web site.

18. Although Grimball removed the reference to "The most perfectly cut diamonds in the world" contained on one of its web sites, it did not remove the infringing material contained on its web site on the page located at www.grimballjewelers.com/links.html.

19. Despite Grimball's subsequent representation that it would remove the infringing material, Grimball did not and in December 2004, HOF amended its complaint in this action to add GRS Jewelers, Inc. (which does business as "Grimball").

20. On or about September 27, 2005, Grimball entered into a Consent Judgment and Permanent Injunction with HOF prohibiting Grimball from using HOF's marks, including, without limitation, the phrase: "The most perfectly cut diamonds in the world."

Signed and sworn under the penalties of perjury this 29th day of March, 2006.

_____