UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEARTS ON FIRE COMPANY, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EIGHT STAR DIAMOND COMPANY and GRS JEWELERS, INC.,<br><br>    Defendant. | Civil Action No.: 04 12251 JLT<br><br>CONSENT JUDGMENT AND PERMANENT INJUNCTION |

In order to effectuate and implement the Settlement Agreement by and between the Plaintiff Hearts On Fire Company, LLC and Eightstar Diamond Co. ("Eightstar") (a copy of which is attached; hereinafter referred to as "Settlement Agreement"); and because the parties have submitted themselves to the Court's jurisdiction; and because the Court has found that entry of this Consent Judgment and Permanent Injunction is necessary and proper to consummate the settlement of this action.

NOW, THEREFORE, upon agreement of the parties, it is ORDERED, ADJUDICATED, and DECREED as follows:

1.      Eightstar and its agents, servants, employees, successors, and assigns, are hereby ENJOINED, except as provided in Section 4 below, from engaging in the following activities or encouraging, directing, aiding or abetting others to engage in the following activities: publishing, using, displaying, publicly distributing, transmitting to the public, disseminating (whether in person or through any medium now known or that may hereafter be created) the following marks (the "Marks"):  THE WORLD'S MOST PERFECTLY CUT DIAMOND® and THE MOST PERFECTLY CUT DIAMOND IN THE WORLD®, without regard for the use of

- 2 -

capital or lower case letters, the use of plural or singular forms of any of the foregoing words, or the use of apostrophes or punctuation in connection with any of the foregoing words, including, without limitation, the phrase "The most perfectly cut diamonds in the world."

2. This Court shall retain continuing jurisdiction over the parties for the purpose of entering enforcement orders of this Consent Judgment and Permanent Injunction and enforcing the Settlement Agreement.

3. Except insofar as the parties have stipulated to the entry of permanent injunctive relief in favor of HOF and against Eightstar in this action, all claims are hereby dismissed with prejudice. Each party shall bear its own costs.

4. Nothing in this Order shall prohibit Eightstar from referencing the Marks as those belonging to HOF in connection with any lawful comparative or competitive advertising.

DATED this 12th day of December, 2006.

- 3 -

                          HEARTS ON FIRE COMPANY LLC,

                          By its attorneys,

                          _____
                          Robert P. Sherman, Esq.
                          DLA PIPER US LLP
                          33 Arch Street, 26th Floor
                          Boston, MA 02110-1447
                          Telephone:   617.406.6000
                          Facsimile:    617.406.6100

Consented and Agreed to:

EIGHTSTAR DIAMOND COMPANY

By its attorneys,

_____
James L. Phillips, admitted pro hac vice
MILLER NASH LLP
601 Union Street
Seattle, WA 98101
Telephone:   206.622.8484
Facsimile:    206.622.7485

Dated: November 12, 2006

SO ORDERED:

Dated: _____    _____
                                                      United States District Court
                                                      District of Massachusetts

BOST1\450000.3

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is made this 28th day of November, 2006, by and between Hearts On Fire Company, LLC ("HOF"), a Massachusetts Limited Liability Company, with a principal place of business in Boston, Massachusetts, and EightStar Diamond Co., a California corporation ("EightStar"), with a principal place of business in Cotati, California (individually, HOF and EightStar shall each be referred to as a "Party" and, collectively, they shall be referred to as the "Parties").

WHEREAS, a dispute has arisen between HOF and EightStar as stated in the Amended Complaint styled Hearts On Fire Company, LLC v. EightStar Diamond Corp. and GRS Jewelers, Inc. (United States District Court for the District of Massachusetts, Civil Action No. 04-12258JLT) (the "Litigation");

WHEREAS, EightStar has filed Opposition No. 91165491 to the registration of HOF's trademark application U.S. Application Serial No. 78/078,312 for THE WORLD'S MOST PERFECTLY CUT DIAMOND in Class 35 and Opposition No. 91172115 to the registration of HOF's trademark application U.S. Application Serial No. 78/078,313 for THE MOST PERFECTLY CUT DIAMOND IN THE WORLD in Class 35 (the "Oppositions").

WHEREAS, HOF and EightStar desire to resolve the Litigation and the Oppositions, in accordance with the terms of this Settlement Agreement;

NOW THEREFORE, in consideration of the mutual covenants and undertakings herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. <u>Procedure and Payment</u>.

The Parties to this Settlement Agreement will execute two duplicate originals of this Settlement Agreement. The Parties will also simultaneously execute a Consent Judgment and Permanent Injunction ("Consent Judgment"), in the form attached hereto as Exhibit 1.

Upon execution of the duplicate originals of this Settlement Agreement and the Consent Judgment, HOF shall file the Consent Judgment with the court where the Litigation is pending. A copy of this Settlement Agreement as executed shall be attached to the Consent Judgment as filed.

EightStar agrees to pay HOF $50,000 as provided herein. Within seven business days following execution of this Settlement Agreement, EightStar shall provide HOF with a check payable to Hearts On Fire Company, LLC in the amount of $10,000. In addition, starting on January 15, 2007 and continuing on the 15th day of each month until EightStar pays HOF the balance of $40,000, EightStar will pay HOF $2,000 per month.

2. Opposition Proceedings by EightStar.

Upon execution of duplicate originals of the Settlement Agreement and the Consent Judgment, EightStar will withdraw with prejudice the Oppositions at the USPTO.

3. Release by HOF.

Effective upon payment of the $50,000 amount in Paragraph 1 HOF, on behalf of itself and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, releases and forever discharges EightStar and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns from any and all claims, debts, demands, actions, causes of action, damages, liabilities, defenses, suits, dues, sum and sums of money, accounts, and controversies which HOF and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns ever had, now have, or claim to have against EightStar and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns (the "Released Parties"), that were alleged in the Litigation or in the Oppositions or are dismissed pursuant to the Consent Judgment, provided, however, that the foregoing release does not apply to the following: (i) any claim, cause of action, or remedy for breach of this Settlement Agreement; (ii) HOF's right to obtain entry of the Consent Judgment and to any rights afforded to HOF by the Consent Judgment; (iii) any claim, cause of action, or remedy available to HOF for any violation of the Consent Judgment which occurs on or after the date on which the Consent Judgment is entered.

4. Release by EightStar.

EightStar, on behalf of itself and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, releases and forever discharges HOF and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns from any and all claims, debts, demands, actions, causes of action, damages, liabilities, defenses, suits, dues, sum and sums of money, accounts, and controversies which EightStar and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns ever had, now have, or claim to have against HOF and its officers, directors, agents, servants, employees, parents, subsidiaries, affiliates, representatives, attorneys, insurers, successors, and assigns, that were alleged in the Litigation or in the Oppositions or are dismissed pursuant to the Consent Judgment.

5. Attorney's Fees.

In the event of any action to enforce this Settlement Agreement or the Consent Judgment, the Prevailing Party shall be entitled to recover attorneys' fees and costs incurred in connection with such action. In the event that no Complaint or pleading is filed, no attorney's fees will be awarded.

6. <u>Representations and Warranties</u>.

Each Party to this Settlement Agreement represents and warrants to one another that:

    (a)    Such Party has read and understood this Settlement Agreement;

    (b)    Such Party has entered into this Settlement Agreement voluntarily;

    (c)    Such Party has entered into this Settlement Agreement for reasons of its own, and not based upon the representation of any person, except as contained in this Settlement Agreement;

    (d)    Such Party has had the right and opportunity to retain counsel.

7. <u>Entire Agreement</u>.

This Settlement Agreement, including Exhibit 1, constitutes the entire agreement between the Parties concerning resolution of the issues identified in the Complaint and those which are being released herein and it is expressly understood and agreed that this Settlement Agreement may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by each of the Parties to this Settlement Agreement. Each of the Parties to this Settlement Agreement hereby covenants, acknowledges, and agrees that no claim will be made at any time or place that this Settlement Agreement has been orally altered or modified in any respect.

8. <u>No Admission of Liability</u>.

This Settlement Agreement is not an admission by either Party of any liability whatsoever, but is a compromise of a disputed claim.

9. <u>Confidentiality; Advertising and Marketing</u>.

The Parties agree to maintain the Confidentiality of the Settlement Agreement and not to publish, disclose, release, or share the information contained herein with third-parties, except to the extent required by law, including in connection with such Party's discovery obligations in any judicial or administrative proceeding, provided such Party takes reasonably available measures to limit further disclosure by any recipient(s) of such documents. Nothing in this Paragraph shall prevent either Party from offering this Settlement Agreement into evidence in any judicial or administrative proceeding. Furthermore, nothing in this Paragraph shall prevent either Party from disclosing this Settlement Agreement in connection with any audit of such Party. The Parties specifically agree to refrain from referencing the claims brought against Eightstar in the Litigation, the Oppositions, and/or the issues addressed in this Settlement Agreement and/or in the Consent Judgment in advertising, marketing, promotional, public relations, or sales materials.

10. <u>Authority to Enter in Agreement</u>.

Any individual executing this Settlement Agreement on behalf of an Party to this Settlement Agreement represents and warrants that such individual is duly authorized to enter

into this Settlement Agreement on behalf of that Party and that this Settlement Agreement binds that Party.

11. <u>No Assignment</u>.

Each of the Parties to this Settlement Agreement warrants that there has been no assignment, transfer, or other disposition of any of the claims that were asserted or could have been asserted in the Litigation or that are the subject of the releases set forth herein, and each of the Parties warrants that it is entitled to give a full and complete release of all such matters.

12. <u>Successors and Assigns</u>.

This Settlement Agreement shall inure to the benefit of, and be binding upon, the Parties to this Settlement Agreement and their successors and assigns.

13. <u>Severability</u>.

In the event that any individual provision of this Settlement Agreement is held to be unenforceable, the other provisions of this Settlement Agreement shall remain in full force and effect.

14. <u>Choice of Law; Venue; Personal Jurisdiction</u>.

This Settlement Agreement, and any dispute arising out of, or relating to, this Settlement Agreement, shall be governed by the laws of the Commonwealth of Massachusetts. The Parties agree to submit to the continuing exclusive jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing or resolving any dispute arising out of, or relating to, this Settlement Agreement and the Consent Judgment. Each Party consents to personal jurisdiction and venue in the state or federal courts in Massachusetts in connection with any dispute governed by this Paragraph.

Entered as an instrument under seal:

**HEARTS ON FIRE COMPANY, LLC**

By: _____

Its: CEO

Dated: 12/5/06

**EIGHTSTAR DIAMOND CO.**

By: _____

Its: VICE PRESIDENT

Dated: 11/28/06

- 5 -

BOST1\450069.3
358833-1

**EXHIBIT 1**

BOST1\450069.3
358833-1